ORIGINAL

RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
677 Ala Moana Blvd., Suite #614
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (808) 295-6733
Email: ngord2000@yahoo.com

KEVIN O'GRADY (HI Bar No. 8817)
The Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite #704
Honolulu, HI 96813
Telephone: (808) 521-3367
Facsimile: (808) 521-3369
Email: Kevin@criminalandmilitarydefensehawaii.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 30 2011

at ____ o'clock and ____ min. ____ M.
SUE BEITIA, CLERK

Attorneys for Plaintiff Christopher Baker

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>         Plaintiff,<br><br>vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police;<br>STATE OF HAWAII;<br>CITY AND COUNTY OF HONOLULU;<br>HONOLULU POLICE DEPARTMENT;<br>NEIL ABERCROMBIE, in his official capacity as Hawaii Governor,<br><br>         Defendants. | CASE NO. CV11 00528 ACK KSC<br><br>COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, DECLARATORY AND FOR INJUNCTIVE RELIEF, AND PRELIMINARY INJUNCTION. |

## COMPLAINT FOR DEPRIVATION OF
## CIVIL RIGHTS DECLARATORY AND FOR
## INJUNCTIVE RELIEF, AND PRELIMINARY INJUNCTION

COMES NOW the Plaintiff, Christopher Baker ("Mr. Baker"), by and through the undersigned counsel, and complains of the Defendants as follows:

## INTRODUCTION

1.      Plaintiff Mr. Baker is a natural person and a citizen of the United States, State of Hawai'i and a resident of Honolulu County.  Mr. Baker has been deprived of liberty and property in violation of the Second, Fifth and Fourteenth Amendments of the United States Constitution.

2.      This action arises from Hawai'i's ban on transporting and bearing firearms.  A license to carry is the only means by which Mr. Baker could bear a firearm and/or ammunition, whether openly or concealed, even within his own home, for the purpose of self-defense, proficiency training, or other protected purposes.  Mr. Baker is a law-abiding citizen who is fit and qualified to bear arms. Mr. Baker applied for a license to carry a firearm, pursuant to Section 134-9 of the Hawai'i Revised Statutes ("HRS").  However, the application was denied by the Defendant, Chief of Police Louis Kealoha ("Defendant Kealoha"), without providing Mr. Baker with a meaningful opportunity to be heard, a reason or explanation for the denial, or any opportunity for further review.

3.      The right to bear operational firearms and ammunition, and other weapons in common use for lawful purposes is a fundamental constitutional right guaranteed by the Second Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States Constitution.  Should Mr. Baker bear or transport a firearm outside of an enclosed container in Hawaiʻi, Mr. Baker would face criminal prosecution because such bearing and/or transporting constitutes a Class B or C felony pursuant to Hawaiʻi state law.  The core of the Second Amendment is the right for law-abiding citizens to protect themselves.  Yet, the law of Hawaiʻi prohibits the carrying and even possession of less-than-lethal weapons commonly used in the militia or by the people for lawful purposes, such as extendable batons and electric guns, as well as operational and loaded firearms.  Thus, the denial of Mr. Baker's application for a license to carry violated and continues to deprive Mr. Baker of the fundamental constitutional rights guaranteed by the Second Amendment and made applicable to the states by the Fourteenth Amendment to the United States Constitution as Mr. Baker is deprived of any means to protect himself.

4.      Furthermore, Mr. Baker was deprived of the minimal protection of Due Process of law, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, in addition to the rights described above.  Hawaiʻi law vests absolute discretion in Defendant Kealoha, a Defendant in this action, to

determine whether a law-abiding citizen may exercise his or her Second Amendment rights incorporated to the states by the Fourteenth Amendment to the United States Constitution. There is no legislative directive as to when or to whom a license should be issued. Moreover, there is no meaningful opportunity for an applicant, such as Mr. Baker, to be heard. There is also no means for that applicant to seek further review following the denial of the application. Thus, an applicant can seek no administrative, judicial or appellate review of Defendant Kealoha's decision. In fact, no reasons for the denial were ever provided to Mr. Baker.

5.     Additionally, the laws of Hawai'i pertaining to the right to bear arms is unconstitutionally restrictive and deprives Mr. Baker of his fundamental constitutional rights guaranteed by the Second and Fourteenth Amendments. For example, Defendant Kealoha is only authorized to issue licenses in "exceptional cases" or "where a need or urgency has been sufficiently indicated." Haw. Rev. Stat. § 134-9. And, it is a felony in Hawai'i for a citizen to bear a firearm, whether "open" or concealed without such a license. Haw. Rev. Stat. §§ 134-9(c), 23 – 26. It is even a felony to transport a firearm in places where, depending on the transporter's destination, such transportation is sometimes, but not always, prohibited. See id. Additionally, it is a misdemeanor to merely carry or transport ammunition. Haw. Rev. Stat. § 134-27. It is also a misdemeanor to carry less-

than-lethal weapons such as extendable batons, or even possess less-than-lethal weapons such as electric guns. Haw. Rev. Stat. §§ 134-16, 51.

6.        Again, the core of the rights protected by the Second Amendment and made applicable to the States pursuant to the Fourteenth Amendment is the right to self-defense. Yet, pursuant to Hawai'i law, should Mr. Baker use a firearm or even a less-than-lethal weapon in protecting himself or a third person or for other protected purposes, such as proficiency training, Mr. Baker faces prosecution. Haw. Rev. Stat. §§ 134-9, 25, 26.

7.        Thus, Mr. Baker continues to be deprived of his Second and Fourteenth Amendment Rights due to the denial of his application for a license to carry, unconstitutional restrictions, criminalization, and outright prohibition of bearing and transporting firearms, ammunition and less-than-lethal weapons.

8.        Accordingly, Mr. Baker seeks declaratory and injunctive relief, damages, attorney's fees, all applicable statutory damages, fees or awards to which he may be entitled, and costs.

## THE PARTIES

9.        Plaintiff Mr. Baker is a natural person and a citizen of the United States, who at all material times herein did reside in Honolulu, Hawai'i. Mr. Baker continues to reside in Honolulu, Hawai'i.

10. Defendant State of Hawai'i is a state entity organized under the U.S. Constitution and laws of the United States of America. The State of Hawai'i is responsible for executing, administering, and enforcing the policies, customs, laws and practices complained in this civil action. The State of Hawai'i possesses legal personhood as defined in the meaning of 42 U.S.C. § 1983.

