RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
677 Ala Moana Blvd., Suite #614
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (808) 295-6733
Email: ngord2000@yahoo.com

KEVIN O'GRADY (HI Bar No. 8817)
The Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite #704
Honolulu, HI 96813
Telephone: (808) 521-3367
Facsimile: (808) 521-3369
Email: Kevin@criminalandmilitarydefensehawaii.com

Attorneys for Plaintiff Christopher Baker

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>            Plaintiff,<br><br>   vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police;<br>STATE OF HAWAII;<br>CITY AND COUNTY OF HONOLULU;<br>HONOLULU POLICE DEPARTMENT;<br>NEIL ABERCROMBIE, in his official capacity as Hawaii Governor,<br><br>            Defendants. | CASE NO. CV11 00528 ACK KSC<br><br>PLAINTIFF CHRISTOPHER BAKER'S MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION; EXHIBITS ONE AND TWO; DECLARATION OF CHRISTOPHER BAKER; DECLARATION OF RICHARD L. HOLCOMB; NOTICE OF HEARING; CERTIFICATE OF SERVICE |

## PLAINTIFF CHRISTOPHER BAKER'S
## MOTION FOR PRELIMINARY INJUNCTION

COMES NOW the Plaintiff, Christopher Baker, by and through the undersigned counsel and pursuant to the Second, Fifth, and Fourteenth Amendments to the United States Constitution, as well as Rules 7(b) and 65 of the Federal Rules of Civil Procedure, and requests that this Court issue an Order:

- enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the injunction, from enforcing and maintaining Sections 134-5, 134-9(c), 134-16, 134-23, 134-24, 134-25, 134-26, 134-27 and 134-51 of the Hawai'i Revised Statutes and/or any of these individual provisions as the Court may find are unconstitutional during the pendency of this suit;

- enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the injunction, from: requiring license to carry applicants to satisfy the Chief of Police or any other person that the applicants' circumstances constitute an "exceptional case;" requiring license to carry applicants to show any "urgency or necessity" in support of their application; and from denying license to carry applications based on the failure to do so, where the applicants are otherwise fit and qualified to exercise their Second Amendment rights during the pendency of this suit;

- enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the injunction, from depriving law-abiding citizens, who apply for a permit to carry pursuant to Section 134-9 of the Hawai'i Revised Statutes and who are fit and qualified to exercise their Second Amendment rights, from bearing or transporting firearms and ammunition unless and until the citizen has been afforded minimal due process protections and, thereafter, the applicant has been found to be unfit, during the pendency of this suit; and

- compelling Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the order to issue a license to carry authorizing Mr. Baker to bear a concealed or openly displayed firearm, including a handgun or pistol, in public for all protected purposes and to recognize and honor all rights and privileges that the permit confers upon Mr. Baker, during the pendency of this suit.

In furtherance of this Motion, Mr. Baker relies upon the attached Memorandum of Law, Exhibits and Declarations.

DATED: Honolulu, Hawaii, August 28, 2011.

_____
Richard L. Holcomb
Attorneys for Plaintiff
Christopher Baker

# TABLE OF CONTENTS

I. INTRODUCTION ................................... 1

II. THE PRELIMINARY INJUNCTION
SHOULD ISSUE. .................................. 3

   A. Plaintiff has standing. ........................ 5

   B. Mr. Baker is likely to succeed on the merits. ........ 6

      *Hawai'i unlawfully prohibits and unduly
      restricts Second Amendment right.* ............... 6

      *The licensing statute violates due process.* .......... 13

   C. In the absence of an injunction,
   Mr. Baker is irreparably harmed. ................ 18

   D. The balance of equities mandates relief. ........... 19

   E. It serves the public interest to grant relief. ......... 22

III. CONCLUSION. ................................. 26

**TABLE OF AUTHORITIES**

**Reported Cases**

District of Columbia v. Heller,
    554 U.S. 570 (2009) .......................... 1, 2, 6, 7-8, 9, 10, 11, 17, 24

Elrod v. Burns, 427 U.S. 347 (1976) ............................... 18, 19

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
    528 U.S. 167 (2000) ................................................ 5

Goldberg v. Kelly, 397 U.S. 254 (1970) ................................ 22

Klein v. City of San Clemente, 584 F.3d 1196 (9th Cir. 2009) ........... 19-20

Lujan v. Defenders of Wildfire, 504 U.S. 555 (1992) ..................... 5

Matthews v. Eldridge, 424 U.S. 319 (1976) ............................. 13

McDonald v. Chicago, ___ U.S. ___,
    130 S.Ct. 3020 (2010) ............................ 1, 2, 16, 17, 21, 24

Muscarello v. United States, 524 U.S. 125 (1998) ....................... 8

Nordyke v. King, 563 F.3d 439 (9th Cir. 2009) ......................... 17

Parker v. District of Columbia, 311 F.Supp.2d 103
    (D.D.C. March 31, 2004) ........................................... 6

Parker v. District of Columbia, 478 F.3d 370 (D.C. Cir. 2007) ........... 6

Peruta v. City of San Diego, 678 F.Supp.2d 1046 (S.D. Cal. 2010) ..... 4, 9-10

Planned Parenthood of Southern Pennsylvania v. Casey,
    505 U.S. 833 (1992) ........................................... 14, 15

Preminger v. Principi, 422 F.3d 815 (9th Cir. 2005) .................... 22

Sarnoff v. Am. Home Prods. Corp., 798 F.2d 1075 (7th Cir. 1986) ......... 7

Seminole Tribe of Florida, 517 U.S. 44 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

St. Joseph Stock Yards Co. v. United States, 298 U.S. 38 (1936) . . . . . . . . . . . . 16

State v. Reid, 1 Ala. 612 (1840) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Skoien, 614 F.3d 638 (7th Cir. 2010) . . . . . . . . . . . . . . . . . . . . 8

Winter v. Natural Res. Def. Council, Inc., 55 U.S. 7 (2008) . . . . . . . . . . . . . . . . 5

**Unpublished Cases**

Ezell v. Chicago, no. 10-3525, 2011 wl 2623511 (7th Cir. July, 6, 2011) . . . . . . . 18

**Constitutional Authority and Statutes**

U.S. Const. amend. II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

U.S. Const. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 922 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 21, 23

Hawaii Rev. Stat. § 134-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Hawaii Rev. Stat. § 134-5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 27

Hawaii Rev. Stat. § 134-9 . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 13, 14, 15, 27

Hawaii Rev. Stat. § 134-16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 27

Hawaii Rev. Stat. § 134-23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 27

Hawaii Rev. Stat. § 134-24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 27

Hawaii Rev. Stat. § 134-25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 12, 27

Hawaii Rev. Stat. § 134-26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 27

Hawaii Rev. Stat. § 134-27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 27

Hawaii Rev. Stat. § 134-51 .................................... 3, 27

**Treatises, Journals, and Government Publications**

John R. Lott, *More Guns Less Crime* (2010) ............................ 26

National Research Council,
Committee to Improve Research and Data on Firearms,
*Firearms and Violence: A Critical Review* (2004) ....................... 25

City and County of Honolulu,
Service Efforts and Accomplishment Report
(FY 2010), Office of the City Auditor ................................ 24

Florida Department of Agriculture and Consumer Services,
*Concealed Weapon/Firearm Summary Report(s)*
October 1, 1987 through November 30, 2009 ....................... 16, n. 8

State of Hawaii Criminal Justice Data Brief
(2007 through 2010) ................................................ 24

Volokh, 56 UCLA law Review 1443 (2009) ........................... 24