IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHRISTOPHER BAKER, ) | CIVIL NO. CV11-00528 KSC |
| ) | |
| Plaintiffs, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| vs. ) | MOTION |
| ) | |
| LOUIS KEALOHA, as an individual ) | |
| and in his official capacity as Honolulu ) | |
| Chief of Police; STATE OF HAWAII; ) | |
| CITY AND COUNTY OF ) | |
| HONOLULU; HONOLULU POLICE ) | |
| DEPARTMENT; NEIL ) | |
| ABERCROMBIE, in his official ) | |
| capacity as Hawaii Governor, ) | |
| ) | |
| Defendants. ) | Trial Date: None |
| _____ ) | |

MEMORANDUM IN SUPPORT OF MOTION

Defendants LOUIS KEALOHA ("Kealoha"), the CITY AND COUNTY OF

HONOLULU ("City") and the HONOLULU POLICE DEPARTMENT ("HPD")

(hereinafter collectively referred to as the "City Defendants"), by and through their

attorneys, Robert Carson Godbey, Corporation Counsel, and Curtis E. Sherwood,

Deputy Corporation Counsel, submit this memorandum in support of their motion

to dismiss Plaintiffs' First Amended Complaint filed September 21, 2011.

//

//

I.     <u>INTRODUCTION</u>

Plaintiff filed his Complaint in the instant action on August 30, 2011, and served the same on Defendant City the following day.  The complaint takes issue with a number of state laws regulating the use and possession of firearms, as well those regulating the use and possession of less-than-lethal weapons.  It also purports to raise thirteen (13) different claims.  However, the Complaint is exceedingly long, confusing, redundant and full of conclusory statements.  It also raises improper claims and names improper parties.  For these reasons, City Defendants bring the instant motion seeking dismissal of Plaintiff's Complaint.

II.    <u>APPLICABLE LAW</u>

Fed. R. Civ. P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (9th Cir.1990.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is <u>plausible</u> on its face."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*citing* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (emphasis added).  Although the "plausibility standard" does

not rise to the level of a "probability requirement," it does require plaintiff plead

sufficient <u>facts</u> that show more than the mere "possibility" of defendant liability;

and facts that are more than merely "consistent" with liability.  <u>Id.</u> [1]  Moreover, a

plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires

more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do.  <u>Twombly</u> at 1964-65 [citations and brackets deleted].

III.    ARGUMENT

    A.   <u>Plaintiff's Complaint Fails to Comply with Fed. R. Civ. P. 8(a) in that It Is Needlessly Long, Highly Repetitious and Confusing</u>

Plaintiffs' Complaint is largely argumentative and conclusory.  Fed. R.

Civ. P. 8(a) requires that a complaint contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In fact,

the Ninth Circuit has affirmed dismissal of complaints that do not comply with

Fed. R. Civ. P. 8(a) in this manner.  *See, e.g.,* <u>McHenry v. Renne</u>, 84 F.3d 1172,

1177-80 (9th Cir. 1996) (upholding a Fed. R. Civ. P. 8(a) dismissal of a complaint

that was "argumentative, prolix, replete with redundancy, and largely irrelevant");

<u>Hatch v. Reliance Ins. Co.</u>, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Fed. R.

Civ. P. 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was]

confusing and conclusory"); <u>Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 674

---

[1] "Where the complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitled to relief."  <u>Id.</u> (internal quotes and cite omitted).

(9th Cir. 1981) (holding that Fed. R. Civ. P. 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Fed. R. Civ. P. 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"); McHenry, 84 F.3d, 1180 ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges"); Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1130-31 (9th Cir. 2008) (reviewing circumstances where prolix complaints may be dismissed if exceedingly "verbose, confusing and conclusory" and indicating that dismissal with leave to amend to cure such verbosity is appropriate); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-1059 (9th Cir. 2011) ("our district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations").

While "the proper length and level of clarity for a pleading cannot be defined with any great precision," Fed. R. Civ. P. 8(a) has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed.2010).

//

//

4

In this case, Plaintiff's Complaint is indeed needlessly long, consisting of forty-nine (49) pages in length, one-hundred and sixty-five (165)[2] paragraphs and containing thirteen (13) causes of action.  Despite that fact, all but one claim[3] is brought under 42 U.S.C. § 1983, and alleges a violation of either his 2nd, 5th or 14th Amendment rights.  Consequently, the bulk of Plaintiff's allegations, rather than providing notice to defendants as to how each purportedly violated Plaintiff's rights, or otherwise acted tortiously, simply restates the same tired, conclusory allegations.  For example, one paragraph describes how defendants "maintain[ ] and enforc[e] a set of customs, practices and policies prohibiting Mr. Baker from keeping and bearing firearms…"  Complaint, p. 24-25, ¶ 83.   This same paragraph is repeated, verbatim, eleven (11) times thereafter.  Similarly, rather than confine his prayer for relief to the twenty (20) paragraphs set forth on pages 45 through 49, Plaintiff states, and restates, the forms of relief that he believes are available to him throughout his complaint.  See Complaint, ¶¶ 80, 81, 82, 86, 87, 88, 94, 95, 96, 100, 101, 102, 108, 109, 110, 114, 115, 116, 124, 125, 126, 130, 131, 132, 139, 140, 141, 145, 146, 147, 152, 153, 154, 158, 159, 160, 163, and 164.  The result is that the particular allegations made against each defendant are lost among the vague, conclusory and repetitive statements.  Indeed, it is obvious that Plaintiff's

