**Westlaw Delivery Summary Report for SHERWOOD,CURTIS**

| | |
|---|---|
| Your Search: | the fifth amendment due process clause does not apply to the states |
| Date/Time of Request: | Wednesday, September 21, 2011 11:23 Hawaii - Aleutian |
| Client Identifier: | BAKER |
| Database: | FED9-ALL |
| Citation Text: | Slip Copy |
| Lines: | 574 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Page 1

Slip Copy, 2010 WL 3714993 (E.D.Cal.)
**(Cite as: 2010 WL 3714993 (E.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
Monte L. LOW, Plaintiff,
v.
CITY OF SACRAMENTO, Defendant.

No. 2:10-cv-01624 JAM KJN PS.
Sept. 17, 2010.

West KeySummary**Civil Rights** 78 1352(4)

78 Civil Rights
    78III Federal Remedies in General
        78k1342 Liability of Municipalities and Other Governmental Bodies
            78k1352 Lack of Control, Training, or Supervision; Knowledge and Inaction
                78k1352(4) k. Criminal Law Enforcement; Prisons. Most Cited Cases

Plaintiff failed to allege that city had a policy that amounted to deliberate indifference of his constitutional rights, as necessary to impose civil municipal liability for the actions of individual police officers. Although plaintiff claimed that he was beaten by an off-duty police officer and unjustifiably jailed by on-duty officers, he failed to allege that city had a policy that was the moving force behind officers' actions. 42 U.S.C.A. § 1983.

Monte L. Low, Sacramento, CA, pro se.

Marcos Alfonso Kropf, Sacramento City Attorney's Office, Sacramento, CA, for Defendant.

*ORDER*
KENDALL J. NEWMAN, United States Magistrate Judge.

***1** Presently before the court are defendant's motions to dismiss and strike plaintiff's Second Amended Complaint. (Dkt. No. 5.) The court heard this matter on its law and motion calendar on September 16, 2010. Attorney Kathy Rogan appeared on behalf of defendant. Plaintiff, who is proceeding without counsel, appeared on his own behalf. For the reasons that follow, the undersigned will: (1) grant defendant's motion to dismiss without prejudice, and (2) deny defendant's motion to strike plaintiff's prayer for punitive damages.

I. *BACKGROUND*

Plaintiff's Second Amended Complaint, which is the operative complaint, alleges that defendant, a municipality, violated plaintiff's constitutional rights and seeks recovery pursuant to 42 U.S.C. § 1983. (Second Am. Compl., Dkt. No. 2 at 5-9.) Specifically, it alleges that defendant violated plaintiff's rights secured by the First, Fourth, **Fifth**, and Fourteenth **Amendments** to the United **States** Constitution as a result of the actions of its employees. (Second Am. Compl. ¶¶ 1, 4.)

Generally, plaintiff's claims arise from events that ultimately resulted in his arrest for public intoxication by law enforcement officers alleged to be employed by defendant, the City of Sacramento. ( *See id.* ¶ 12.) Plaintiff alleges that on or about January 11, 2008, he was attacked by "an assailant" who, without warning, pushed him through the door of a pizza restaurant in Sacramento, California and "proceeded to severely beat [him], causing severe, potentially life threatening injuries." (*Id.* ¶ 7.) He further alleges that "[d]uring the beating, the assailant yelled at the plaintiff that he was an off-duty police officer." (*Id.* ¶ 8.)

The Second Amended Complaint alleges that "[o]fficers from the City of Sacramento Police Department responded to the assault," but "refused to take a complaint by the plaintiff." (*Id.* ¶¶ 9, 10.) Plaintiff alleges that, instead, the responding officers handcuffed him and placed him into a police car without telling him why he was being arrested or "reading him his rights." (*Id.* ¶ 10.) He alleges that once in the police car, he informed the officers that he was scared by their behavior and inquired

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

"if they were 'going to finish the job, and kill me?' " (*Id.*) Plaintiff contends that the officers repeatedly refused to answer plaintiff's questions and, because of the officers' silence and refusal to "alleviate" plaintiff's fears, plaintiff believed that he would be killed. (*Id.*)

Plaintiff further alleges that upon arrival at the jail, the officers " 'waved [*sic* ] away' the jail's medic" and withheld treatment, despite his serious injuries. (*Id.* ¶ 11.) Plaintiff alleges that he remained "unobserved and untreated for approximately fifteen hours" and, additionally, was "not permitted to have a phone call or any other contact with the outside world." (*Id.*) He alleges that he was "released from jail without charges on January 12, 2008," and that upon release he learned that he had been arrested for " 'public intoxication' from inhalants despite the fact that he was not intoxicated, and no sobriety or other tests had been administered." (*Id.* ¶ 12.)

