**Westlaw Delivery Summary Report for SHERWOOD,CURTIS**

| | |
|---|---|
| Date/Time of Request: | Wednesday, September 21, 2011 21:37 Hawaii - Aleutian |
| Client Identifier: | BAKER |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 200 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Not Reported in F.Supp.2d, 2006 WL 298810 (D.Neb.)
**(Cite as: 2006 WL 298810 (D.Neb.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Nebraska.
Reginald BEVERLY, an incapacitated person, by Ronald Beverly, Conservator, Plaintiff,
v.
Chuck CASEY, John Bahle, Jason Slosson, Doug Herout, and Sgt. Russ Horine, Individually and in their official capacities as police officers for the City of Omaha, and the City of Omaha, Individually, Defendants.

No. 8:05CV393.
Feb. 6, 2006.

Natalie Osorio Nowak, Schicker Law Firm, Omaha, NE, for Plaintiffs.

Thomas O. Mumgaard, City of Omaha, Omaha, NE, for Defendants.

MEMORANDUM AND ORDER
CAMP, J.

**\*1** This matter is before the Court on the Defendants' Motion to Dismiss. (Filing No. 4). For the reasons stated below, the Motion will be granted in part and denied in part.

BACKGROUND

The Plaintiff Reginald Beverly ("Beverly"), an incapacitated person, through his conservator, filed this action in the District Court of Douglas County, Nebraska, on July 8, 2005, and the Defendants removed the case to this Court on August 10, 2005. The Complaint (Filing No. 1) alleges that on August 1, 2003, the Defendants Chuck Casey, John Bahle, Jason Slosson, Doug Herout, and Sgt. Russ Horine, all employed by the Omaha Police Department, attempted to arrest Beverly at 813 North 47th Street in Omaha, Nebraska, for use of an "illicit substance." (*Id.* ¶ 8-9). When Beverly refused repeated commands to exit the building, Horine directed other Defendants to deploy pepper spray and pepper balls. (*Id.* ¶¶ 11-13). As Defendant Slosson fired pepper balls at Beverly, he exited the residence. (*Id.* ¶ 14). The Complaint implies that one or more of the Defendants then tackled Beverly, wrestled him to the ground, placed him in a chokehold, and handcuffed him. (*Id.* ¶ 17). The Complaint states that Beverly was taken to a hospital by medics, examined by a physician, medicated, and later found to be unresponsive and incapacitated. (*Id.* ¶¶ 18-20). The Complaint alleges that Defendants Casey, Bahle, Slosson, and Herout knowingly used excessive force [FN1] by deploying pepper spray or pepper balls at Beverly who was in a drug-intoxicated state, and by attempting to restrain him; and that Defendants Horine and the City of Omaha provided improper training and supervision for the other Defendants. (*Id.* ¶ 21). The Complaint asserts claims under 42 U.S.C. §§ 1983 and 1988; Neb.Rev.Stat. § 20-148 (Reissue 1997) and 25-2165 (Reissue 1995); and state tort-based claims against Defendants Casey, Bahle and Slosson for assault and battery; against Herout, Casey, Bahle and Slosson for "outrage;" and against Homine for negligent supervision. (*Id.* at ¶¶ 2, 23, and Prayer for Relief).

> FN1. Nebraska's use-of-force standards are set forth in Neb.Rev.Stat. § 28-1406 *et seq.* (Reissue 1995). Section 28-1412 describes the circumstances under which the use of force is justifiable in effecting an arrest.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which grants original jurisdiction to federal district courts over federal questions; 28 U.S.C. § 1367(a), which grants supplemental jurisdiction to federal district courts over claims that are so related to the original jurisdiction claims that they form part of the same case or controversy; and 28 U.S.C. § 1441, which permits removal of claims to federal court when arising under the Constitution or laws of the United States. The Defendants have moved under Fed.R.Civ.P. 12(b)(6) to dismiss

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 298810 (D.Neb.)
**(Cite as: 2006 WL 298810 (D.Neb.))**

Page 2

Beverly's tort-based claims and his allegations of liability under Neb.Rev.Stat. § 20-148.

### STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court must view the factual allegations in the light most favorable to the plaintiff. *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001). The Court must liberally construe the complaint, accept all its factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Howard v. Coventry Healthcare,* 293 F.3d 442, 444 (8th Cir.2002); *Turner v. Holbrook,* 278 F.3d 754, 757 (8th Cir.2002). A complaint must contain "sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.* 276 F.3d 1019, 1022 (8th Cir.2002).

### DISCUSSION

*2 The Defendants assert that Beverly's tort-based claims (Complaint ¶ 23) are barred by the provisions of Nebraska's Political Subdivisions Tort Claims Act, Neb.Rev.Stat. §§ 13-901 *et seq.* (Reissue 1997). The Defendants also move for dismissal of any claims raised by Beverly under Neb.Rev.Stat. § 20-148.[FN2] Beverly agrees that his claim against Horine alleging negligent supervision should be dismissed, and that any claims under Neb.Rev.Stat. § 20-148 should be dismissed. (Plaintiff's Brief in Resistance to Defendants' Motion to Dismiss, Filing No. 8, pp. 3-6). Beverly resists dismissal of his other state tort-based claims against Casey, Bahle, Slosson and Herout.

> FN2. "Any person or company ... except any political subdivision, who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person." Neb.Rev.Stat. § 20-148(1)(Reissue 1997). "[Section] 20-148 is a procedural statute which does not create any new substantive rights." *Goolsby v. Anderson,* 250 Neb. 306, 549 N.W.2d 153, 157 (Neb.1996).

