**Westlaw Delivery Summary Report for SHERWOOD,CURTIS**

| | |
|---|---|
| Date/Time of Request: | Wednesday, September 21, 2011 21:39 Hawaii - Aleutian |
| Client Identifier: | BAKER |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 163 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Not Reported in F.Supp.2d, 2009 WL 928867 (D.Neb.)
**(Cite as: 2009 WL 928867 (D.Neb.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Nebraska.
PLAN PROS, INC., Plaintiff,
v.
Brian ZYCH, d/b/a Zych Construction, Tracy Zych, Zych Construction L.L.C., Kenneth Tinnes, d/b/a KT Design and Ken Tinnes Residential Design, CBS Home Real Estate Company, Wilson Martinez and Cora Martinez, Defendants.

No. 8:08CV125.
March 31, 2009.

Dana A. Lejune, Lejune Law Firm, Houston, TX, for Plaintiff.

Joseph E. Jones, Patrick S. Cooper, Fraser, Stryker Law Firm, Brent W. Nicholls, Douglas W. Ruge, II, Ruge Law Firm, Omaha, NE, for Defendants.

MEMORANDUM AND ORDER
LYLE E. STROM, Senior District Judge.

I. INTRODUCTION

**\*1** This matter is before the Court on defendants Wilson Martinez and Cora Martinez's motion to dismiss plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) (Filing No. 59) and on defendants Brian Zych, Tracy Zych, and Zych Construction, L.L.C.'s (the "Zych Defendants") and the Martinezes' motion to strike plaintiff's expert witness designation (Filing No. 70). Upon review of the motion, the plaintiff's first amended complaint, the briefs and evidentiary submissions of the parties, and the applicable law, the Court finds that the motion to dismiss should be granted and the motion to strike the expert witness designation should be denied.

II. BACKGROUND

The following facts are presumed to be true for the purposes of this motion. Plan Pros, Inc. ("Plan Pros") is in the business of publishing architectural house plans (Pl.'s First Amended Compl., Filing No. 56, at ¶ 10). Among the plans published by Plan Pros are the "Leftwich" and "Elway" designs, in which it has valid and persisting copyrights. (*Id.* at ¶¶ 10, 13, 14.) In early summer, 2007, Plan Pros became aware that defendants Brian Zych, Zych Construction, L.L.C., and/or Kenneth Tinnes, had copied from at least one of its plans, that Brian Zych and Zych Construction, L.L.C., had built a house conforming to the copied plan, and that Tracy Zych and CBS Home Real Estate Company ("CBS") had begun to advertise it for sale. (*Id.* at ¶ 15.) Plan Pros sent the Zych Defendants a cease and desist letter, after which Brian Zych asked the attorney for CBS to try to resolve Plan Pros's concerns on the telephone. (*Id.* at ¶¶ 17, 19.) Later, Brian Zych attempted to purchase construction and promotional licenses from a company which markets Plan Pros's designs, but the request to purchase was declined. (*Id.* at ¶ 18.) Traci Zych and CBS sold the infringing structure to Wilson Martinez and Cora Martinez on or about February 8, 2008. (*Id.* at ¶ 19.)

Plan Pros sued the defendants on March 20, 2008, alleging willful and nonwillful copyright infringement (Filing No. 1). Plan Pros filed its first amended complaint for copyright infringement in this matter on November 24, 2008 (Filing No. 56). The only mention of Wilson or Cora Martinez in plaintiff's first amended complaint is that they purchased a house (*Id.* at ¶ 19) and that they be "permanently enjoined from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures...." (*Id.* at 39). On December 12, 2008, three days before this Court's deadline of December 15, 2008, Plan Pros filed its expert witness disclosure in this case. The Zych Defendants and the Martinezes object to Plan Pros's disclosure as being incomplete.

III. DISCUSSION
A. Motion to Dismiss Standard

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

After a plaintiff files a complaint, the Federal Rules of Civil Procedure permit certain defenses to be asserted by motion. Fed.R.Civ.P. 12(b). Among these defenses is the motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. Riley v. St. Louis County, 153 F.3d 627, 629 (8th Cir.1998); Carney v. Houston, 33 F.3d 893, 894 (8th Cir.1994). The issue in resolving a motion to dismiss is whether the plaintiff is entitled to offer evidence in support of his claim, not whether he will ultimately prevail. United States v. Aceto Chems. Corp., 872 F.2d 1373, 1376 (8th Cir.1989). In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir.1978), cert. denied, 439 U.S. 1070 (1979). Thus, a dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief." Jackson Sawmill, 580 F.2d at 306. "At the very least the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Briehl v. General Motors Corp., 172 F.3d 623, 627 (8th Cir.1999).

