IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; STATE OF HAWAII; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT; NEIL ABERCROMBIE, in his official capacity as Hawaii Governor,<br><br>　　　　　Defendants. | CIVIL NO. 11-00528 ACK-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

In this 42 U.S.C. §1983 action, Plaintiff complains that he was denied a firearms permit in violation of his Second Amendment rights, inter alia. Plaintiff has brought suit against the State of Hawaii and Governor Abercrombie in his official capacity, as well as against the City and County of Honolulu and others, and seeks monetary damages and declaratory and injunctive relief.

For the reasons and authorities set out below, the State of Hawaii and Governor Abercrombie move this Court for entry of judgment in their favor on all of Plaintiff's claims against them.

II.   STANDARD OF REVIEW

>   Rule 12(c) of the Federal Rules of Civil Procedure reads:
>
>   **(c) Motion for Judgment on the Pleadings.** After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings.

In its discussion of Rule 12(c), Moore's Federal Practice states in pertinent part:

>   As with the Rule 12(b)(6) motion, under Rule 12(c) the court must accept the nonmovant's allegations as true; viewing the facts "in the light most favorable to the nonmoving party." Judgment on the pleadings should be granted if the movant "is entitled to judgment as a matter of law." A complaint survives a motion for judgment on the pleadings if it contains sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face." The court is not obliged, however, to ignore facts set forth in the complaint that undermine the plaintiff's claim. In determining whether the plaintiff's claims are "plausible," the court should not consider any allegations that are merely legal conclusions.

2 Moore's Federal Practice § 12.38 (3d ed. 2011).

III.   ARGUMENT

    A.   Plaintiff's Federal Constitutional Claims Against the State of Hawaii and Governor Abercrombie are Barred by Eleventh Amendment Immunity.

The doctrine of sovereign immunity is set out in the Eleventh Amendment to the United States Constitution:

>   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or

2

Subjects of any Foreign State.

U.S. Const. amend XI. Sovereign immunity is an absolute bar to suits in federal court against a state, whether brought by its own citizens or citizens of another state. Papasan v. Allain, 478 U.S. 265, 276 (1986); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986); Office of Hawai'ian Affairs v. Department of Educ., 951 F. Supp. 1484, 1490 (D. Haw. 1996). The Eleventh Amendment also bars federal court actions against state officials in their official capacities, Kentucky v. Graham, 473 U.S. 159, 165-67 (1985), and against instrumentalities or agencies of a state. Shaw, 788 F.2d at 603. A state may waive its immunity only if it does so unequivocally, or Congress can exercise its power under the Fourteenth Amendment to override that immunity. Will v. Michigan Dep't State Police, 491 U.S. 58, 66 (1989). Absent a waiver or abrogation or immunity, federal statutory and constitutional claims for monetary damages are barred against state officials sued in their official capacities. Dittman v. State of California, 191 F.3d 1020, 1025-26 (9th Cir. 1999).

In order to waive sovereign immunity, a state's consent must be expressed unequivocally. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). The State of Hawaii has not waived its sovereign immunity in federal court for civil rights actions. Here, the State of Hawaii and Governor Abercrombie have invoked the doctrine of sovereign immunity. See Answer to Complaint filed on September 21, 2011.

Congress has the power to abrogate the sovereign immunity of the states pursuant to Section 5 of the Fourteenth Amendment to the United States Constitution: "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article." Congress must do so by enacting a statute which "explicitly and by clear language indicate(s) on its face an intent to sweep away the immunity of the States." Quern v. Jordan, 440 U.S. 332, 345 (1979); Kimel v. Florida Board of Regents, 528 U.S. 62, 73 (2000) (Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute). In Will v. Michigan Dep't State Police, 491 U.S. 58, 65-66 (1989) the Court held that Congress did not abrogate the States' Eleventh Amendment immunity when enacting 42 U.S.C. §1983:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties . . . .

