RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
677 Ala Moana Blvd., Suite #614
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (808) 295-6733
Email:  ngord2000@yahoo.com

KEVIN O'GRADY (HI Bar No. 8817)
The Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite #704
Honolulu, HI  96813
Telephone:  (808) 521-3367
Facsimile:  (808) 521-3369
Email:  Kevin@CriminalAndMilitaryDefenseHawaii.com

Attorneys for Plaintiff Christopher Baker

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police;<br>STATE OF HAWAII;<br>CITY AND COUNTY OF HONOLULU;<br>HONOLULU POLICE DEPARTMENT;<br>NEIL ABERCROMBIE, in his official capacity as Hawaii Governor,<br><br>　　　　　Defendants.<br>_____ | CASE NO. _____<br><br><br><br><br>DISCOVERY PLAN |

# **DISCOVERY PLAN**

Come the Plaintiff Christopher Baker, by and through Richard L. Holcomb, Kevin O'Grady, and Alan Beck, Attorneys for Plaintiff Christopher Baker, pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure and submits this Discovery Plan.

On October 25, 2011, counsel met as required by Rule 26(f) of the Federal Rules of Civil Procedure. At that time, Attorney Richard L. Holcomb provided Attorneys Porter and Sherwood with the following documents:

- Plaintiff Baker's First Request for Admissions, requesting admission of the following: authentication of two items of correspondence between Plaintiff Baker and the Honolulu Police Department regarding Mr. Baker's application for a weapons permit; that Mr. Baker was instructed by an HPD official to appear at the HPD main station to complete an application; and that applicants have received "open carry" permits for the protection of property;

- Plaintiff Baker's First Request for Documents, requesting production of the following documents: the application Mr. Baker completed at the HPD main station; any documents or correspondence pertaining to Mr. Baker's application; procedures statutorily required to be adopted by the Chief of Police and any documents memorializing the

- adoption; procedures and protocols relied upon in determining whether an applicant's case is "exceptional" or an "urgency or need has been sufficiently indicated" and any documents recording those procedures or their adoption; and, a letter from the HPD directing Mr. Baker to apply at the police station; and

- Plaintiff Baker's First Interrogatories, requesting the number of applicants, how many had been granted/denied, and the reasons for the denials; the identity of individuals who participate in the decision to grant/deny applications; the standard of review or factors considered when determining whether an applicant's is an "exceptional" or "urgent" case; and whether the decision in Mr. Baker's case deviated from those procedures.

Mr. Baker's belief is that Hawaii's law is dispositive of this case. Specifically, the law unduly prohibits the bearing of firearms and the application procedure is insufficient to ensure that law-abiding citizens, such as Mr. Baker may exercise their constitutional right to keep and bear arms. Thus, Mr. Baker's position (and hope) is that the parties can stipulate to a few elementary facts, *i.e.*, that Mr. Baker applied and was denied (which can be proven by the documents referenced in the discovery requests), that Mr. Baker is a process server, and this Court can then evaluate the constitutionality of Hawaii law. Dependent upon the

answers (or lack thereof) to Mr. Baker's discovery requests, Mr. Baker hopes to avoid deposing any defense witnesses. However, that may change once Mr. Baker's discovery requests are answered.

From Mr. Baker's perspective, the only real issue is whether Mr. Baker applied and was denied, what consideration Mr. Baker's application received, and whether Mr. Baker is fit and qualified as defined by law. Although, perhaps naïve, Mr. Baker's hope is that most, if not all, of these facts can be established by stipulation.

The Defendants have informed counsel that they wish to depose Mr. Baker. Mr. Baker will request that the Court impose appropriate limitations on this deposition, and specifically a time limitation. At least the Attorney General's office has conducted preliminary research of Mr. Baker, specifically by "mining" facebook. While perhaps Defendants should be indulged into inquiring into Mr. Baker's fitness and qualifications, despite the fact that the information received by Mr. Baker thus far in no way indicates that the decision denying Mr. Baker's application was due to any perceived unfitness or lack of qualification, there is broad opportunity to potentially regress beyond any relevant discoverable information. The inevitable result would be that Mr. Baker, his attorneys, and at some point, the Court, would be unduly burdened by the continued disclosure of needless information under the guise of "discovery."

With that preface, the parties have are currently unaware of any changes that should be made in the timing, form, or requirement of initial disclosures. However, Mr. Sherwood has warned counsel that the City and County may request extensions in responding to Mr. Baker's written discovery requests. As for completion of discovery, all parties have agreed to comply with the Court's proscribed time limitations. The parties are unaware of any electronically stored information that may need special attention from the Court. The parties are also currently unaware of any discoverable information which may give rise to claims of privilege or protection. The parties foresee requesting no changes to discovery limitations imposed by the governing rules. There are currently no foreseeable requests for protective orders. As mentioned above, the parties also discussed the Scheduling Order contemplated by Rule 16(b) of the Federal Rules of Civil Procedure and, absent unforeseen circumstances, are planning to leave the order to the Court's discretion and to comply with the deadlines set forth in the order. Finally, Attorney Alan Beck currently resides in California and wishes to participate in the Scheduling Conference and all Pretrial Conferences by telephone.

Dated:  Honolulu, Hawaii on November 22, 2011

/s/ KEVIN O'GRADY
Kevin O'Grady
Law Office of Kevin O'Grady, LLC

1136 Union Mall
Suite 704
Honolulu, Hawaii 96813
(808) 521-3367


 /s/ Richard L. Holcomb
Richard L. Holcomb
Holcomb Law, LLLC
677 Ala Moana Blvd.
Suite 614
Honolulu, HI  96813
(808) 545-4040


 /s/ Alan Beck
ALAN BECK
Attorney at Law
4780 Governor Drive
San Diego, California 92122
(808) 295-6733

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing, Discovery Plan, was served on the following at their last known addresses:

Served electronically through CM/ECF:

Kendall J. Moser Kendall.J.Moser@hawaii.gov, atg.crld.efiling@hawaii.gov, richard.r.gabatino@hawaii.gov, ryan.i.asuncion@hawaii.gov

Curtis E. Sherwood csherwood@honolulu.gov, bkamai@honolulu.gov, ndata@honolulu.gov, smoka@honolulu.gov

on 22 November 2011


BY

/s/  KEVIN O'GRADY
Kevin O'Grady
Attorney for Plaintiff
Christopher Baker