IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BAKER, <br><br> Plaintiffs, <br><br> vs. <br><br> LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; STATE OF HAWAII; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT; NEIL ABERCROMBIE, in his official capacity as Hawaii Governor, <br><br> Defendants. | CIVIL NO. 11-00528 ACK-KSC <br><br> **MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

Pursuant to Fed. R. Civ. P. 7 (b) and L.R. 7, the Brady Center to Prevent Gun Violence respectfully seeks leave to file a brief as *amicus curiae* in support of Defendants. The proposed brief is attached hereto as Exhibit "A" for the convenience of the Court and counsel. As set forth in the Declaration of Mark M. Murakami, all parties were asked to consent to the participation of the Brady Center to Prevent Gun Violence as *amicus curiae*. The Defendants provided consent but the Plaintiff has not. Nevertheless, as supported by the legal authorities set forth below, this Court should grant this motion.

159925P

## I.  IDENTITY OF AMICUS CURIAE

The Brady Center to Prevent Gun Violence is the nation's largest non-partisan, non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy. Through its Legal Action Project, the Brady Center has filed numerous briefs *amicus curiae* in cases involving both state and federal gun laws, including cases involving public carry regulations. *See, e.g., McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010); *United States v. Hayes*, 129 S. Ct. 1079, 1087 (2009) (citing amicus brief of Brady Center to Prevent Gun Violence); *District of Columbia v. Heller*, 554 U.S. 570 (2008); *Bateman v. Perdue*, No. 5:10-CV-265-H (D.N.C. Jan. 20, 2011) (order granting application as "timely and useful").

## II.  SUMMARY OF PROPOSED AMICUS BRIEF

The proposed brief provides an overview of recent and longstanding Supreme Court Second Amendment jurisprudence and the policy implications of extending the Second Amendment right beyond the home. The brief also discusses the emerging trend towards using a two-pronged approach to Second Amendment claims that asks (1) whether the law or regulation at issue implicates protected Second Amendment activity, and if so, (2) whether it passes the appropriate standard of review. *See, e.g., United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010)

2

(en banc); *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010); *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010). The brief concludes that the contested regulations pass both parts of the test because (1) the regulations do not implicate protected Second Amendment activity because they do not impact the right of law-abiding citizens to possess firearms in the home for the purpose of self-defense, and (2) that even if the regulations did implicate protected Second Amendment activity, it would survive any appropriate level of review - including both the reasonable regulation test and intermediate scrutiny - because it is a valid exercise of the state's police powers to enact legislation designed to protect public safety and the regulations are substantially related to an important government interest.

III. **ARGUMENT**

    A. **Brady Center's Brief will Assist the Court**

The Brady Center to Prevent Gun Violence has participated in 2nd Amendment litigation throughout the nation, including the seminal cases of *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010) and *District of Columbia v. Heller*, 554 U.S. 570 (2008). As 2nd Amendment litigation is rare in Hawaii, the Brady Center's brief can help inform the Court with a sense of the national trends in this area of the law and help put Hawaii's statutes in context with other states' laws governing the carriage of firearms.

159925P

## B. Court has Broad Discretion to Authorize Amicus Parties

This Court has the discretion to grant this motion and allow the Brady Center to file its brief. The legal standard for this motion was succinctly set forth by Judge Ezra:

> The Court has broad discretion to appoint amici curiae. *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982). The classic role of amici curiae is three-fold: (1) assist in a case of general public interest; (2) to supplement the efforts of counsel; and (3) to draw the court's attention to law that escaped consideration. *Miller-Wohl Co., Inc. v. Com'r of Labor and Industry*, 694 F.2d 203, 204 (9th Cir. 1982). The Court may also exercise its discretion to grant amicus status in order to avail itself of the benefit of thorough and erudite legal arguments. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 n.3 (9th Cir. 1987).

*Ocean Mammal Institute v. Gates*, Civil No. 07-254 DAE-LEK, Order Granting the Honolulu Council of the Navy League of the United States' Motion to File an Amicus Curiae Brief in Support of Federal Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, filed November 1, 2007.

The Brady Center's brief accomplishes the three aims of this formulation. First, the brief puts Hawaii's law in the context of a broader national patchwork quilt of lower court decisions following the *McDonald* decision. Second, it is likely that the Defendants' legal arguments will focus on procedural defenses (i.e. immunities) rather than substantive ones. The Brady Center's brief

will focus directly on the 2nd Amendment issues which should assist the Court in the ultimate resolution of this lawsuit.

## IV. CONCLUSION

Per the cited authorities, this Court has wide discretion to allow amicus status. The parties have been consulted and, with the exception of the Plaintiff, have consented to the Brady Center filing an *amicus curiae* brief in this matter. The Brady Center, therefore, respectfully requests this Court grant this motion and grant leave to file the proposed brief.

DATED: Honolulu, Hawaii, February 13, 2012.

DAMON KEY LEONG KUPCHAK HASTERT
and HOGAN LOVELLS US LLP

_____
MARK M. MURAKAMI
JONATHAN L. DIESENHAUS
Attorneys for Amicus Curiae
**BRADY CENTER TO PREVENT GUN VIOLENCE**