RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (619) 971-0414
Email:  ngord2000@yahoo.com

KEVIN O'GRADY (HI Bar No. 8817)
The Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite #808
Honolulu, HI  96813
Telephone:  (808) 521-3367
Facsimile:  (808) 521-3369
Email:  Kevin@CriminalAndMilitaryDefenseHawaii.Com

Attorneys for Plaintiff Christopher Baker

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>Plaintiff,<br>vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police;<br>STATE OF HAWAII;<br>CITY AND COUNTY OF HONOLULU;<br>HONOLULU POLICE DEPARTMENT;<br>NEIL ABERCROMBIE, in his official capacity as Hawaii Governor,<br><br>Defendants.<br>_____ | CASE NO. CV11-00528 ACK-KSC<br><br>PLAINTIFF CHRISTOPHER BAKER'S RESPONSE TO DEFENDANTS CITY AND COUNTY OF HONOLULU AND DEFENDANT LOUIS KEALOHA'S MOTION TO DISMISS |

1

## PLAINTIFF CHRISTOPHER BAKER'S
## RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Mr. Baker submits the following response to Defendants City and County of Honolulu and Chief Kealoha's Motion to Dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mr. Baker addresses only Defendants' contentions that Mr. Baker's Complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure and that Defendant Kealoha, in his official capacity, should be dismissed from the suit.  The remainder of Defendants' claims, Mr. Baker leaves to the Court's discretion.

### A.  Mr. Baker's Complaint conforms to the rules of pleading.

Defendants City and County of Honolulu and Chief Louis Kealoha first complain that it is too difficult to answer Mr. Baker's Complaint.  Mr. Baker has alleged that numerous laws and actions of Hawaii and Honolulu officials are unconstitutional.   And while Mr. Baker concedes that it must be exceedingly difficult to offer justification for such laws and actions following District of Columbia v. Heller, 554 U.S. 570 (2008) and McDonald v. City of Chicago, ___ U.S. ___, 130 S.Ct. 3020 (2010), such difficulty is not occasioned by the language of Mr. Baker's Complaint.  Accordingly, Defendants' motion in this regard should be denied for at least three reasons:

1. Mr. Baker's Complaint consists of "clear and concise averments stating which defendants are liable to [Mr. Baker] for which wrongs, based on the evidence."  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

  Indeed, Defendants State of Hawai'i and Governor Abercrombie cogently and timely answered the Complaint. And throughout the remainder of the instant motion, these Defendants, themselves, were capable of attributing (what they now aver are) infirmities to the Complaint, often with specific paragraph citations;

2. Mr. Baker challenges a comprehensive statutory scheme and the related actions of government officials that have violated Mr. Baker's constitutional rights in numerous ways. Mr. Baker has plainly averred that the statutes at issue are unconstitutional and identified the constitutional rights those statutes/actions violate and how so. The sweeping nature of the statutory scheme and the number of constitutional rights affected necessitate the Complaint's length; and

3. It is fair to assume that in (almost) every case, Defendants would take issue with Plaintiff's recitation of facts and Plaintiff's contention of entitlement to relief. The only difference between this and a tort case is that Plaintiff has necessarily pled that various statutes are unconstitutional. These allegations are not argumentative or conclusive. To so hold would cripple any Plaintiff's ability to challenge unconstitutional statutes or government officials' actions.

  Each fact alleged in a complaint is necessarily defined by the Plaintiff, who is required to "show that the Plaintiff is entitled to relief." Fed.R.Civ.P., Rule 8(a)(2). In this case, Mr. Baker has done so. Yet, in order to assert his claims, Mr. Baker must challenge the entirety of a sweeping statutory scheme that, Mr. Baker believes, violates a number of constitutional rights. In order for those claims to be preserved, Mr. Baker must of course raise them in his Complaint. And, it is this necessity that occasions the length of the Complaint. Defendants unfairly characterize the Complaint as prolix or repetitive in nature.

  It is difficult to identify the crux of the Defendants' grievance against the Complaint. In one sentence, they seem to argue that Mr. Baker should have,

somehow, confined his various claims of Second, Fifth, and Fourteenth Amendments to something less than the 49 pages and 165 paragraphs that it took to do so.  In another, contained in the same paragraph, they insinuate that Mr. Baker failed to provide the Defendants with notice of how each violated Mr. Baker's rights, thus implying that more information should have been included.  And, if these inconsistencies (found in the same paragraph of the Memorandum) did not justify the rejection of these Defendants' request that Mr. Baker amend his Complaint, the very next sentence complains that Mr. Baker has too often repeated the paragraph that describes how each Defendant violated Mr. Baker's rights.  Memorandum, page 5.  Accordingly, insofar as this issue is concerned, the Motion appears to Mr. Baker to be a thinly-veiled ruse designed to unduly burden Mr. Baker with litigation costs.

