IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>           Plaintiff,<br><br>     vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; STATE OF HAWAII; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT; NEIL ABERCROMBIE, in his official capacity as Hawaii Governor,<br><br>           Defendants. | Civ. No. 11-00528 ACK-KSC |

**ORDER GRANTING THE BRADY CENTER TO PREVENT GUN VIOLENCE'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS**

This matter comes before the Court on the Brady Center to Prevent Gun Violence's Motion for Leave to File an Amicus Curiae Brief in support of the Defendants in the above-captioned case. After reviewing the motion, against which no opposing memoranda have been filed, the Court hereby GRANTS the Motion for Leave to File an Amicus Curiae Brief.

On February 13, 2012, counsel for the Brady Center to Prevent Gun Violence (the "Brady Center") filed a Motion for Leave to File an Amicus Curiae Brief in support of Defendants. In the Brady Center's motion, counsel asserted, among other things, that its proposed brief would provide the Court with "an overview of recent and longstanding Supreme Court Second Amendment jurisprudence and the policy implications of extending the Second Amendment right beyond the home," as well as a discussion of an emerging trend towards using a two-pronged approach to Second Amendment litigation, as discussed in United States v. Skoien, 614 F.3d 638 (7th Cir. 2010).

District courts frequently welcome amicus curiae briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or when the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." NGV Gaming, Ltd v. Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) (quoting Cobell v. Norton, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1064 (7th Cir. 1997))).

Furthermore, courts in this Circuit have broad discretion to appoint amici curiae. See Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982) (superceded by statute on other

grounds). Clasically, amici curiae serve a role that is three-fold: "(1) assist in a case of general public interest; (2) to supplement the efforts of counsel; and (3) to draw the court's attention to law that escaped consideration." Ocean Mammal Inst. v. Gates, Civ. No. 07-00254 DAE-LEK, Order Granting the Honolulu Council of the Navy League of the United States' Motion to File an Amicus Curiae Brief in Support of Federal Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (filed Nov. 1, 2007) (quoting Miller-Wohl Co., Inc. v. Com'r of Labor and Industry, 694 F.2d 203, 204 (9th Cir. 1982)).

The Brady Center's proposed amicus curiae brief accomplishes these aims, and is particularly valuable in light of the likely significant public interest in this case. As a participant in Second Amendment litigation across the nation, the Brady Center will provide the Court with information regarding national trends, and will also contribute substantive legal arguments to a discussion that may focus on procedural issues. Accordingly, while the Brady Center is not a party in this action, the Court deems it appropriate to consider its position.

In keeping with the Court's broad discretion to appoint amici curiae, the Court concludes that the Brady Center's participation will be valuable to the just disposition of this case, and is in the best interests of the Court, the parties, and the public.

## **CONCLUSION**

For the reasons stated above, the Court GRANTS the Brady Center to Prevent Gun Violence's Motion For Leave to File an Amicus Curiae Brief.


IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, February 23, 2012.



_____
Alan C. Kay
Sr. United States District Judge


Baker v. Kealoha, Civ. No. 11-00528 ACK-KSC: Order Granting The Brady Center To Prevent Gun Violence's Motion For Leave To File An Amicus Curiae Brief In Support Of Defendants.