ROBERT CARSON GODBEY, 4685
Corporation Counsel

CURTIS E. SHERWOOD, 7851
Deputy Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawaiʻi 96813
Telephone: (808) 768-5134
Facsimile: (808) 768-5105
Email address:  csherwood@honolulu.gov

Attorneys for Defendants
LOUIS KEALOHA, CITY AND COUNTY OF HONOLULU
and the HONOLULU POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; STATE OF HAWAII; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT; NEIL ABERCROMBIE, in his official capacity as Hawaii Governor,<br><br>　　　　Defendants.<br>_____ | ) CIVIL NO. CV11-00528 KSC<br>)<br>) DECLARATION OF MAJOR<br>) THOMAS T. NITTA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF MAJOR THOMAS T. NITTA

I, THOMAS T. NITTA, do hereby declare as follows:

1. I am currently a Major with the Honolulu Police Department and have been employed in law enforcement for the past thirty-five (35) years.

2. I am currently in charge of Records and Identification Division and have been since April, 2011.

3. As the Major in charge of the Records and Identification Division, it is my responsibility to oversee the processing of firearm permits and the background checks associated with carrying licenses.

4. The Chief of Police makes the ultimate decision as to whether any particular application for a carrying license will be approved or denied.

5. Although I was not in charge of the Records and Identification Division when Mr. Baker submitted his application, I am familiar his application for a concealed carry license.

6. There are approximately 75 licensed process servers within the City and County of Honolulu.

7. To my knowledge, Mr. Baker is the only of those 75 people to have applied for a concealed carry license.

8. In his application, Mr. Baker stated that he had been threatened while performing his process server job.

9. In experience as a law enforcement officer with the Honolulu Police Department, am not aware of any particular trend of violence towards process servers.

10. We ran a background check on Mr. Baker, but could find only one documented incident in which he was involved.

11. In that particular incident, where Mr. Baker had called out to a residence on two separate evenings—once at 9:30 p.m.—the individual that had contacted 9-1-1 was actually the person that Mr. Baker claimed had threatened him.

12. In Mr. Baker's carrying application, he related that the individual that had threatened him had said, "I will find where you live, something might happen when you come back out here". However, in the written statement he submitted as part of the police report, he did not relate that threat, i.e. "something might happen when you come back out here."

13. The individual that Mr. Baker claimed had threatened him was 63 years old at the time of the incident.

14. Ultimately, Mr. Baker chose not to press charges in that case (HPD Incident Report No. 10-226402).

15. I am aware of several more dangerous professions in the State of Hawaii in which the persons practicing such jobs do not carry firearms.

16. For example, neither Duane Chapman, the much-publicized bounty hunter, nor anyone in his entourage, possesses a concealed carry or open carry license.

17. Many of Mr. Baker's statements concerning the firearms laws in the State of Hawaii, and the willingness of HPD to pursue his interpretation of Hawaii Firearms law are misrepresentations.

18. For example, Hawaii citizenry, residents and tourists are able to fire handguns at target ranges and have been able to do so for as long as I can remember.

19. In addition to the municipal range at Koko Head, I am currently aware of three (3) private indoor ranges where such target shooting takes place.

20. Mr. Baker also relates that he cannot carry any weapon to defend himself.

21. I am aware of no law which would prevent him from carrying pepper spray.

22. Mr. Baker also states that he does not have right to appeal the decision made by the Chief of Police.

23. Mr. Baker is always able to reapply, at no additional charge, and submit further information to justify his need for a concealed carry license or to submit an inquiry seeking clarification of his denial.

24. Mr. Baker's interpretation of H.R.S. § 134-24 (prohibiting an individual from "bearing" a firearm in his own home) is inconsistent with what I consider a plain reading of the statute and in all my years of experience I have never heard of HPD enforcing H.R.S. § 134-24 as to prohibit an individual from bearing a firearm in his own home.

I, THOMAS T. NITTA, DO DECLARE UNDER PENALTY OF
LAW THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: Honolulu, Hawaiʻi, February 29, 2012.

_____
THOMAS T. NITTA