Not Reported in F.Supp.2d, 2008 WL 2388652 (E.D.Cal.)
**(Cite as: 2008 WL 2388652 (E.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
Stewart MANAGO, Plaintiff,
v.
Brad WILLIAMS, et al., Defendants.

No. CIV S-07-2290 LKK KJM P.
June 5, 2008.

*FINDINGS & RECOMMENDATIONS*
KIMBERLY J. MUELLER, United States Magistrate Judge.

***1** Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed a motion for a preliminary injunction, asking that the court issue an order prohibiting a retaliatory transfer to any institution where he would be put in danger and would be unable to receive adequate mental health care.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. *See Coalition for Economic Equity v. Wilson,* 122 F.3d 692, 700 (9th Cir.1997); *Oakland Tribune, Inc. v. Chronicle Publ'g Co.,* 762 F.2d 1374, 1376 (9th Cir.1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. *Oakland Tribune,* 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Id.* In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. *Id.* Moreover, speculative injury does not constitute irreparable harm. *See Caribbean Marine Servs. Co. v. Baldrige,* 844 F.2d 668, 674 (9th Cir.1988); *Goldie's Bookstore, Inc. v. Superior Court,* 739 F.2d 466, 472 (9th Cir.1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 130-31 (1969); *FDIC v. Garner,* 125 F.3d 1272, 1279-80 (9th Cir.1997), *cert. denied,* 523 U.S. 1020 (1998); *Caribbean Marine Servs. Co.,* 844 F.2d at 674.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's motion tracks the allegations of his complaint, including his claims that the defendants have retaliated against him for reporting a correctional officer's misconduct by spreading rumors that he is a snitch and by falsifying his mental health records. Nothing in the pleading or in its numerous exhibits suggests that plaintiff is in any danger of transfer to another institution. Accordingly, these allegations of speculative injury cannot support plaintiff's request for injunctive relief.

IT IS HEREBY RECOMMENDED that plaintiff's request for a preliminary injunction (docket no. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 2388652 (E.D.Cal.)
**(Cite as: 2008 WL 2388652 (E.D.Cal.))**

Page 2

951 F.2d 1153 (9th Cir.1991).

E.D.Cal.,2008.
Manago v. Williams
Not Reported in F.Supp.2d, 2008 WL 2388652 (E.D.Cal.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.