DAVID M. LOUIE        2162
Attorney General of Hawaii

CARON M. INAGAKI     3835
KENDALL J. MOSER     6515
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile: (808) 586-1369
E-Mail: Kendall.J.Moser@hawaii.gov

Attorneys for Defendants
STATE OF HAWAII and
NEIL ABERCROMBIE, in his
official capacity as Hawaii Governor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; STATE OF HAWAII; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT; NEIL ABERCROMBIE, in his official capacity as Hawaii Governor,<br><br>Defendants. | CIVIL NO. 11-00528 ACK-KSC<br><br>DEFENDANTS STATE OF HAWAII AND NEIL ABERCROMBIE'S, in his official capacity as Hawaii Governor, REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS; CERTIFICATE OF SERVICE<br><br>Hearing<br>Date: March 21, 2012<br>Time: 10:00 a.m.<br>The Honorable Alan C. Kay<br><br>Docket No. 18 |

### DEFENDANTS STATE OF HAWAII AND NEIL ABERCROMBIE'S, in his official capacity as Hawaii Governor, REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants State of Hawaii and Neil Abercrombie, in his official capacity as Hawaii Governor, by and through their attorneys, David M. Louie, Attorney General of Hawaii, and Caron M. Inagaki and Kendall J. Moser, Deputy Attorneys General, hereby submit this reply memorandum in support of their Motion for Judgment on the Pleadings, filed on September 28, 2011.

I.   Sovereign Immunity

Plaintiff is confused about the doctrine of sovereign immunity. He "concedes that he is not entitled to damages against" the State of Hawaii and Governor Abercrombie, but then devotes the first eight pages of his Response to arguing that Congress has abrogated the states' sovereign immunity. As authority, Plaintiff cites a number of cases involving local government units, cities, and municipalities. Those cases are inapposite to his claims against the State and the Governor. Further, as discussed in the State and the Governor's opposition to Plaintiff's Motion for Preliminary Injunction (Doc. #42), there is no fundamental right to possess a firearm in public, thus none of the defendants in this action has violated Plaintiff's right to due process.

II. <u>Injunctive Relief</u>

Having conceded his monetary damages claims against the State and the Governor, Plaintiff maintains that he is nonetheless entitled to equitable relief against the Governor, whom he has sued in his official capacity only. <u>See</u> Complaint at page 5, paragraph 13. Plaintiff alleges that in that capacity, Governor Abercrombie "is responsible for the execution and enforcement of the Hawai'i Revised Statutes complained of in this action." <u>Id.</u> But then in the next paragraph, Plaintiff alleges that Defendant Honolulu Police Chief Louis Kealoha "has sole discretion in approving or denying the permits which are brought into question within this action."

As set out in the Governor's Motion, Plaintiff's claims against him for injunctive relief are barred because Plaintiff fails to allege a "nexus between the violation of federal law and the individual accused of violating the law." <u>Pennington Seed, Inc. v. Produce Exchange No. 299</u>, 457 F.3d 1334, 1342-43 (C.A. Fed. 2006). In <u>Pennington</u>, the Federal Circuit Court of Appeals noted that under <u>Ex Parte Young</u>,

> [T]here must be a connection between the state officer and the enforcement of the act or else the suit will merely make him a representative of the state and therefore improperly make the state a party to the suit. 209 U.S. at 157, 28 S.Ct. 441. A nexus between the violation of federal law requires more than simply a broad general obligation to prevent a violation. *See Shell Oil Co. v. Noel*, 606 F.2d 208, 211 (1st Cir. 1979) (holding the governor or attorney general of a state are not the proper defendants in every action

3

> attacking the constitutionality of a state statute merely because they have a general obligation to enforce state laws). When a violation of federal law is alleged, as here, the state official whose actions violate the law is the rightful party to the suit and prospective injunctive relief can only be had against him.

Pennington, 457 F.3d at 1342. Under Hawaii Revised Statutes, Section 134-9, the county chiefs of police decide applications for licenses to carry.[1] Governor Abercrombie therefore is not "the rightful party to the suit." Again, from Pennington:

> A nexus between the violation of federal law and the individual accused of violating the law requires more than simply a broad general obligation to prevent a violation; it requires an actual violation of federal law by that individual. *See Frew*, 540 U.S. at 437, 124 S.Ct. 899 (holding that the *Ex parte Young* doctrine applies when state officials *act* in violation of state law); *see also Shell Oil Co.*, 608 F.2d at 211 (holding that a general obligation to enforce state laws is not a sufficient nexus.

Id. at 1342-43. Regardless of whatever merit his claims may have against other defendants in this action, Plaintiff does not allege anywhere that Governor Abercrombie had any involvement in the denial of his firearm application.

---

[1] **§ 134-9 Licenses to carry.** (a) In an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county may grant a license to an applicant . . . to carry a pistol or revolver and ammunition therefor concealed on the person within the county where the license is granted. Where the urgency or the need has been sufficiently indicated, the respective chief of police may grant to an applicant . . . a license to carry a pistol or revolver and ammunition therefor unconcealed on the person within the county where the license is granted.

4

III.  Standing

Plaintiff also complains in his Response that "the Defendants' ongoing enforcement of Sections 134-23, 134-24, 134-25, 134-26, 134-27, 134-51, 134-16, and 134-9 of the Hawai'i Revised Statutes constitutes violations of Plaintiff Baker's and all Hawai'i citizens' fundamental constitutional rights." With the exception of Section 134-9, Plaintiff offers no explanation of how his rights have been violated by *any* Defendant's enforcement of these other sections. For instance, with the exception of Section 134-9, each of the sections listed above carries with it a criminal penalty for violation thereof, ranging from petty misdemeanor to class B felony. Plaintiff does not claim to have been penalized for violating any of these sections. Thus, with the exception of Section 134-9, no case or controversy exists with any other section listed above.[2]

Accordingly, the State and Governor Abercrombie's Motion should be granted in its entirety.

---

[2] The State of Hawaii and Governor Abercrombie note that in his pending Motion for Preliminary Injunction, Plaintiff argues only that he has standing because his permit-to-carry application under Section 134-9 was denied. See Doc. #5 at pages 5-6.

DATED: Honolulu, Hawaii, March 7, 2012.

STATE OF HAWAII

DAVID M. LOUIE
Attorney General
State of Hawaii

/s/ Kendall J. Moser
KENDALL J. MOSER
Deputy Attorney General

Attorney for Defendants
STATE OF HAWAII and
NEIL ABERCROMBIE, in his
official capacity as Hawaii Governor