11. Defendant City and County of Honolulu is a governmental entity organized under the constitution and laws of the State of Hawai'i. The City and County is responsible for executing, administering, and enforcing the policies, customs, laws and practices complained in this civil action. The county possesses legal personhood as defined in the meaning of 42 U.S.C. § 1983.

12. Defendant Honolulu Police Department is a government entity organized under the constitution and laws of the State of Hawai'i. The Honolulu Police Department is responsible for enforcing, executing and administering the policies, customs, laws and practices complained of in this civil action.

13. Defendant Neil Abercrombie is the Governor of the State of Hawai'i. In that capacity he is responsible for the execution and enforcement of the Hawai'i Revised Statutes complained of in this action, and as such, he is now sued in his official capacity as Governor of the State of Hawai'i.

14. Defendant Louis M. Kealoha is the Chief of Police for the Honolulu Police Department. Defendant Kealoha is responsible for administering,

executing, and enforcing the State laws and the Honolulu Revised Statutes at issue within this action.  Defendant Kealoha has sole discretion in approving or denying the permits which are brought into question within this action, and has enforced the laws within this action, as recently as September 16th, 2010.  Defendant Kealoha is being sued as an individual and in his official capacity as Chief of Police, at the Honolulu Police Department.

## JURISDICTION

15.       As these claims relate to the invidious laws of the State of Hawai'i, Mr. Baker has no available remedy pursuant to the law of the State of Hawai'i. Jurisdiction properly lies within this court pursuant to 42 U.S.C. § 1983.

16.       Additionally, Mr. Baker's rights, guaranteed by the Second, Fifth, and Fourteenth Amendments to the United States Constitution, have been and continue to be violated.  Accordingly, jurisdiction properly lies within this court pursuant to 42 U.S.C. § 1983.

17.       Pursuant to 28 U.S.C. § 1331, 1343, 2201 and 2202 the district court holds jurisdiction over this matter.

## VENUE

18.       Venue lies in this District court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

### A. Background

19.     The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

20.     States retain the ability to regulate the commercial sale of arms, some aspects pertaining to the manner of carrying handguns, prohibit the carrying of handguns in specific, narrowly defined sensitive places, prohibit the carrying of unusual arms that are not within the scope of Second Amendment protection, and disqualify specific, particularly dangerous individuals from carrying handguns.

21.     States may not completely ban the carrying of handguns for self-defense, deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary and capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

### B. Violations of Plaintiffs' Right to Bear Arms

22.     Pursuant to Hawai'i law, Mr. Baker is prohibited from carrying, bearing or even transporting firearms, ammunition, and effective non-lethal weapons such as electric guns ("Tasers") and extendable batons despite the widespread, historical and common use of all of those weapons by American

citizens, various military, National Guard, and security organizations, as well as law enforcement entities and organizations throughout the United States.

23.     Unless the bearer or transporter is either exempt or obtains a license to carry pursuant to HRS § 134-9, merely transporting firearms in closed containers, except to specific destinations defined in the statute, is a felony in Hawai'i.  Haw. Rev. Stat. §§ 134-9(c), 23 – 26.  Bearing firearms for the purpose of self-defense is also a felony.  *Id.*  Merely carrying or transporting ammunition is a misdemeanor. Haw. Rev. Stat. § 134-27.   And, bearing less-than-lethal weapons, specifically Tasers and extendable batons, is also a misdemeanor.  Haw. Rev. Stat. §§ 134-16 – 17, 51.

24.     The limited exemptions to these criminal statutes are defined in Section 134-11 of the Hawai'i Revised Statutes.  Those exemptions apply only to military personnel, mail carriers, and federal and state employees while engaged in duties requiring them to be armed.  Haw. Rev. Stat. § 134-11.  There is also a broad exemption for law enforcement officers.  Haw. Rev. Stat. § 134-11.  This exemption for active law enforcement officers also extends to electric guns.  Haw. Rev. Stat. § 134-16.

25.     Because none of these exemptions apply to Mr. Baker, at least outside of the scope of his duties as a member of the United States Navy, should Mr. Baker exercise his right to bear arms without first obtaining a license to carry, Mr. Baker

would commit a Class B or C felony.  Haw. Rev. Stat. §§ 134-23 – 26.  Should Mr. Baker possess an electric gun or extendable baton, Mr. Baker would be guilty of a misdemeanor.  Haw. Rev. Stat. § 134-17, 51.

26.    In fact, Mr. Baker faces severe criminal punishment if he so much as:

- Possesses or exercises control of a loaded firearm, Haw. Rev. Stat. § 134-23;

- Transports an unloaded firearm to places other than:  a place of repair, a target range, a licensed dealer's place of business, a firearms show or exhibit, a place of formal hunter or firearm use training or instruction, or a police station, Haw. Rev. Stat. § 134-23;

- Transports an unloaded firearm outside an enclosed container, Haw. Rev. Stat. § 134-25;

- Stores a weapon in his personal vehicle, Haw. Rev. Stat. § 134-25;

- Transports a firearm on a public highway, Haw. Rev. Stat. § 134-26; and

- Transports ammunition outside of an enclosed container, Haw. Rev. Stat. § 134-2;

- Bears a firearm within his home.  Haw. Rev. Stat. § 134-24 (dictates that a firearm must be confined to a possessor's residence or sojourn, and further makes the carrying or possession of a firearm other than a

- 9 -

pistol a class C felony without any exception for carrying within the home); Haw. Rev. Stat § 25 (prohibits possession or carrying of pistols outside of an enclosed container, under penalty of a class B felony, again with no exception for carrying within the home); and

- Uses a handgun for proficiency training such as target practice. Haw. Rev. Stat. § 134-5 (which authorizes a person to carry and use *only* a *rifle* or *shotgun* when engaged in target shooting, but *not* a pistol or handgun).

27.     Each of these restrictions and prohibitions are unconstitutional in that they are unduly restrictive, constitute unreasonable prohibitions or regulations, and prevent Mr. Baker from exercising his fundamental rights guaranteed by the Second Amendment.

28.     Mr. Baker fears arrest and prosecution should he exercise his fundamental constitutional right to bear firearms and ammunition, or any other less-than-lethal weapons commonly employed by the people of the militia for lawful purposes.

29.     But for the lack of a permit to carry a firearm, Mr. Baker would carry an operational firearm in public for lawful purposes.

### B.  Allowing Defendant Kealoha to exercise absolute discretion in determining whether Mr. Baker may exercise his fundamental constitutional right, is a violation of Mr. Baker's due process rights.