---

[2] Not including Plaintiff's prayer for relief, which contains an additional twenty (20) paragraphs.
[3] Plaintiff's "Count XIII" is entitled simply "Preliminary Injunction".  Complaint, p. 44.  As discussed infra, this cause of action is improper.

chief complaint is with this state's gun laws, but there is no effort made to parse his claims between those laws and the particular actions of City Defendants of which he complains.  Moreover, many of the counts are similarly labeled (compare counts I & II, III & IV and V and VI) and the language used therein makes it difficult, if not impossible, to discern how a different claim is being alleged. Consequently, because Plaintiffs' Complaint is excessively prolix, conclusory and argumentative, the City Defendants request that it be dismissed and that Plaintiff be ordered to file a complaint which complies with Fed. R. Civ. P. 8(a).  Failing compliance with further orders of this Court, City defendants ask that the instant action be dismissed *in totem*.

**B.  Plaintiff's § 1983 Claims for Violation of His Fifth Amendment Rights Are Ill-Founded**

Four (4) of Plaintiff's claims allege that his right to due process under the Fifth Amendment was violated by defendants.  *See* <u>Complaint</u>, pp. 34-41 (counts VII, VIII, IX, and X).  However, the Fifth Amendment's due process clause "applies to the actions of the federal government, not a municipality." <u>Low v. City of Sacramento</u>, *slip copy*, 2010 WL 3714993 (E.D.Cal. 2010).[4]  *See also* <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 687 (9th Cir.2001); <u>Bingue v. Prunchak</u>, 512 F.3d 1169, 1174 (9th Cir.2008) ("The Fifth Amendment's due process clause

---

[4] A true and correct copy of this case is attached hereto as <u>Exhibit "A."</u>

6

only applies to the federal government."); *and* <u>Castillo v. McFadden</u>, 399 F.3d 993, 1002 n. 5 (9th Cir.2005).  Therefore, these claims are improper.

     C.  <u>HPD Is Not A Proper Party To The Instant Action</u>

HPD is not a proper party here because it is not *sui juris*.  *See* <u>McCoy v. Corbett</u>, 35 Haw. 743 (1940) (holding no jurisdiction where political entity not authorized to sue or be sued).  *See also* <u>Ruggiero v. Litchfield</u>, 700 F.Supp. 863, 865 (M.D.La.1988) (sheriff's office is not legal entity subject to suit); <u>Shelby v. City of Atlanta</u>, 578 F.Supp. 1368, 1370 (N.D.Ga.1984) (police department not proper party); <u>Baker v. Willett</u>, 42 F.Supp.2d 192, 197 (N.D.N.Y.1999) ("A police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity").

Article VI, Chapter 1, Section 6-102 and Chapter 16, Section 16-601 of the City Charter establish that the Honolulu Police Department is an executive department which is under the supervision of the managing director of the City.  *See* relevant portions of the <u>1973 Revised Charted of the City & County of Honolulu (2000 Ed.)</u> attached hereto as <u>Exhibit "B"</u>.

In <u>City and County of Honolulu v. Toyama</u>, 61 Haw. 156, 161, 598 P.2d 168, 172 (1979), the Hawaii Supreme Court held that different departments within the City are not considered separate entities.  In the <u>Toyama</u> case, in which the City and County of Honolulu was the appellee, the Court ruled that:

> Appellee's Building Department and appellee's Department of
> Housing and Community Development are both departments
> of the executive branch of appellee and are both supervised by
> appellee's managing director.   CHARTER OF THE CITY AND
> COUNTY OF HONOLULU, ART. VI §4-1021, 6-102 (1973).  The
> different departments do not constitute legal entities which are
> separate and apart from appellee.

Toyama, 61 Haw. at 161, 598 P.2d at 172.  Therefore, as a matter of law, the

Complaint should be dismissed as against HPD.

> D.   Because the City Is Named Separately, Plaintiff's Claims Against Chief
>      Kealoha, in His Official Capacity, Are Duplicitous, Unnecessary and
>      Should Be Dismissed

According to Plaintiff's Complaint, Chief Kealoha "is being sued as an

individual and in his official capacity as Chief of Police, at the Honolulu Police

Department."  See Complaint, at p. 6, ¶ 14.  However, "a suit against a

governmental officer 'in his official capacity' is the same as a suit against the

entity of which the officer is an agent."  McMillian v. Monroe County, Ala., 520

U.S. 781, 785 fn.2, 117 S.Ct. 1734, 1737 fn.2 (1997) [quoted in part, internal

quotes and ellipses omitted].  See also Satterfield v. Borough of Schuylkill Haven,

12 F.Supp.2d 423 (E.D. Pa.1998) (holding that public official sued in his official

capacity is "legally indistinct from the municipality for which he serves.").