**\*2** On January 15, 2008, plaintiff allegedly attempted to file a complaint with the "Sacramento County Police," but the "police refused to file the complaint for assault" and indicated that they had completed their investigation. (*Id.* ¶ 13.) Plaintiff alleges that "defendant's police officers additionally refused to allow [him] to file a complaint against the responding officers" and "refused to provide [him] with any information regarding his attacker, so the identity of this person remains unknown to plaintiff to this date." (*Id.*)

Plaintiff asserts that "the actions of the defendant were intentionally undertaken to prevent [him] from discovering the identity of the off-duty police officer that attacked him, to punish [him] for having been assaulted by an off-duty police officer, and to deny the plaintiff access to justice for the crimes committed against him." (*Id.* ¶ 14.) Plaintiff alleges that he: (1) has suffered physical pain and suffering as a result of the assault and the subsequent refusal of medical treatment; (2) has suffered mental pain and suffering as a result of the assault, "his unalleviated fear of being killed," the lack of medical treatment, and "the subsequent denial of any meaningful access to justice"; and (3) has been "denied employment due to the unfounded allegations of drug use in his arrest." (*Id.* ¶ 15.) FN1

> FN1. Plaintiff's written opposition to defendant's pending motions contains several additional factual assertions in support of this claims, including, among other things, details about the alleged assault, comments made by plaintiff to a nurse, documents completed at the jail, an "Internal Affairs" investigation, and denials of plaintiff's requests pursuant to the California Public Records Act, California Government Code §§ 6250 et seq. However, those factual allegations have not been considered or recounted here insofar as the sufficiency of plaintiff's operative complaint is concerned because, in ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 899 (9th Cir.2007) (citation and quotation marks omitted). Plaintiff has not appended any exhibits to his Second Amended Complaint that the court may consider and has not requested that the court take judicial notice of any matters. However, the undersigned has considered these additional factual allegations in evaluating whether plaintiff should be granted leave to file an amended complaint.

Plaintiff subsequently filed a complaint in California Superior Court, County of Sacramento, on July 8, 2009, alleging that defendant was liable for intentional torts and general negligence. (Compl., Dkt. No. 2 at 23-30.) On May 10, 2010, plaintiff filed a First Amended Complaint in the Superior

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3714993 (E.D.Cal.)
**(Cite as: 2010 WL 3714993 (E.D.Cal.))**

Court, which, for the first time, indicated that plaintiff was seeking relief against defendant pursuant to 42 U.S.C. § 1983. (First Am. Compl., Dkt. No. 2 at 11-15.) On May 14, 2010, plaintiff filed the Second Amended Complaint in the Superior Court, which seeks recovery against defendant for violations of 42 U.S.C. § 1983. (Second Am. Compl., Dkt. No. 2 at 5-9.) Plaintiff seeks compensatory damages, punitive damages, attorney's fees to the extent plaintiff retains an attorney, and costs.

On June 25, 2010, defendant removed plaintiff's action to federal court pursuant to 28 U.S.C. § 1441(b).FN2 (Notice of Removal, Dkt. No. 1.) Defendant subsequently filed its motions to dismiss and/or strike plaintiff's Second Amended Complaint that are pending before this court. (Dkt. No. 5.)

> FN2. Defendant's notice of removal states that defendant was never served with plaintiff's initial complaint, and was served with plaintiff's Second Amended Complaint on June 14, 2010. (Notice of Removal at 2.) Plaintiff has not challenged the timeliness of defendant's removal.