Nebraska's Political Subdivisions Tort Claims Act provides that "no suit shall be maintained against [a] political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the Political Subdivisions Tort Claims Act." Neb.Rev.Stat. § 13-902 (Reissue 1997). The Act also states:

No suit shall be commenced against any employee of a political subdivision for money on account of damage to or loss of property or personal injury to or the death of any person caused by any negligent or wrongful act or omission of the employee while acting in the scope of his or her office or employment occurring after May 13, 1987, unless a claim has been submitted in writing to the governing body of the political subdivision within one year after such claim accrued in accordance with section 13-905.

Neb.Rev.Stat. § 13-920(1) (Reissue 1997). The Political Subdivisions Tort Claims Act, however, *does not apply* to "[a]ny claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Neb Rev. Stat. § 13-910(7) (Reissue 1997).

Because Nebraska's Political Subdivisions Tort Claims Act *does not apply* to claims arising out of assault and battery, any immunity to which the City of Omaha would otherwise be entitled has not been waived through the Act. *See, e.g., Johnson v. State of Nebraska,* 270 Neb. 316, 700 N.W.2d 620, 623 (Neb.2005), construing comparable provisions of Nebraska's State Tort Claims Act, Neb.Rev.Stat. §§ 81-8,8209 to 81,8235 (Reissue 1996 &

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Cum.Supp.1998).FN3 The Nebraska Supreme Court has interpreted the exemptions in § 13-910 as a listing of those actions for which the state *has not* waived the sovereign immunity of its political subdivisions. *See, e.g., Talbot v. Douglas County,* 249 Neb. 620, 544 N.W.2d 839, 843 (Neb.1996) (political subdivisions retain immunity against any claim based upon the exercise of a discretionary function); and *Hall v. Abel Investment Co.,* 192 Neb. 256, 219 N.W.2d 760, 761 (Neb.1974) (political subdivisions retain immunity for actions based on allegations of misrepresentation and deceit).

> FN3. The immunity to which a political subdivision is entitled is not necessarily the same as the sovereign immunity enjoyed by the parent state. *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001)(Eleventh Amendment does not extend immunity to units of local government); Neb.Rev.Stat. § 14-101 (Reissue 1997)(Nebraska cities of the metropolitan class have the power to "sue and be sued.").

Beverly's Complaint names Casey, Bahle, Slosson, Herout, and Horine as Defendants in their individual and official capacities (*id.* ¶ 7, 219 N.W.2d 760), and seeks monetary damages, not injunctive relief (*id.,* Prayer for Relief). Suits against governmental employees in their official capacities are effectively suits against the government. "State officers sued for damages in their official capacity ... assume the identity of the government that employs them." *Hafer v. Melo,* 502 U.S. 21, 26, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), citing *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Therefore, Beverly's state tort-based claims against the individual Defendants in their official capacities are in effect actions against the City of Omaha, and are barred by sovereign immunity.

**\*3** With respect to Beverly's state tort-based claims against the individual Defendants in their individual capacities,FN4 the Complaint alleges that Casey, Bahle, Slosson and Herout knowingly used excessive force that was objectively unreasonable. (*Id.* ¶ 21). Although the Complaint alleges that the Defendants were at all relevant times acting "under color and pretense of the law," it does not allege that they were at all times acting in the scope of their employment. (*Id.* ¶ 4). By their very nature, the intentional torts listed in § 13-910(7) are of the sort that, if proven, would occur outside the scope of public employment.FN5 The claims against the individual Defendants in their individual capacities, arising out of alleged assault and battery, are not subject to the provisions of the Nebraska Political Subdivisions Tort Claims Act, nor are they barred by sovereign immunity.

> FN4. I recognize that the provisions of the Political Subdivisions Tort Claims Act apply when an individual is sued in his or her individual capacity, as long as he or she was acting within the scope of employment. *Bohl v. Buffalo County,* 251 Neb. 492, 557 N.W.2d 668 (Neb.1997); *Cole v. Wilson,* 10 Neb.App. 156, 627 N.W.2d 140 (Neb.Ct.App.2001). With respect to claims arising out of alleged assault and battery, however, the Act is inapplicable.

> FN5. Most of the exemptions in § 13-910 refer to governmental functions that are routine, or require the exercise of discretion. It is reasonable to infer that the State chose to retain immunity for its political subdivisions in these areas to limit litigation and to enable employees to exercise judgment without generating liability. With respect to the exemptions in § 13-910(7), however, the rationale appears to be the fact that any employee committing such intentional torts *could not* be acting within the scope of employment. While I recognize that the state may through legislation eliminate common law causes of

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

action (see, *e.g.,* Neb.Rev.Stat. § 25-21, 188 (Reissue 1995), the Defendants have presented no legislative history or other evidence that persuades me that Nebraska's legislature intended to eliminate common law causes of action for assault and battery, simply because the alleged perpetrator was in the employ of the government at the time of the assault.

For the reasons stated in this memorandum,

IT IS ORDERED:

1) The Defendants' Motion to Dismiss (Filing No. 4) is granted in part and denied in part;

2) The Plaintiff's claim against Defendant Sgt. Russ Horine based on alleged negligent supervision is dismissed;

3) The Plaintiff's claims against all Defendants based on Neb.Rev.Stat. § 20-148 are dismissed;

4) The Plaintiff's state tort-based claims against all Defendants in their official capacities are dismissed; and

5) The Motion to Dismiss is otherwise denied.

D.Neb.,2006.
Beverly ex rel. Beverly v. Casey
Not Reported in F.Supp.2d, 2006 WL 298810 (D.Neb.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.