*2 Although the complaint must contain facts, an extensive factual statement is unnecessary. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, ----, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ----, 127 S.Ct. 1955, 167 (2007)). "In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 127 S.Ct. at 2200 (citing Twombly, 127 S.Ct. at 1955). Although the truth of factual allegations is accepted for the purposes of ruling on a motion to dismiss, courts give "no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ... rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 2007 WL 4165751, *2 (8th Cir.2007) (internal citations omitted).

B. Wilson and Cora Martinez

Plan Pros admits that it did not sue the Martinezes for infringement (Filing No. 67, at 3). Instead, it argues that it is entitled to injunctive relief against them based solely on the fact of their ownership of an infringing structure. However, in order to be entitled to injunctive relief, a plaintiff must establish, among other things, that it has a valid claim against the defendant. See Avery Dennison Corp. v. Sumpton, 189 F.3d 868, 881 (9th Cir.1999) ("Actual success on the merits of a claim is required for a permanent injunction."). Here, Plan Pros has not asserted any claim against the Martinezes, and therefore is not entitled to any remedy. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 n. 5 (11th Cir.2004) ("[A] party may not obtain a 'traditional' injunction if he lacks a cognizable, meritorious claim."). Because Plan Pros does not allege a cause of action against the Martinezes for anything other than injunctive relief, the Court finds that the Martinezes should be dismissed from this case. Moreover, because no independent cause of action for injunction exists, it is unnecessary for the Court to consider how the factors articulated in Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109 (8th Cir.1981), would apply in this case if a cause of action had been asserted. Plan Pros argues that this motion is premature because although "the Martinezes *appear* to claim that they bought the house not knowing it was an infringing structure" they may have actually known about the infringement (Filing No. 67, at 2-3 (emphasis in original)). Plan Pros "requests leave of Court to take discovery and develop the facts on this issue." (*Id.*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

at 3.) However, this lawsuit has been pending for over a year, and nothing has prevented Plan Pros from conducting discovery on this issue to date. The Court therefore declines to grant leave for further discovery on this issue. Lacking fair notice of the claims against them, Wilson and Cora Martinez will be dismissed as defendants.

C. Motion to Strike Expert Witness Designation

***3** The Zych Defendants and the Martinezes move to strike the expert designation of Herbert Lyon (Filing No. 71). The Court notes that Plan Pros has stated that Lyon "will be used solely to rebut defendants' experts' opinions concerning 'deductible expenses, and elements of profits attributable to factors other than the copyrighted work.' " (Filing No. 74, at 1.) The Court finds this proposed use of Lyon by Plan Pros to be uncontroversial. It is similarly clear that Lyon may not testify regarding matters outside the scope of rebuttal which were not properly disclosed to the defendants pursuant to [Fed.R.Civ.P. 26](). Matters attending to the scope of Lyon's rebuttal testimony are more appropriately addressed when the evidence is introduced at trial. The motion to strike Lyon's testimony, therefore, will be denied as overbroad without prejudice to re-assertion upon appropriate motion at a later point in this litigation.

### IV. CONCLUSION

For the foregoing reasons, the motion to dismiss Wilson and Cora Martinez from this action should be granted and the motion to strike plaintiff's expert witness designation should be denied. Accordingly,

IT IS ORDERED:

1) Defendants Wilson and Cora Martinez's motion to dismiss plaintiff's amended complaint (Filing No. 59) is granted; Wilson Martinez and Cora Martinez are terminated as party defendants herein;

2) Defendants' motion to strike plaintiff's expert witness designation (Filing No. 70) is denied;

3) Defendants' motion to file affidavit under seal (Filing No. 76) is granted.

D.Neb.,2009.
Plan Pros, Inc. v. Zych
Not Reported in F.Supp.2d, 2009 WL 928867 (D.Neb.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.