42 U.S.C. § 1983 provides that any "person" acting under the color of state law in violating another's rights is liable to that injured party. However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71; Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). With respect to state officials, although they are literally persons, a suit against a state official in his or her official capacity is not a

suit against the official, but rather is a suit against the official's office. As such, it is no different from a suit against the state itself. Will, 491 U.S. at 71 (citation omitted).

The State of Hawaii has not waived its sovereign immunity, and Congress, in passing 42 U.S.C. § 1983, did not abrogate the Eleventh Amendment immunity of state governments. This Court therefore lacks jurisdiction over all of Plaintiff's federal constitutional claims against the State of Hawaii, and over Plaintiff's claims for monetary damages against Governor Abercrombie. Accordingly, judgment should be entered in favor of the State of Hawaii, and in favor of Governor Abercrombie on Plaintiff's claim for monetary damages.

> B. Plaintiff's Claims Against Governor Abercrombie for Injunctive Relief Are Also Barred.

Pursuant to Ex Parte Young, 209 U.S. 123 (1908), a plaintiff may bring claims under 42 U.S.C. § 1983 for prospective injunctive relief against a state official in his official capacity. This is because "official-capacity actions for prospective relief are not treated as actions against the State." Will, 491 U.S. at 71 n.10. In determining "whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Public Serv. Comm'n of Md., et al., 535 U.S. 635, 645 (2002); ACS of Fairbanks, Inc. v. GCI

Communication Corp., 321 F.3d 1215, 1216-17 (9th Cir. 2003). A plaintiff may not seek a "retroactive award which requires the payment of funds from the state treasury." Edelman v. Jordan, 415 U.S. 651, 677 (1974).

In this case, Plaintiff seeks "[a]n order declaring that the prohibitions and/or unreasonable regulations codified in Sections 134-5, 134-9(c), 134-16, 134-23, 134-24, 134-25, 134-26, 134-27, and 134-51 of the Hawaii Revised Statutes are unconstitutional and striking the offending language from those statutory provisions", an order permanently enjoining the Defendants from enforcing and maintaining those sections as they violate his rights under the Second, Fifth, and Fourteenth Amendments, etc. See Complaint at Prayer for Relief, page 45 et seq. Plaintiff's claims against Governor Abercrombie fail, however, because the Complaint fails to allege a "nexus between the violation of federal law and the individual accused of violating the law." Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1342 (C.A. Fed. 2006). "[This nexus] requires more than simply a broad general obligation to prevent a violation; it requires an actual violation of federal law by that individual." Id. at 1342-43; Frew v. Hawkins, 540 U.S. 431, 437 (2004).

Plaintiff asserts than Governor Abercrombie "is responsible for the execution and enforcement of the Hawaii Revised Statutes complained of in this action." See Complaint at paragraph 13. Allegations of general oversight of State law are insufficient to establish the required nexus between the Governor and the

alleged violation of Plaintiff's rights through the enforcement of HRS Chapter 134. A state official's connection to the enforcement of the statutes "must be fairly direct, a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcement of the challenged provision will not subject an officer to suit." Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992).

Accordingly, this Court lacks jurisdiction over Plaintiff's claims against Governor Abercrombie, and judgment should therefore likewise be entered in his favor on Plaintiff's claims for declaratory and injunctive relief.

IV. CONCLUSION

Based on the above-stated reasons and authorities, the State of Hawaii and Governor Abercrombie respectfully request that the foregoing motion be granted.

DATED: Honolulu, Hawaii, September 28, 2011.

STATE OF HAWAII

DAVID M. LOUIE
Attorney General
State of Hawaii

*/s/ Caron M. Inagaki*
CARON M. INAGAKI
Deputy Attorney General

8

_____
KENDALL J. MOSER
Deputy Attorney General

Attorneys for Defendants
STATE OF HAWAII and
NEIL ABERCROMBIE, in his
official capacity as Hawaii Governor