Nevertheless, regardless of how these Defendants choose to articulate their argument in the future, such argument has been severely undercut by the actions of these and other Defendants.  Specifically, Defendants State of Hawaii and Governor Abercrombie *have answered* the same Complaint which these Defendants now (apparently) argue is too difficult to answer.  [Doc. 14]  In addition, these Defendants have, in the Memorandum accompanying the instant motion, gone on to raise four additional grievances with Mr. Baker's Complaint, challenging:  specific causes of action, the merits of at least one of Mr. Baker's

allegations of constitutional violations, the inclusion of parties, and citing specific provisions of the Complaint in support of those contentions. Memorandum, pages 6-11. Thus, not only have Defendants State of Hawaii and Governor Abercrombie accomplished that which these Defendants seem to (at least) insinuate is impossible, but these Defendants have implicitly conceded that the Complaint provides them with sufficient notice to raise these preliminary defenses.

Further, Defendants' contention that the Complaint fails to provide notice of the reasons each Defendant is at fault or otherwise liable is also incorrect. Paragraph 41 of the Complaint states:

> At all material times relevant to this claim, Defendant Kealoha was the Chief of Police for Defendant Honolulu Police Department ("HPD"). As shown below, acting under the color of law, Defendant Kealoha and/or his agents or those of Defendant HPD did unlawfully deny Mr. Baker's application for a permit. This action was condoned by Defendants Abercrombie, HPD, City and County of Honolulu, and State of Hawai'i who knew or should have known of this illegal deprivation of Mr. Baker's rights, yet permitted the deprivation to occur and continue to permit Mr. Baker's rights to be deprived.

Paragraph 47 states:

> Accordingly, Mr. Baker is unable to continue serving court documents due to the danger associated with the lawful duties of a licensed process server. Thus, the actions of the Defendants have wrongfully denied Mr. Baker of a property interest. These civil rights violations have precluded Mr. Baker from being free to earn income in order to support his family. However, Mr. Baker has the opportunity to and would resume these duties when afforded a viable means of self-defense.

Under the subheading "Defendant Kealoha unconstitutionally denied Mr. Baker's Application," paragraphs 63 and 64 state:

> Depriving a law-abiding citizen of their fundamental constitutional rights merely because Defendant Kealoha and/or other agents of Defendants do not believe that the citizen has justified their wish to exercise those rights, without any basis for such belief, is clearly a violation of citizens' constitutional rights.
>
> Similarly, simply denying each application unless the applicant is a retired law enforcement officer or enjoys some other relationship with Defendant HPD, which is believed to be the practice, is also clearly unconstitutional.

Paragraph 70 states:

> Mr. Baker was deprived of the minimal due process protections guaranteed by the Fifth and Fourteenth Amendments as Mr. Baker is unable to seek administrative and/or judicial review of Defendant Kealoha's decision to deny Mr. Baker's license to carry, which deprives Mr. Baker of fundamental constitutional rights guaranteed by the Second Amendment and made applicable to the states by the Fourteenth Amendment to the United States Constitution.

Paragraph 75 states:

> Despite all of these obvious unconstitutional prohibitions and restrictions, Defendants Kealoha, HPD, Abercrombie, City and County, and State of Hawai'i do continue to condone and enforce these provisions causing continuous harm and deprivation to not only Mr. Baker but all of Hawai'i's citizens.

And, the last paragraph of each count affirms each Defendant's role in violating Mr. Baker's constitutional rights:

> By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Baker from keeping and bearing firearms in non-sensitive places, despite properly applying for a permit to carry, which

6

>was unconstitutionally if not also arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Baker's rights guaranteed by the Second and Fourteenth Amendment to the United States Constitution, and damaging Mr. Baker in violation of 42 U.S.C. § 1983.  Mr. Baker is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

Yet, instead of acknowledging that this paragraph clearly alleges conduct attributed to each Defendant that results in the violations of Mr. Baker's constitutional rights, these Defendants complain that it was asserted more than once.  The remainder of the paragraphs cited above, these Defendants simply ignore.  Clearly, this Complaint notifies the Defendants of the actions at issue with enough particularity to permit them to attempt to mount a defense.