30.      Section 134-9 of the Hawai'i Revised Statutes permits, "[i]n an exceptional case," the Chief of Police to grant a license permitting the concealed bearing of firearms to qualified applicants.

31.      HRS §134-9 also permits, "where the urgency or the need has been sufficiently indicated," the Chief of Police to grant a license permitting the unconcealed or "open" carrying of firearms to qualified applicants who "are engaged in the protection of life and property."

32.      Section 134-9 vests absolute discretion with the Chief of Police to determine not only whether the applicant is qualified, but also to determine whether "an exceptional case" exists and, in the case of an "open" carry application, whether "the urgency or the need has been sufficiently indicated."

33.      Other than completing a basic form application, the applicant has no opportunity to participate in the decision-making process; to present his or her position on whether the application should be issued; or to demonstrate his or her fitness and qualifications.

34.      There is no guidance in Chapter 134 to assist the Chief of Police in determining whether an "exceptional case" exists, or whether an "urgency or need has been sufficiently indicated."   There is not even a requirement that any

procedures be adopted by the police chiefs, themselves, to determine whether an "exceptional case" exists, whether an "urgency or need has been sufficiently indicated," or to otherwise attempt to ensure uniformity in this decision-making process.

35.     Section 134-9 only requires that the Chief of Police conduct a background check and "adopt procedures" to determine whether:  the applicant is qualified to safely use a firearm; "appears" to be a suitable person to be licensed; is not statutorily prohibited from owning or possessing a firearm; and has not been adjudged insane nor "appear" to be mentally deranged.

36.     The sole and absolute discretion vested in the Chief of Police to determine whether a law-abiding citizen may exercise fundamental constitutional rights deprives all citizens, including Mr. Baker, whose application for a license to carry was wrongfully denied, of minimal due process protections guaranteed by the Fifth and Fourteenth Amendments of the United States constitution.

37.     Additionally, Section 134-9, itself, is unconstitutional as it broadly prohibits the open and concealed bearing of firearms unless, and not until, the applicant satisfies to the Chief of Police that the applicant's circumstances constitute an "exceptional case" and/or that an "urgency or need has been sufficiently indicated."  Indeed, fundamental constitutional rights should only be

*prohibited* in "exceptional cases" or where some "urgency or need" justifies the prohibition.

38.     To make matters worse, if an application is denied, Hawai'i law provides no means by which the applicant can seek review of the police chief's decision.  Thus, all Hawai'i citizens, including Mr. Baker, whose application was wrongfully denied, are deprived of the minimal protections of due process of law as there is no means to have the police chief's decisions reviewed by operation of any administrative procedure or judicial process.

39.     Upon information and belief, the current practice of Defendant Kealoha is to issue licenses to carry unconcealed weapons ("open carry") only to applicants who are licensed guards.

40.     As Mr. Baker is not a licensed guard, Section 134-9 is not only unconstitutional on its face, but also as applied to Mr. Baker.

41.     At all material times relevant to this claim, Defendant Kealoha was the Chief of Police for Defendant Honolulu Police Department ("HPD").   As shown below, acting under the color of law, Defendant Kealoha and/or his agents or those of Defendant HPD did unlawfully deny Mr. Baker's application for a permit.  This action was condoned by Defendants Abercrombie, HPD, City and County of Honolulu, and State of Hawai'i who knew or should have known of this

illegal deprivation of Mr. Baker's rights, yet permitted the deprivation to occur and continue to permit Mr. Baker's rights to be deprived.

### C.  Mr. Baker wishes to exercise his right to bear firearms.

42.    Mr. Baker is a licensed process server.  In 2010, Mr. Baker served court documents on persons faced with foreclosure, eviction, divorce, civil suits, and other unpleasant court proceedings at the direction of local process servers, with whom Mr. Baker had contracted, on the island of Oahu.

43.    Mr. Baker was at risk of attack, on a daily basis, by the person or persons upon whom the court documents were being lawfully served.   Mr. Baker frequently interacted with and was confronted by irate and hostile persons while lawfully conducting this business.

44.    In several instances, Mr. Baker was placed in imminent danger of suffering harm to himself or his property.   Mr. Baker had no means to defend himself in those situations.

45.    In several of these imminently dangerous events, the Honolulu Police Department responded.   It would take up to ten minutes or more for officers to arrive.   While waiting for officers to arrive, Mr. Baker was terrorized and faced immediate threats of death and/or serious injury to himself, his family and his property.

46.     Because Mr. Baker cannot exercise his constitutional right to bear arms in Hawai'i, Mr. Baker is unable to effectively defend himself. Self-defense is the inherent and fundamental right which the Second Amendment was designed protect.

47.     Accordingly, Mr. Baker is unable to continue serving court documents due to the danger associated with the lawful duties of a licensed process server. Thus, the actions of the Defendants have wrongfully denied Mr. Baker of a property interest. These civil rights violations have precluded Mr. Baker from being free to earn income in order to support his family. However, Mr. Baker has the opportunity to and would resume these duties when afforded a viable means of self-defense.

48.     Even if Mr. Baker were not engaged in serving process or any other dangerous profession, Mr. Baker would still wish to exercise his fundamental constitutional rights guaranteed by the Second Amendment. It is clear from <u>Heller</u> that all law-abiding citizens have the right to keep and bear arms pursuant to the Second Amendment for the purpose of confrontation. Dangerous confrontations are not reserved strictly to those engaged in risky professions. Rather, any person could be victimized at any time. And, those persons are not only guaranteed the right to defend themselves, but also the right to keep and bear arms for other lawful purposes such as proficiency training.

## D.  Mr. Baker is fit to exercise his Second Amendment rights.

49.     Mr. Baker is a 27 year-old law-abiding citizen with no criminal record.  In fact, Mr. Baker is a military service member with two service awards for honorable conduct, no criminal convictions or even arrests, and no outstanding judgments.

50.     Mr. Baker has never had a restraining order issued against him.

51.     Mr. Baker has not been adjudged insane, is not mentally deranged, nor has Mr. Baker suffered from any psychological, psychiatric, behavioral, emotional, or mental disorder or condition that would preclude him from exercising his right to keep and bear arms and ammunition.  Mr. Baker has never been acquitted of a crime for any psychological, psychiatric, behavioral, emotional, or mental disorder or condition.