Some courts have specifically dealt with the situation where a

municipality and its police chief, named in his official capacity, are sued under the

same causes of action.  In those cases, the courts have found the chiefs unnecessary

parties and dismissed them.  *See* <u>Beverly v. Casey</u>, [5] 2006 WL 298810 (D.Neb. 2006) attached hereto as <u>Exhibit "C"</u> ("Because suing a municipal official in his official capacity is equivalent to suing the municipality, the police chief is an unnecessary party."); and <u>Admiral Theatre v. City of Chicago</u>, 832 F.Supp. 1195, 1200 (N.D.Ill.1993) ("Where the unit of local government is sued as well, the suit against the officials is redundant and should therefore be dismissed.").

Plaintiff has included the City and County of Honolulu as an additional defendant and has included both the City and Kealoha in all of his causes of action. *See* Complaint, pp. 23-43, ¶¶ 76-161.   Any allegation of an unlawful policy or custom against Kealoha in his official capacity would necessarily run against City. Therefore, Plaintiff's allegations against Kealoha are duplicitous, unnecessary and should be dismissed.  In <u>Robinson v. District of Columbia</u>, the District Court addressed this issue, stating:

> Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources."

403 F.Supp.2d 39 (D.D.C. 2005) (*quoting* <u>Cooke-Seals v. Dist. Of Columbia</u>, 973 F.Supp. 184, 187 (D.D.C. 1997).  The <u>Robinson</u> court cited a number of other cases in support of this proposition.  *See* <u>Robinson</u> at 49-50.  In addition to such

---

[5] This case was not reported in F.Supp.2d and is offered as persuasive authority only pursuant to <u>Arakaki v. Cayetano</u>, 299 F.Supp.2d 1090, 1094 fn. 3 (D.Hawaii. 2002).

precedent, *see also* <u>Doe v. Rains Independent School Dist.</u>, 865 F.Supp. 375, 378 (E.D.Texas 1994) (holding that "Plaintiffs' claims against [government official] in her *official capacity* [we]re redundant and unnecessary because any disputed issues that [needed to] be resolved in conjunction with the official capacity claims [we]re the same as those requiring resolution in the claims against the school district"); *and* <u>Does v. Covington County School Bd. of Educ.</u>, 930 F.Supp. 554, 574 (M.D.Ala., 1996) (where plaintiff alleged independent claims for discrimination under Title IX and 42 U.S.C. § 1983, § 1983 claim was duplicitous and unnecessary and was properly dismissed).

Therefore, "Plaintiff's claims against Defendant [Kealoha] in his *official* capacity are clearly duplicative of [his] claims against [the City] itself." <u>Robinson</u> at 49 [emphasis in original].   These claims should be dismissed from the instant action.

E.   <u>Plaintiff's Claim for Injunctive Relief Is Improper as a Separate Cause of Action</u>

As stated in <u>Marzan v. Bank of Am.</u>, 2011 WL 915574 (D. Haw. 2011)[6], a claim for "injunctive relief" standing alone is not a cause of action.  *See, e.g.,* <u>Jensen v. Quality Loan Serv. Corp.</u>, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); <u>Henke v. Arco Midcon, L.L.C.</u>, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010)

---

[6] A true and correct copy of this case is attached hereto as <u>Exhibit "D."</u>

10

("Injunctive relief, however, is a remedy, not an independent cause of action.");

Plan Pros, Inc. v. Zych, 2009 WL 928867 (D. Neb. 2009) ("no independent cause

of action for injunction exists");[7] Motley v. Homecomings Fin., LLC, 557 F. Supp.

2d 1005, 1014 (D. Minn. 2008) (same). Injunctive relief may be available if

Plaintiffs are entitled to such a remedy on an independent cause of action.

Because it is inappropriate to plead "injunctive relief" as a separate

cause of action, the City Defendants request that the Court also dismiss this claim

in its entirety.

IV.   CONCLUSION

Based on the foregoing, the City Defendants respectfully request that this

Honorable Court grant this motion and dismiss the instant complaint.

DATED:  Honolulu, Hawaiʻi, September 21, 2011.

ROBERT CARSON GODBEY
Corporation Counsel


By: /s/ Curtis E. Sherwood
CURTIS E. SHERWOOD
Deputy Corporation Counsel

Attorney for Defendants
LOUIS KEALOHA, CITY AND COUNTY OF
HONOLULU and the HONOLULU POLICE
DEPARTMENT

---

[7] A true and correct copy of this case is attached hereto as Exhibit "E."