II. *LEGAL STANDARDS*

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F.Supp.2d 1104, 1109 (E.D.Cal.2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed.R.Civ.P. 8(a)(2); *see also* Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir.2009). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.' " Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir.2010) (quoting Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir.2010) (quoting Iqbal, 129 S.Ct. at 1949). The court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n. 1 (9th Cir.2009). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

**\*3** The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. *See* Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.2000) (en banc); *see also* Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"). As noted above, in ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc., 506 F.3d at 899 (citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983); *see also* Am-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

*aral v. Wachovia Mortgage Corp.,* 692 F.Supp.2d 1226, 1230 (E.D.Cal.2010). Motions to strike are generally disfavored, and this court has previously stated that a motion to strike brought pursuant to Rule 12(f) "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveu v. City of Fresno,* 392 F.Supp.2d 1159, 1170 (E.D.Cal.2005) (citation and quotation marks omitted); *see also Osei v. Countrywide Home Loans,* 692 F.Supp.2d 1240, 1255 (E.D.Cal.2010); *Shabaz v. Polo Ralph Lauren Corp.,* 586 F.Supp.2d 1205, 1209 (C.D.Cal.2008); *Wolk v. Green,* 516 F.Supp.2d 1121, 1134 (N.D.Cal.2007); *Wilkins v. Ramirez,* 455 F.Supp.2d 1080, 1112 (S.D.Cal.2006).

III. *DISCUSSION*

A. *Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint*

1. *Dismissal of Plaintiffs Claims For Failure to Allege Facts Supporting Municipal Liability Under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)*

Defendant first argues that plaintiff's Second Amended Complaint should be dismissed because plaintiff has not sufficiently alleged facts that support a cognizable claim that defendant, a municipality, is liable under 42 U.S.C. § 1983. (Def.'s Memo. of P. & A. in Supp. of Mots. to Dismiss/Strike ("Def.'s Memo.") at 2-3, Dlt. No. 5, Doc. No. 5-1.) It relies on the United States Supreme Court's decision in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny.

Generally, with respect to *individual* defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." *Franklin v. Fox,* 312 F.3d 423, 444 (9th Cir.2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir.2006) (citing *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). Here, plaintiff has not named as a defendant any of defendant's individual employees who allegedly violated plaintiff's constitutional rights; he only named defendant City of Sacramento, a municipality.

**\*4** Municipalities may be liable under Section 1983. However, the standards governing the liability of a municipality differ from those that govern the liability of individuals who acted under color of state law. Relevant here, in *Monell* the Supreme Court limited municipal liability and held that "a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. at 691. Instead, "[l]ocal governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690 (footnote omitted). The Court further stated that "it is when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 693; *see also Bd. of County Comm'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."); *Levine v. City of Alameda,* 525 F.3d 903, 907 (9th Cir.2008) ("A city can be sued for monetary damages under 42 U.S.C.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

§ 1983 if the constitutional violation was a product of a policy, practice, or custom adopted and promulgated by the city's officials.").

The Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." *Miranda v. Cornelius,* 429 F.3d 858, 868 (9th Cir.2005) (citation and quotation marks omitted, modification in original); *see also Levine,* 525 F.3d at 907 (" 'To establish [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation.") (citing *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835 (9th Cir.1996)). With respect to the last element, "[t]here must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 957 (9th Cir.2008) (en banc) (citation and quotation marks omitted).[FN3]

> FN3. There exist various formulations of the types of policies that may support a claim of municipal liability. However, the Ninth Circuit Court of Appeals has stated that in addition to showing that a constitutional violation resulted from an express municipal policy or custom, "[a] plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.' " *Price v. Sery,* 513 F.3d 962, 966 (9th Cir.2008) (citing *Ulrich v. City & County of San Francisco,* 308 F.3d 968, 984-85 (9th Cir.2002)); *accord Villegas,* 541 F.3d at 964 (Thomas, J., dissenting).

**\*5** Here, plaintiff alleged that employees of the City of Sacramento violated his rights provided by the First, Fourth, **Fifth**, and Fourteenth **Amendments** to the U.S. Constitution. However, he has **not** identified any policy or custom in support of his claim that the City of Sacramento, *as opposed to any of its individual employees,* is liable under 42 U.S.C. § 1983. He has only alleged that individual employees of the City of Sacramento acted in derogation of his constitutional rights. Such allegations, by themselves, do not state a cognizable claim for municipal liability. Moreover, plaintiff has not alleged that any such policy or custom was the "moving force" behind the alleged constitutional violations. Accordingly, the undersigned will grant defendant's motion to dismiss. However, such dismissal will be without prejudice, and plaintiff will be afforded an opportunity to file an amended complaint that cures the pleading deficiencies in the Second Amended Complaint.