The cases that these Defendants cite in support of this argument are also inapposite to this case.  In <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir. 1996), for example, the Court described the Complaint as follows:

>the complaint explains that plaintiff McHenry cofounded his political organization in Cambridge, Massachusetts in 1980, which is irrelevant. It explains that McHenry's organization adheres to "the principles of non-violence developed by Gandhi and King," also irrelevant. It tells what brand of motorbikes the police officers who arrested people rode, and points out that a journalist was injured by a police officer at one of the mass arrests at Food Not Bombs distributions. It describes in detail settlement negotiations which Food Not Bombs had at various times and in various other law suits, telling what a United States district judge told the City he was considering in a settlement conference in another lawsuit. It accuses persons other than the defendants of having "falsely told members of the press" about an injunction. The complaint says, and illustrates with a dramatic illustration of the mayor rising from his desk chair, that Mayor Agnos seemed quite angry when he met with McHenry.

7

> None of this material has any resemblance to the sample pleadings in the official Appendix of Forms. Rather than set out the basis for a lawsuit, the pleading seems designed to provide quotations for newspaper stories. Despite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery.

McHenry, 84 F.3d at 1177-78. No such irrelevant, tangential information is included in this Complaint and the straightforward manner of laying out the facts, which are admittedly but necessarily voluminous, is not sensationalized to seduce media attention.

It appears from the Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 1985) opinion, also cited by these Defendants, that the Plaintiff/Appellants had been enjoined by a federal court from filing further suits against the Defendant. Hatch, 758 F.2d at 411. Despite this injunction, the Plaintiff/Appellants filed another action in state court alleging, in sum, that the State of Texas should usurp the federal courts' rulings, which left Plaintiff/Appellants aggrieved. *Id*. at 412. The only insight from the opinion regarding that complaint's infirmities is that the complaint was filed in violation of a previous order of the federal courts and that it "exceeded 70 pages in length." *Id*. at 415. The facts of Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671 (9th Cir. 1981) are strikingly similar to those of Hatch not only because that Plaintiff failed to follow court orders, but also because that case was but one of a string of cases that Plaintiff had brought against the same

8

Defendants alleging the same or identical facts. Nevijel, 651 F.2d at 675. Indeed, Schmidt v. Hermann, 614 F.2d 1221 (9th Cir. 1980), also cited by these Defendants, involve the same attorney and related, if not identical, facts as that of Nevijel, *supra*. Such egregious facts are glaringly absent from this case and, moreover, this Complaint meets none of the descriptions of Hatch or Nevijel.

Indeed, the much more recent case styled Hearns v. San Bernardino Police Dept., 530 F.3d 1124 (9th Cir. 2008), also cited by these Defendants, specifically held that it was an abuse of discretion to dismiss that complaint, due to an absence of such egregious facts. Hearns, 530 F.3d at 1130. Moreover, the Ninth Circuit specifically rejected the notion that the complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure:

> As regards the application of Federal Rule of Civil Procedure 8(a), the original complaint and the FAC are essentially identical. The FAC is 68 pages long. The first four pages name and identify Plaintiff and 10 Defendants. The next 42 pages, captioned "Factual Background," relate Plaintiff's 17-year history as a police officer and sergeant. The remaining 22 pages allege 17 different federal and state claims, clearly identifying each claim and each Defendant named in a particular claim. Other than the hostile workplace claim, no claim is more than nine paragraphs.
>
> * * * *
>
> On appeal, Defendants do not attempt to identify particular allegations as immaterial or unnecessary. They do not assert that the complaint fails to set forth cognizable causes of action, that the legal theories are incoherent, or that they cannot tell which causes of action are alleged against which Defendants. They simply object that the complaint provides too much factual detail. The part that has been attacked as

9

> prolix is the Factual Background section, reciting Plaintiff's education, military service, training, promotion and demotion history, and discrimination incidents. We reject Defendants' argument and conclude that neither complaint violated Rule 8(a).

Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1130 (9th Cir. 2008). To the knowledge of the undersigned, the Hearns Court has only declined to apply the Hearns holding when affirming a District Court's decision to deny a plaintiff leave to amend a complaint with a 733-page document. Cafasso, U.S. *ex. rel.* v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (also cited by these Defendants).

The length of this Complaint is the only criticism raised by these Defendants that does not directly contradict another of their criticisms. The Complaint in this case is strikingly similar to that described in Hearns, and its length is similarly justified. The Defendants Motion to Dismiss, in this regard, should be denied.