52.     Mr. Baker does not abuse and is not addicted to or dependent upon alcohol or drugs.  Mr. Baker has never been diagnosed as suffering from any addiction to, dependency upon, or abuse of alcohol or drugs.  Mr. Baker has never been treated for addiction, dependency, or abuse of alcohol or drugs.

53.     Mr. Baker is qualified to safely bear and use firearms and has received extensive training in the responsible use of firearms.  Mr. Baker has also been trained in the safe and proper use of extendable batons.  Mr. Baker has also received training regarding the appropriate escalation of force – training designed

to ensure that no weapon is used prematurely and that lethal force is used only as a last resort, when all lesser means have failed or could not be reasonably employed.

54. Mr. Baker is qualified to operate and maintain firearms as he was trained by the United States Department of Defense. In addition to his military training, Mr. Baker has attended various seminars and class room training pertaining to the safe and effective use of firearms and self-defense, logged many hours of range time, and has been trained in tactical engagement in close quarter and urban combat scenarios.

55. Mr. Baker has been certified as a pistol instructor for the National Rifle Association of America. Mr. Baker is a firearms instructor with the Hawaii Defense Foundation and the Lessons in Firearm Education organizations. Mr. Baker has assisted in training hundreds of Hawai'i residents in the safe and responsible use of firearms.

56. Mr. Baker also holds a service medal for Expert Pistol Marksmanship and was awarded, "Top Gun", for a three-week military police training academy.

57. Mr. Baker possesses a license to carry a concealed firearm from the State of Georgia.

**E. Defendant Kealoha unconstitutionally denied Mr. Baker's application.**

58. Mr. Baker wrote the Honolulu Police Department requesting a license to carry be issued to him.

59.     Mr. Baker was subsequently contacted by a representative of the Defendant, Honolulu Police Department ("HPD"), who instructed Mr. Baker to complete an application form in person at the Honolulu Police Department.

60.     On August 31, 2010, Mr. Baker complied with this request.  This was Mr. Baker's sole opportunity to participate in the decision to issue the requested license to carry.

61.     On September 18, 2010, Mr. Baker received a letter dated September 16, 2010, from Defendant Kealoha.   The letter informed Mr. Baker that his application for a license to carry had been denied.

62.     The letter did not express concern over Mr. Baker's qualifications, fitness, or his ability to safely bear firearms and ammunition for the purpose of self-defense or other protected purposes.   Instead, the letter merely stated:  "[w]e do not believe that the reasons you have provided constitute sufficient justification to issue you a permit. Therefore your application has been denied."

63.     Depriving a law-abiding citizen of their fundamental constitutional rights merely because Defendant Kealoha and/or other agents of Defendants do not believe that the citizen has justified their wish to exercise those rights, without any basis for such belief, is clearly a violation of citizens' constitutional rights.

64.     Similarly, simply denying each application unless the applicant is a retired law enforcement officer or enjoys some other relationship with Defendant HPD, which is believed to be the practice, is also clearly unconstitutional.

**F.  Mr. Baker is unable to exercise his fundamental constitutional rights.**

65.     Sections 134-9(c), 134-16, 134-23, 134-24, 134-25, 134-26, 134-27, 134-51 and 134-27 of the Hawai'i Revised Statutes are unconstitutional on their face.  These statutes, considered either collectively or individually, constitute an outright prohibition on the bearing and transport of firearms and ammunition for the purpose of self-defense, as well as other protected purposes.  Such prohibition applies in non-sensitive places and even within the gun-owner's home. Accordingly, all Hawai'i citizens, including Mr. Baker, are deprived of their right to bear arms and ammunition, in violation of the Second and Fourteenth Amendments to the United States Constitution.

66.     At the very least, the statutes, cited in Paragraph 65 above, unreasonably regulate and unduly restrict the exercise of all Hawai'i citizens', including Mr. Baker's, constitutional rights as guaranteed by the Second and Fourteenth Amendments to the United States Constitution.  As such, those statutes are unconstitutional on their face.

67.     The only means for a law-abiding citizen, such as Mr. Baker, to avoid the complete deprivation of their right to keep and bear arms and ammunition for

lawful purposes is to acquire a license via the procedure set forth in Section 134-9 of the Hawai'i Revised Statutes – a procedure which fails to afford citizens the minimal due process protections guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.  Accordingly, Section 134-9 is also unconstitutional on its face.

68.      In this case, the procedure, employed to purportedly evaluate Mr. Baker's application and to render the decision depriving him of his Second Amendment rights, violated and continues to violate Mr. Baker's right to minimal due process protections guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

69.      The denial of Mr. Baker's application, made pursuant to Section 134-9, violated and continues to violate Mr. Baker's fundamental constitutional rights guaranteed by the Second Amendment to the United States Constitution, which is incorporated against the states by way of the Fourteenth Amendment to the United States Constitution.  Without the license contemplated in Section 134-9, Mr. Baker is prohibited from bearing and/or transporting firearms and ammunition for lawful purposes, in his home and in other non-sensitive places.

70.      Mr. Baker was deprived of the minimal due process protections guaranteed by the Fifth and Fourteenth Amendments as Mr. Baker is unable to seek administrative and/or judicial review of Defendant Kealoha's decision to deny

Mr. Baker's license to carry, which deprives Mr. Baker of fundamental constitutional rights guaranteed by the Second Amendment and made applicable to the states by the Fourteenth Amendment to the United States Constitution.

71.     All Hawai'i citizens, including Mr. Baker, are prohibited by Sections 134-16 and 134-51 of the Hawai'i Revised Statutes from possessing less-than-lethal weapons, such as electric guns and extendable batons, for lawful purposes. The right to bear arms encompasses these less-than-lethal weapons, such as electric guns and extendable batons, which are in common use for law-abiding and defensive purposes inside and outside of the militia. Accordingly, Sections 134-16 and 134-51 of the Hawai'i Revised Statutes deprive citizens of their fundamental constitutional rights guaranteed by the Second and Fourteenth Amendments to the United States Constitution, and are, therefore, facially unconstitutional and/or as applied to Mr. Baker.

72.     Furthermore, Mr. Baker is not only prohibited from lawfully carrying firearms or less-than-lethal weapons for the purpose of self-defense, but also he is prohibited from engaging in training and target practice with a handgun. Haw. Rev. Stat. §§ 134-5, 9, 25. Because citizens, including Mr. Baker, are guaranteed the right to keep and bear a firearm, those citizens also enjoy a corollary right to train and become proficient in the use of that tool. As such, the fundamental right

to firearm ownership incorporates the right to lawfully train and practice with that firearm.