2. *Plaintiff's Claim of A Violation of His First Amendment Rights*

In addition to its arguments in favor of dismissal based on plaintiff's failure to state a cognizable claim of municipal liability under *Monell* liability, defendant moves to dismiss plaintiff's claims to the extent that they allege a violation of plaintiff's First Amendment rights. (Def.'s Memo. at 4.) It argues that plaintiff "has not alleged any facts ... demonstrating or inferring that any of his rights under the First Amendment were violated by the City or any of its employees." (*Id.*)

Plaintiff's Second Amended Complaint does not specifically identify which of his alleged facts

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

give rise to a First Amendment claim or the precise nature of the First Amendment violation. For these additional reasons, the undersigned will dismiss plaintiff's claim of a First Amendment violation. However, the undersigned concludes that, based on the allegations in the Second Amended Complaint and plaintiff's written opposition to defendant's motions, plaintiff should be given an additional opportunity to plead a claim for a violation of his First Amendment rights in an amended complaint.

The Second Amended Complaint alleges, however tersely, that "the police refused to file the complaint for the assault" that plaintiff allegedly suffered at the hands of an off-duty police officer. (Second Am. Compl. ¶ 13.) It also alleges that "defendant's police officers ... refused to allow the plaintiff to file a complaint against the responding officers." (*Id.*) Although there does not appear to be case law on point in the Ninth Circuit, the Tenth Circuit Court of Appeals has held, in the context of a First Amendment retaliation claim, "that 'filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right' to petition the government for the redress of grievances." *Meyer v. Bd. of County Comm'rs of Harper County, Okla.,* 482 F.3d 1232, 1243 (10th Cir.2007) (citing *Estate of Morris v. Dapolito,* 297 F.Supp.2d 680, 692 (S.D.N.Y.2004)); *see also Jackson v. New York,* 381 F.Supp.2d 80, 89 (N.D.N.Y.2005) (stating, in the context of a First Amendment retaliation claim, that "[i]t is axiomatic 'that filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right' to petition government for the redress of grievances") (citing *Lott v. Andrews Ctr.,* 259 F.Supp.2d 564, 568 (E.D.Tex.2003). At this point in the proceedings, it is unclear whether plaintiff is alleging a First Amendment retaliation claim or some other infringement of his First Amendment rights. However, plaintiff has alleged enough facts to suggest to the court that given an opportunity to amend his complaint, he might be able to sufficiently plead a violation of his First Amendment right to petition the government for a redress of grievances. This is, of course, assuming plaintiff can overcome the dismissal of his Second Amended Complaint based on a failure to plead a policy or custom in support of a claim of municipal liability against defendant. Accordingly, the undersigned rejects, at this time, defendant's alternate ground for dismissal of plaintiff's First Amendment claim.

**\*6** Additionally, the Second Amended Complaint alleges that defendant intentionally prevented plaintiff from learning the identity of the off-duty police officer who allegedly assaulted him and, as a result, plaintiff was denied "access to justice." (Second Am. Compl. ¶¶ 13, 14.) As pled, this allegation does not state a cognizable First Amendment claim. However, plaintiff's opposition brief provides additional information that is material to evaluating whether plaintiff should be given leave to amend his First Amendment claim. Plaintiff conveys that his First Amendment claim relates, at least in part, to defendant's alleged denials of his requests, made pursuant to the California Public Records Act, for "the Incident Report 08-13304." (Pl.'s Opp'n to Mot. to Dismiss/Strike at 6, Dkt. No. 11.) The public has a limited, qualified right to inspect and copy public records and documents that is grounded in the First Amendment and common law. *See United States v. Higuera-Guerrero ( In re Copley Press, Inc.),* 518 F.3d 1022, 1029 (9th Cir.2008) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)); *Phoenix Newspapers v. U.S. Dist. Court,* 156 F.3d 940, 946 (9th Cir.1998). Accordingly, plaintiff will be permitted an opportunity to attempt to plead facts in an amended complaint that substantiates a violation effectuated by the denial of access to public records.

The undersigned reiterates, however, that even if plaintiff is able to clarify his First Amendment claims in an amended complaint, plaintiff's pleading will still be subject to dismissal by defendant if he is unable to plead a sufficient claim for municipal liability, as discussed above. In addition, nothing

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3714993 (E.D.Cal.)
**(Cite as: 2010 WL 3714993 (E.D.Cal.))**

in this order precludes defendant from challenging any subsequently alleged First Amendment claims on the same grounds asserted here.