### B. It is proper to name Chief Louis Kealoha in his official capacity.

The sweeping statutory scheme, referenced above and challenged by Mr. Baker, designates Chief Kealoha as the individual responsible for granting or denying licenses to carry. Specifically, Section 134-9 of the Hawaii Revised Statutes, which provides the only means by which Mr. Baker could exercise his Second Amendment rights without violating Hawaii State law, obliges Defendant Kealoha (in his sole discretion and without providing any opportunity for review of that decision) to determine whether to issue an open or concealed carry license.

Further, Section 134-9(b) requires that Defendant Kealoha adopt procedures to ensure that an applicant is qualified to carry a firearm. Accordingly, while Mr. Baker is entitled to injunctive and declaratory relief against Defendant City and County of Honolulu, it was Chief Kealoha who has directly violated Mr. Baker's rights.

This statutory obligation is not present in the cases cited by the City and County. McMillian v. Monroe County, Alabama, 520 U.S. 781 (1997) (sheriff allegedly intimidated witnesses and held to be an actor of the State, not the county); Satterfield v. Borough of Schuylkill Haven, 12 F.Supp.2d 423 (E.D. Pa. 1998) (while recognizing that it was *not required* to do so, court dismissed claims against individual city council members where the city was named as a defendant in case involving termination of city manager's employment); Reginald Beverly *ex. rel.* v. Chuck Casey, *et. al.*, 2006 wl 298810 (D. Neb. Feb. 6, 2006) (unpublished) (attached to Defendants' Memorandum) (Nebraska sovereign immunity statute barred tort claims against government officials acting within scope of employment, however, intentional torts of assault were not barred); Admiral Theatre v. City of Chicago, 832 F.Supp. 1195, 1200 (N.D. Ill. 1993) (prior restraint of adult dancers); Robinson v. District of Columbia, 403 F.Supp.2d 39 (D.D.C. 2005) (brutality claim brought by widow of man who died in police custody); Cooke-Seals v. District of Columbia, 973 F.Supp. 184 (D.D.C. 1997)

(discrimination and tort actions brought by police officer); <u>Doe v. Rains Independent School District</u>, 865 F.Supp. 375 (E.D.Texas 1994) (student alleging sexual abuse and failure to report sexual abuse against teachers); <u>Does v. Covington County School Bd. of Educ.</u>, 930 F.Supp. 554 (M.D. Ala. 1996) (sexual abuse claim against school officials).

Notably, the courts *are not required* to dismiss the officials from the suit. <u>Satterfield</u>, *supra*. And, Mr. Baker is aware of no such dismissal where the statutes at issue require the officials, themselves, to act in an unconstitutional manner as do the statutes *sub judice*. Indeed, the Defendants assert that "[a]ny allegation of an *unlawful policy or custom* against Kealoha in his official capacity would necessarily run against City." Memorandum at page 9. Mr. Baker must assume that the Defendants carefully chose that phraseology as Defendant City and County does not admit that it would be liable for Defendant Kealoha's actions in denying Mr. Baker's application for a permit and in failing to promulgate any procedure pursuant to Section 134-9(b) of the Hawaii Revised Statutes. Thus, the dismissal of Defendant Kealoha would then, apparently in the City's view, allow the City to assert that they have no policies governing Defendant Kealoha's actions pursuant to Section 134-9 and, therefore, the entire suit should be dismissed.

It is interesting that the Defendants cited <u>McMillian</u>, *supra*. In that case, the "Sheriff Defendant" was held to be an actor of the State, despite his position as

county sheriff.  McMillian, 520 U.S. at 787.  Thus, the County was absolved from any liability for the Sheriff's actions.  *Id*.  And, the State was presumably protected by sovereign immunity.  From Mr. Baker's perspective, a similar situation is exactly what these Defendants seek to create.  If Defendant Kealoha is dismissed, Defendant City and County will simply aver that it cannot be liable because Defendant Kealoha was acting in accordance with a state statute, for which it cannot be liable.  The result will be that neither Mr. Baker nor, presumably, any Hawaii citizen wishing to exercise their Second Amendment rights will be able to perfect a suit.  This results from unintentionally clever wording of the governing statutes and not because the statutes nor the actions against Mr. Baker comport with the United States Constitution.

Because the requested dismissal is not mandated, it should be denied.

## Conclusion

For any and all of the reasons above, the Defendants' motion should be DENIED.

DATED:  Honolulu, Hawaii, February 16, 2012

*s/Richard L. Holcomb*
Richard L. Holcomb (HI Bar No. 9177)

                        *s/Kevin O'Grady*
                        Kevin O'Grady (HI Bar No. 8817)

DATED: San Diego, California, February 16, 2012

                        *s/Alan Beck*
                        Alan Beck (HI Bar No. 9145)