73.     In fact, Hawai'i law requires that a person, who wishes to purchase a handgun, attend a training course on the use of handguns prior to being authorized to acquire a handgun.   However, the broad prohibition of the use, carrying, and transport of handguns provides no exemptions to legally train with a handgun.   In fact, the only exception for "target shooting" pertains solely to long guns.   Haw. Rev. Stat. § 134-5.

74.     Thus, Hawai'i's prohibitions on training and target practice with a handgun violate the constitutional rights guaranteed to Hawai'i citizens pursuant to the Second and Fourteenth Amendments, including those of Mr. Baker.       Mr. Baker fears felony arrest, prosecution, and a loss of income for engaging in the lawful activity of target practice and handgun education.   Haw. Rev. Stat. § 134-9, 25.

75.     Despite all of these obvious unconstitutional prohibitions and restrictions, Defendants Kealoha, HPD, Abercrombie, City and County, and State of Hawai'i do continue to condone and enforce these provisions causing continuous harm and deprivation to not only Mr. Baker but all of Hawai'i's citizens.

## COUNT I – UNLAWFUL PROHIBITION

## THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

76.     Paragraphs 1 through 75 are expressly incorporated as though fully stated, verbatim, herein.

77.     Pursuant to the Second and Fourteenth Amendments of the United States Constitution, law-abiding citizens cannot be prohibited from keeping and bearing loaded operational firearms within their homes and businesses. Citizens cannot be prohibited from bearing, using and transporting operational firearms, including handguns, and ammunition in non-sensitive public places for self-defense or other lawful purposes. Furthermore, citizens cannot be prohibited from lawfully participating in training to gain or improve proficiency with a handgun, as the ability to train with a handgun is also a fundamental right. Mr. Baker refers to each of these three types of lawful interactions with firearms, identified in the preceding paragraphs, as "activities." A ban on any of these separate activities, even considered individually, constitutes a violation of the Second Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment of the United States Constitution.

78.     Sections 134-5, 134-9, 134-23, 134-24, 134-25, 134-26, 134-27, and 134-51 of the Hawaiʻi Revised Statutes, both facially and as applied, formulate an

unconstitutional ban on each of these activities. This ban, whether construed as applicable to one, several, or all of the identified activities, constitutes a direct violation of the Second Amendment to the United States Constitution, made applicable to the State of Hawai'i through the Fourteenth Amendment of the United States Constitution.

79.     Mr. Baker has been damaged by this unlawful prohibition, and has been deprived of liberty that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions.

80.     Mr. Baker is therefore entitled to declaratory relief, declaring the statutory provisions, identified above, unconstitutional and including the striking of those unconstitutional statutory provisions.

81.     Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

82.     Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from enforcing and maintaining the statutory provisions identified in Paragraph 78.

83.     By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Baker from keeping and bearing firearms in non-sensitive places, despite properly applying for a permit to carry, which was unconstitutionally if not also arbitrarily denied, Defendants are propagating customs, policies, and practices

that violate Mr. Baker's rights guaranteed by the Second and Fourteenth Amendment to the United States Constitution, and damaging Mr. Baker in violation of 42 U.S.C. § 1983.  Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT II – UNLAWFUL PROHIBITION

### THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

84.     Paragraphs 1 through 83 are expressly incorporated as though fully stated, verbatim, herein.

85.     Mr. Baker has been damaged by this unlawful prohibition as Mr. Baker has been deprived of cognizable property interests as a foreseeable result of the Defendants' violations of Mr. Baker's constitutional rights.  Mr. Baker has and continues to suffer a loss of income and other cognizable economic harm.

86.     Mr. Baker is therefore entitled to declaratory relief, declaring the statutory provisions, identified above, unconstitutional and including the striking of those unconstitutional statutory provisions.

87.     Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

88.      Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from enforcing and maintaining the statutory provisions identified in Paragraph 78.

89.      By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Baker from keeping and bearing firearms in non-sensitive places, despite properly applying for a permit to carry, which was unconstitutionally if not also arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights guaranteed by the Second and Fourteenth Amendment to the United States Constitution, and damaging Mr. Baker in violation of 42 U.S.C. § 1983.  Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT III – UNREASONABLE REGULATIONS

## THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

90.      Paragraphs 1 through 75 are expressly incorporated as though fully stated, verbatim, herein.

91.      Pursuant to the Second and Fourteenth Amendments of the United States Constitution, states cannot unreasonably regulate or unduly restrict law-abiding citizens from keeping, bearing, transporting, and/or using operational firearms and ammunition in non-sensitive places and for the purposes of self-

defense and other protected purposes such as training for proficiency in the use of handguns.   Such keeping, bearing, transporting and/or use are fundamental constitutional rights.

92.      Sections 134-5, 134-9, 134-23, 134-24, 134-25, 134-26, 134-27 and 134-51 of the Hawai'i Revised Statutes both facially and as applied constitute undue restrictions and unreasonable regulations on the bearing and transport of firearms and ammunition by law-abiding citizens in their homes and businesses, as well as in non-sensitive public places for the purpose of self-defense.   Further, the provisions cited above unduly restrict and, in fact, prohibit, the use of handguns for target practice. These undue restrictions and unreasonable regulations, considered individually or combined, and whether construed as applicable to one, several, or all of these protected activities, constitute a direct violation of the Second Amendment to the United States Constitution, made applicable to the State of Hawai'i through the Fourteenth Amendment of the United States Constitution.

93.      Mr. Baker has been damaged by this unlawful prohibition as Mr. Baker has been deprived of liberty that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions.

94.      Mr. Baker is therefore entitled to declaratory relief declaring the statutory provisions, unconstitutional and including the striking of those unconstitutional statutory provisions.

95.     Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

96.     Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from enforcing and maintaining the statutory provisions identified in Paragraph 92 above.

97.     By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Baker from keeping and bearing firearms in non-sensitive places, despite properly applying for a permit to carry, which was unconstitutionally if not also arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights guaranteed by the Second and Fourteenth Amendment to the United States Constitution, and damaging Mr. Baker in violation of 42 U.S.C. § 1983.   Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT IV – UNREASONABLE REGULATIONS

## THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

98.     Paragraphs 1 through 75 and 90 through 97 are expressly incorporated as though fully stated, verbatim, herein.

99.     Mr. Baker has been damaged by this unlawful prohibition as Mr. Baker has been deprived of a cognizable property interest as a foreseeable result of

the Defendants' violations of Mr. Baker's Second and Fourteenth Amendment to the United States Constitution, in that Mr. Baker has suffered a loss of income, past, present, and future.