3. *Plaintiff's Claim of A Violation of His **Fifth Amendment** Rights*

In addition to its successful argument that plaintiff has failed to meet the pleading requirements to sufficiently allege municipal liability, defendant also moves to dismiss plaintiff's Second Amended Complaint to the extent that it alleges that defendant violated plaintiff's rights of due process provided by the **Fifth Amendment** to the U.S. Constitution. (Def.'s Memo. at 4.) Defendant contends that the **Due Process Clause** of the **Fifth Amendment** does **not apply** to the actions of local governments or their employees. The undersigned agrees and concludes that plaintiff's **Fifth Amendment** claim should be dismissed for this reason, in addition to the reasons **stated** above that relate to plaintiff's failure to adequately plead a claim for municipal liability under *Monell.* However, out of an abundance of caution, such dismissal will be without prejudice.

Defendant is correct that the **Fifth Amendment applies** to the actions of the federal government, **not** a municipality. The Ninth Circuit Court of Appeals has plainly held that "[t]he **Due Process Clause** of the **Fifth Amendment** [ **applies**] only to actions of the federal government-**not** to those of **state** or local governments." *Lee v. City of Los Angeles,* 250 F.3d 668, 687 (9th Cir.2001); *see also Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir.2008) ( "The **Fifth Amendment's due process clause** only **applies** to the federal government."); *Castillo v. McFadden,* 399 F.3d 993, 1002 n. 5 (9th Cir.2005) ("The **Fifth Amendment** prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several **States** ").

\* Here, plaintiff has only named the City of Sacramento, a local government, as a defendant and has **not** alleged that the federal government or another federal actor played any part in the events that give rise to his **Fifth Amendment** claim. Accordingly, the undersigned will dismiss plaintiff's Section 1983 claim to the extent it alleges a violation of the **Due Process Clause** of the **Fifth Amendment**. It is highly doubtful that plaintiff will be able to amend his Second Amended Complaint to **state** a viable claim of a **Fifth Amendment** due process violation given that plaintiff only alleges constitutional violations based on the acts of the City of Sacramento and its employees. Nevertheless, the dismissal of plaintiff's **Fifth Amendment** claim will be without prejudice. Plaintiff is warned, however, that he should **not** re-plead a claim premised on the **Fifth Amendment's Due Process Clause** if he cannot allege any action by the federal government or a federal actor relative to his claims. Such a claim would be subject to dismissal.

4. *Plaintiff's Claim of A Violation of His Fourteenth Amendment Rights*

Defendant also separately argues to dismiss plaintiff's claims to the extent they rely on the Fourteenth Amendment on the grounds that: (1) it is duplicative of his Fourth Amendment claim, and (2) it fails to demonstrate how, if at all, plaintiff was denied equal protection of the laws. (Def.'s Memo. at 5.) The Second Amendment Complaint does not clearly identify the nature of plaintiff's Fourteenth Amendment claim. However, plaintiff asserts in his opposition brief that he was denied due process of law and equal protection of the laws under the Fourteenth Amendment because: (1) defendant's employees refused to investigate plaintiff's report of an assault "because the perpetrator of the crime was a police officer"; (2) impermissibly denied plaintiff's California Public Records Act requests seeking the names of the off-duty officer who allegedly assaulted plaintiff, the responding officers, and those who allegedly engaged in a cover-up of the incident. (*See* Pl.'s Opp'n to Mot. to Dismiss/ Strike at 5-6.)

Defendant is correct that plaintiff's Fourteenth Amendment claim is duplicative of his Fourth

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Amendment claim to the extent that it relates to a claim of excessive force during a pretrial detention. *See* Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir.2002) (stating that "we have determined that the Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention") (citing Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir.1996) ("We are persuaded by precedent which **applies** the Fourth Amendment standard to assess the constitutionality of the *duration* of or *legal justification* for a prolonged warrantless, post-arrest, pre-arraignment custody, that the Fourth Amendment should also **apply** to evaluate the *condition* of such custody" (citations omitted).), *cert. denied,* 519 U.S. 1006, 117 S.Ct. 506, 136 L.Ed.2d 397 (1996)). However, plaintiff's Fourteenth Amendment claims are **not** limited to the duration, legal justification, or condition of his alleged warrantless, post-arrest, pre-arraignment custody.