100.    Mr. Baker is therefore entitled to declaratory relief declaring the statutory provisions, identified in Paragraph 92, unconstitutional and including the striking of those unconstitutional statutory provisions.

101.    Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

102.    Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from enforcing and maintaining the statutory provisions identified in Paragraph 92, above.

103.    By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Baker from keeping and bearing firearms in non-sensitive places, despite properly applying for a permit to carry, which was unconstitutionally if not also arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights guaranteed by the Second and Fourteenth Amendment to the United States Constitution, and damaging Mr. Baker in violation of 42 U.S.C. § 1983.  Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT V – UNREASONABLE REGULATION § 134-9

## THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

104.     Paragraphs 1 through 75 are expressly incorporated as though fully stated, verbatim, herein.

105.     Pursuant to the Second and Fourteenth Amendments of the United States Constitution, states cannot unreasonably regulate or unduly restrict law-abiding citizens from bearing or transporting operational firearms, including handguns, and ammunition in their homes and businesses, or non-sensitive public places for the purpose of self-defense or other protected purposes, including proficiency training with handguns.  These activities are fundamental rights of U.S. citizenship.

106.     Section 134-9 of the Hawai'i Revised Statutes, both facially and as applied, constitutes an undue restriction and unreasonable regulation on the bearing of firearms and ammunition in public for the purpose of self-defense and other protected purposes.  Specifically, the issuance of a license pursuant to Section 134-9 is the only means by which a law-abiding citizen may lawfully bear and transport functional firearms, particularly handguns, and ammunition in non-sensitive places for the purpose of self-defense or any other protected purpose.  The issuance of a license is only permitted in "exceptional cases" or when an "urgency or need has

- 30 -

been sufficiently indicated." No exercise of a fundamental constitutional right may be prohibited except in "exceptional cases" or when sufficient "urgency or need" warrant the exercise of the right. This undue restriction and unreasonable regulation constitutes a direct violation of the Second Amendment to the United States Constitution, made applicable to the State of Hawai'i through the Fourteenth Amendment of the United States Constitution.

107.   Mr. Baker has been damaged by these unreasonable regulations and undue restrictions as Mr. Baker has been deprived of liberty that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions.

108.   Mr. Baker is therefore entitled to declaratory relief declaring: the offending language of Section 134-9 of the Hawai'i Revised Statutes unconstitutional; that decisions to issue a license to carry must be made on the fitness and qualifications of the applicant alone; that Mr. Baker is entitled to a license to carry operational firearms, including handguns and ammunition for the purpose of self-defense and other protected purposes; and including the striking of the unconstitutional statutory language.

109.   Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

110.   Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from enforcing and maintaining the offending statutory language.

111.     By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Baker from keeping and bearing firearms in non-sensitive places, despite properly applying for a permit to carry, which was unconstitutionally if not also arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights guaranteed by the Second and Fourteenth Amendment to the United States Constitution, and damaging Mr. Baker in violation of 42 U.S.C. § 1983.   Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT VI – UNREASONABLE REGULATION § 134-9

## THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

112.     Paragraphs 1 through 75 and 104 through 111 are expressly incorporated as though fully stated, verbatim, herein.

113.     Mr. Baker has been damaged by these unreasonable regulations and undue restrictions as Mr. Baker has been deprived of a cognizable property interest as a foreseeable result of the Defendants' violations of Mr. Baker's Second and Fourteenth Amendment to the United States Constitution, in that Mr. Baker has suffered a loss of income, past, present, and future.

114.     Mr. Baker is therefore entitled to declaratory relief declaring: the offending language of Section 134-9 of the Hawai'i Revised Statutes

unconstitutional; that decisions to issue a license to carry must be made on the fitness and qualifications of the applicant alone; that Mr. Baker is entitled to a license to carry operational firearms, including handguns and ammunition for the purpose of self-defense and other protected purposes; and including the striking of the unconstitutional statutory language.

115.    Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

116.    Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from enforcing and maintaining the offending statutory language.

117.    By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Baker from keeping and bearing firearms in non-sensitive places, despite properly applying for a permit to carry, which was unconstitutionally if not also arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights guaranteed by the Second and Fourteenth Amendment to the United States Constitution, and damaging Mr. Baker in violation of 42 U.S.C. § 1983.   Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT VII – DUE PROCESS VIOLATION

### THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

118.     Paragraphs 1 through 75 are expressly incorporated as though fully stated, verbatim, herein.

119.     Before depriving a citizen of a fundamental constitutional right, such as those guaranteed by the Second Amendment, states and individuals acting on their behalf must afford the citizen minimal due process protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

120.     The only means for a law-abiding citizen who is not statutorily exempt, such as Mr. Baker, to avoid the complete deprivation of his or her right to bear arms and ammunition for lawful purposes, is to acquire a license pursuant to the procedure set forth in Section 134-9 of the Hawai'i Revised Statutes.

121.     This procedure fails to afford citizens minimal due process protections, both substantive and procedural, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

122.     The Chief of Police is vested with sole and absolute discretion to determine whether a citizen may enjoy or be deprived of his or her fundamental constitutional right guaranteed by the Second Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the

United States Constitution. Pursuant to current Hawai'i law, which presumes the application will be denied, the decision to deprive a citizen of this fundamental constitutional right can be made arbitrarily, without affording the citizen any meaningful opportunity to be heard, and without informing the citizen of the reason for the decision. Additionally, the procedure affords the citizen no opportunity to seek further review of the decision.

123. Mr. Baker has been damaged by this unlawful procedure as Mr. Baker has been deprived of liberty that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions.

124. Mr. Baker is therefore entitled to declaratory relief declaring Section 134-9 of the Hawai'i Revised Statutes unconstitutional and including the striking of Section 134-9 of the Hawai'i Revised Statutes.

125. Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

126. Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from enforcing and maintaining Section 134-9 of the Hawai'i Revised Statutes.

127. By maintaining and enforcing a set of customs, practices, and policies, which presumptively and arbitrarily deny Mr. Baker his Second Amendment rights without providing substantive and procedural due process, Defendants are

propagating customs, policies, and practices that violate Mr. Baker's rights under the Fifth and Fourteenth Amendment to the United States Constitution, damaging Mr. Baker in violation of 42 U.S.C. § 1983.  Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT VIII – DUE PROCESS VIOLATION

## THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

128.    Paragraphs 1 through 75 and 118 through 127 are expressly incorporated as though fully stated, verbatim, herein.

129.    Mr. Baker has been further damaged as Mr. Baker has been deprived of a cognizable property interest as a foreseeable result of the Defendants' violations of Mr. Baker's constitutional rights, in that Mr. Baker has suffered a loss of income, past, present, and future.