**\*8** Plaintiff's opposition clarifies, at least to some degree, that plaintiff's Fourteenth Amendment claim relates to the period of time *after* his release from jail. Specifically, it states that plaintiff's claim or claims relate to defendant's employees' alleged, intentional refusal to investigate his claim and disclose the identities of his alleged attacker and other law enforcement officers involved in his arrest. (*See* Pl.'s Opp'n to Mot. to Dismiss/Strike at 5-6; Second Am. Compl. ¶¶ 13-15.) Plaintiff asserts that this treatment was based on the fact that his assailant was an off-duty police officer. The undersigned is not convinced at this early stage that, assuming plaintiff overcomes the pleading deficiencies related to allegations of municipal liability against defendant, he could not allege a "class of one" equal protection claim, which may generally lie where an individual has been irrationally singled out for discrimination by the government. *See* Enquist v. Ore. Dep't of Agric., 553 U.S. 591, 128 S.Ct. 2146, 2153, 170 L.Ed.2d 975 (2008) ("[A]n equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.' "); Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); *N. Pacifica LLC v. City of Pacifica,* 526 F.3d 478, 486 (9th Cir.2008) ("In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the City intentionally, and without rational basis, treated the plaintiff differently from others similarly situated."). Accordingly, the undersigned rejects, in part, defendant's request that plaintiff's Fourteenth Amendment claim be dismissed with prejudice.[FN4]

> FN4. Again, however, plaintiff's primary hurdle is his failure to sufficiently allege municipal liability on the part of defendant, and it is this failure that is the basis for the dismissal of the Second Amended Complaint.

B. *Motion to Strike Plaintiff's Prayer for Punitive Damages*

Finally, defendant moves to strike, pursuant to Federal Rule of Civil Procedure 12(f), plaintiff's request for relief in the form of punitive damages on the grounds that a Section 1983 plaintiff may not recover punitive damages from a municipality as a matter of law. (Def.'s Memo. at 5; *see also* Pl.'s Second Am. Compl. at 5:7.) The undersigned will deny defendant's motion to strike.

Defendant is correct insofar as it argues that a plaintiff may not recover punitive damages from a municipality on a claim brought pursuant to 42 U.S.C. § 1983. The Supreme Court has squarely held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *accord Jefferson v.*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

*City of Tarrant, Ala.,* 522 U.S. 75, 79, 118 S.Ct. 481, 139 L.Ed.2d 433 (1997); *see also Bell v. Clackamas County,* 341 F.3d 858, 868 n. 4 (9th Cir.2003). However, the Ninth Circuit Court of Appeals recently held, in a case of first impression, that Rule 12(f) does "not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. HandiCraft Co.,* No. 09-16353, 2010 WL 3222417, at *4 (9th Cir. Aug.17, 2010) (reversing the district court's order striking, pursuant to Rule 12(f), plaintiff's claim for lost profits and consequential damages where the defendant had argued that such categories of damages were precluded as a matter of law). Defendant is attempting to do exactly what the Court of Appeals has held was impermissible in that it seeks to strike plaintiff's prayer for punitive damages on the grounds that a plaintiff may not, as a matter of law, recover punitive damages against a municipality in a Section 1983 action. This court lacks authority to strike plaintiff's prayer for punitive damages pursuant to Rule 12(f) and, accordingly, the undersigned will deny defendant's motion to strike.

IV. *CONCLUSION*

**\*9** For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

2. Plaintiff's Second Amended Complaint is dismissed without prejudice.

3. Plaintiff shall have thirty (30) days from the date of entry of this order within which to file and serve an amended complaint entitled "Third Amended Complaint." Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. An amended complaint must be complete in itself. *See* E. Dist. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967). Accordingly, once plaintiff files an amended complaint, the prior complaints no longer serve any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir.1981).

4. Defendant's motion to strike plaintiff's prayer for punitive damages pursuant to Federal Rule of Civil Procedure 12(f) is denied.

IT IS SO ORDERED.

E.D.Cal.,2010.
Low v. City of Sacramento
Slip Copy, 2010 WL 3714993 (E.D.Cal.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.