130.    Mr. Baker is therefore entitled to declaratory relief, declaring Section 134-9 unconstitutional and including the striking of Section 134-9 of the Hawai'i Revised Statutes.

131.    Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

132.     Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from enforcing and maintaining Section 134-9 of the Hawai'i Revised Statutes.

133.     By maintaining and enforcing a set of customs, practices, and policies, which presumptively and arbitrarily deny Mr. Baker his Second Amendment rights without providing substantive and procedural due process, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights under the Fifth and Fourteenth Amendment to the United States Constitution, damaging Mr. Baker in violation of 42 U.S.C. § 1983.  Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT IX – MR. BAKER'S APPLICATION

## THE SECOND, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

134.     Paragraphs 1 through 75 are expressly incorporated as though fully stated, verbatim, herein.

135.     Before depriving a citizen of a fundamental constitutional right, such as those guaranteed by the Second Amendment, states and individuals acting on their behalf must afford the citizen minimal due process protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

136.   The only means for Mr. Baker, who is not statutorily exempt from the prohibitions of Chapter 134 of the Hawai'i Revised Statutes, to avoid the complete deprivation of his right to bear arms and ammunition for lawful purposes, is to acquire a license pursuant to the procedure set forth in Section 134-9 of the Hawai'i revised statutes.

137.   Mr. Baker is fit and qualified to bear a firearm and ammunition for the purpose of self-defense, and use a handgun for protected purposes, including the purpose of training for proficiency at a target range.  Mr. Baker properly applied for a license to carry pursuant to Section 134-9 of the Hawai'i Revised Statutes. Mr. Baker's application was wrongfully denied without affording Mr. Baker minimal due process protection, including but not limited to a meaningful opportunity to be heard, an explanation of the reason his application was denied, and any opportunity to have the decision reviewed.  As a direct result of the wrongful denial of his application for a license to carry, Mr. Baker was and continues to be deprived of his Second Amendment rights, made applicable to the states through the Fourteenth Amendment.

138.   Mr. Baker has been damaged by this unlawful denial as Mr. Baker has been deprived of liberty that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions.

139.    Mr. Baker is therefore entitled to declaratory relief, declaring that Mr. Baker is entitled to bear a firearm and ammunition for the purpose of self-defense and/or is entitled to a license to carry pursuant to HRS § 134-9.

140.    Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

141.    Mr. Baker is also entitled to permanent injunctive relief, compelling the issuance of a license to carry which would permit Mr. Baker to exercise his Second Amendment right, and enjoining Defendants from sanctioning or punishing Mr. Baker, pursuant to Chapter 134 or otherwise, for the lawful exercise of that right.

142.    By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Baker from keeping and bearing firearms in non-sensitive places, despite properly applying for a permit to carry, which was unconstitutionally if not also arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights guaranteed by the Second and Fourteenth Amendment to the United States Constitution, and damaging Mr. Baker in violation of 42 U.S.C. § 1983.   Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT X – MR. BAKER'S APPLICATION

## THE SECOND, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

143.     Paragraphs 1 through 75 and 134 through 142 are expressly incorporated as though fully stated, verbatim, herein.

144.     Mr. Baker has been damaged by this unlawful prohibition as Mr. Baker has been deprived of cognizable property interest as a foreseeable result of the Defendants' violations of Mr. Baker's constitutional rights, in that Mr. Baker has suffered a loss of income, past, present, and future.

145.     Mr. Baker is therefore entitled to declaratory relief, declaring that Mr. Baker is entitled to bear a firearm and ammunition for the purpose of self-defense and/or is entitled to a license to carry pursuant to HRS § 134-9.

146.     Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

147.     Mr. Baker is also entitled to permanent injunctive relief, compelling the issuance of a license to carry which would permit Mr. Baker to exercise his Second Amendment right, and enjoining Defendants from sanctioning or punishing Mr. Baker, pursuant to Chapter 134 or otherwise, for the lawful exercise of that right.

148.     By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Baker from keeping and bearing firearms in non-sensitive places, despite properly applying for a permit to carry, which was unconstitutionally if not also arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights guaranteed by the Second and Fourteenth Amendment to the United States Constitution, and damaging Mr. Baker in violation of 42 U.S.C. § 1983.   Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT XI – LESS-THAN-LETHAL WEAPONS

## THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

149.     Paragraphs 1 through 75 are expressly incorporated as though fully stated, verbatim, herein.

150.     All Hawai'i citizens, including Mr. Baker, are prohibited by Sections 134-16 and 134-51 of the Hawai'i Revised Statutes from possessing electric guns, such as "Tasers", and other less-than-lethal weapons, such as extendable batons, for the lawful purpose of self-defense.   Extendable batons and electric guns are commonly used by people for lawful purposes and by various military, National Guard, and law enforcement entities and organizations throughout the United States.   Arms in common use for lawful purposes are those protected by the United

States Constitution's Second Amendment. Accordingly, Sections 134-16 and 134-51 of the Hawai'i Revised Statutes are invalid, facially and as applied, as those provisions deprive citizens, including Mr. Baker, of their fundamental constitutional rights guaranteed by the Second and Fourteenth Amendments to the United States Constitution.

151.      Mr. Baker has been damaged by this unlawful denial as Mr. Baker has been deprived of liberty that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions.

152.      Mr. Baker is therefore entitled to declaratory relief, specifically finding Sections 134-16 and 134-51 of the Hawai'i Revised Statutes are unconstitutional, and striking those provisions.

153.      Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

154.      Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from sanctioning or punishing Mr. Baker, pursuant to Chapter 134 or otherwise, for the lawful exercise of his right to keep and bear less-than-lethal weapons commonly used by the people and militia for lawful purposes.

155.      By maintaining and enforcing a set of customs, practices, and policies arbitrarily denying Mr. Baker the right to carry, possess, purchase, store, own, transfer, sell, or transport of less-than-lethal weapons, such as extendable batons

and electronic guns, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights under the Second and Fourteenth Amendment to the United States Constitution, damaging Mr. Baker in violation of 42 U.S.C. § 1983. Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT XII – LESS-THAN-LETHAL WEAPONS

## THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

156.     Paragraphs 1 through 75 and 149 through 155 are expressly incorporated as though fully stated, verbatim, herein.

157.     Mr. Baker has been damaged by this unlawful prohibition as Mr. Baker has been deprived of a cognizable property interest as a foreseeable result of the Defendants' violations of Mr. Baker's constitutional rights, in that Mr. Baker has suffered a loss of income, past, present, and future.

158.     Mr. Baker is therefore entitled to declaratory relief, specifically finding Sections 134-16 and 134-51 of the Hawai'i Revised Statutes are unconstitutional, and striking those provisions.

159.     Mr. Baker is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

160.     Mr. Baker is also entitled to permanent injunctive relief, enjoining Defendants from sanctioning or punishing Mr. Baker, pursuant to Chapter 134 or otherwise, for the lawful exercise of his right to keep and bear less-than-lethal weapons commonly used by the people and the militia for lawful purposes.

161.     By maintaining and enforcing a set of customs, practices, and policies arbitrarily denying Mr. Baker the right to carry, possess, purchase, store, own, transfer, sell, or transport of less-than-lethal weapons, such as extendable batons and electronic guns, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights under the Second and Fourteenth Amendment to the United States Constitution, damaging Mr. Baker in violation of 42 U.S.C. § 1983. Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## COUNT XIII – PRELIMINARY INJUNCTION

162.     Paragraphs 1 through 161 are expressly incorporated as though fully stated, verbatim, herein.

163.     Pursuant to Rule 65 of the Federal Rules of Civil Procedure and applicable law, Mr. Baker is entitled to a preliminary injunction enjoining Defendants and their agents from enforcing the criminal prohibitions against the exercise of Second Amendment rights, including the bearing of firearms,

handguns, and less-than-lethal weapons for the protected purposes of self defense and proficiency training.

164.    Alternatively, Mr. Baker is entitled to a preliminary injunction compelling the Chief of Police to issue a carry permit to Mr. Baker and all other Defendants and their agents to honor Mr. Baker's permit as well as all of the rights and privileges it confers.

165.    In support of this Count, Mr. Baker relies on the Motion Requesting Issuance of Preliminary Injunction, the Memorandum in Support of the Motion Requesting Issuance of Preliminary Injunction, and the Supporting Declaration of Christopher Baker, filed contemporaneously herewith.   Mr. Baker specifically incorporates those documents into this Count as if restated, verbatim, herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mr. Baker requests that judgment be entered in his favor against Defendants, for any and all of the reasons set forth above, as follows:

1.    An order declaring that the prohibitions and/or unreasonable regulations codified in Sections 134-5, 134-9(c), 134-16, 134-23, 134-24, 134-25, 134-26, 134-27, and 134-51 of the Hawai'i Revised Statutes are unconstitutional and striking the offending language from those statutory provisions.

2.    An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them

who receive notice of the injunction, from enforcing and maintaining Sections 134-5, 134-9(c), 134-16, 134-23, 134-24, 134-25, 134-26, 134-27 and 134-51 of the Hawai'i Revised Statutes and/or any of these individual provisions as the Court may find are unconstitutional;

3.     An order declaring unconstitutional the "exceptional case" and "urgency or need" language of Section 134-9 of the Hawai'i Revised Statutes and striking the offending language;

4.     An order declaring that decisions to issue a license to carry must be made on the fitness and qualifications of the applicant, alone;

5.     An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the injunction, from:  requiring license to carry applicants to satisfy the Chief of Police or any other person that the applicants' circumstances constitute an "exceptional case;" requiring license to carry applicants to show any "urgency or necessity" in support of their application; and from denying license to carry applications based on the failure to do so,  where the applicants are otherwise fit and qualified to exercise their Second Amendment rights;

6.     An order declaring that the procedure contemplated in Section 134-9 of the Hawai'i Revised Statutes is unconstitutional in that it does not afford

applicants minimal Due Process protections guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

7.     An order declaring that a denial of an application pursuant to the procedure set forth in Section 134-9 of the Hawai'i Revised Statutes is, in itself, a violation of applicants' minimal Due Process protections guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

8.     An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the injunction, from depriving law-abiding citizens, who apply for a permit to carry pursuant to Section 134-9 of the Hawai'i Revised Statutes and who are fit and qualified to exercise their Second Amendment rights, from bearing or transporting firearms and ammunition unless and until the citizen has been afforded minimal due process protections and, thereafter, the applicant has been found to be unfit;

9.     An order declaring the denial of Mr. Baker's application for a carry permit, pursuant to Section 134-9 of the Hawai'i Revised Statutes, a violation of Mr. Baker's constitutional rights guaranteed by the Second, Fifth and/or Fourteenth Amendments of the United States Constitution;

10.     An order compelling Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive

notice of the order to issue a license to carry authorizing Mr. Baker to bear a concealed or openly displayed firearm, including a handgun or pistol, in public for all protected purposes and to recognize and honor all rights and privileges that the permit confers upon Mr. Baker;

11.     An order declaring the prohibitions of less-than-lethal weapons, codified in Sections 134-16 and 134-51 of the Hawai'i Revised Statutes unconstitutional insofar as those provisions prohibit weapons used by people for lawful purposes and by various military, National Guard, and law enforcement entities and organizations throughout the United States;

12.     An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the injunction, from enforcing and maintaining Sections 134-5, 134-9(c), 134-16, 134-23, 134-24, 134-25, 134-26, 134-27 and 134-51 of the Hawai'i Revised Statutes and/or any of these individual provisions as the Court may find are unconstitutional;

13.     That a preliminary injunction issue, encompassing any and/or all of the permanent injunctive relief requested above during the pendency of this lawsuit and as more specifically set forth in the motion filed contemporaneously herewith;

14.     Attorney fees and costs;

15.     Attorney fees and costs pursuant to 42 U.S.C. §1988;

16.     Declaratory relief consistent with the injunction;

17.     Damages to Mr. Baker, including but not limited to loss of income, research costs, travel fees, and case costs;

18.     Any and all statutory damages or awards to which Mr. Baker may be entitled;

19.     Costs of suit; and

20.     Any additional relief as the Court deems just and appropriate.

Respectfully submitted,

Dated:

Richard Holcomb (HI Bar No. 9177)

Kevin O'Grady (HI Bar No. 8817)

Alan Beck (HI Bar No. 9145)
Attorneys for Plaintiff Christopher Baker