CARRIE K.S. OKINAGA, 5958
Corporation Counsel

CURTIS E. SHERWOOD, 7851
Deputy Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawai'i 96813
Telephone: (808) 768-5134
Facsimile: (808) 768-5105
Email address:  csherwood@honolulu.gov

Attorneys for Defendants
LOUIS KEALOHA, CITY AND COUNTY OF HONOLULU
and the HONOLULU POLICE DEPARTMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>      Plaintiffs,<br><br>   vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; STATE OF HAWAII; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT; NEIL ABERCROMBIE, in his official capacity as Hawaii Governor,<br><br>      Defendants.<br>_____ | ) CIVIL NO. CV11-00528 KSC<br>)<br>) DEFENDANTS LOUIS KEALOHA,<br>) CITY AND COUNTY OF<br>) HONOLULU AND HONOLULU<br>) POLICE DEPARTMENT'S REPLY<br>) TO PLAINTIFF'S OPPOSING<br>) MEMORANDUM AND IN SUPPORT<br>) OF THEIR MOTION TO DISMISS<br>) PLAINTIFF'S COMPLAINT;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>) Trial Date: November 13, 2012<br>) |

DEFENDANTS LOUIS KEALOHA, CITY AND COUNTY OF HONOLULU
AND HONOLULU POLICE DEPARTMENT'S REPLY TO PLAINTIFF'S
OPPOSING MEMORANDUM AND IN SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendants LOUIS M. KEALOHA ("Chief Kealoha"), CITY AND COUNTY OF HONOLULU ("City") and the HONOLULU POLICE DEPARTMENT ("HPD") (collectively hereinafter "City Defendants") by and through their attorneys, Robert Carson Godbey, Corporation Counsel, and Curtis E. Sherwood, Deputy Corporation Counsel, hereby submit the following Reply Memorandum to Plaintiff CHRISTOPHER BAKER's (hereinafter "Plaintiff") "Response to Defendants City and County of Honolulu and Defendant Louis Kealoha's Motion to Dismiss" filed February 16, 2012 (hereinafter "Opp.") and in support of their "Motion to Dismiss Plaintiff's Complaint" filed on September 21, 2011.

## I. DISCUSSION

### A. Plaintiff Fails To Address Many of the Arguments Advanced By City Defendants

Plaintiff's opposing memorandum admittedly addresses only two issues presented by the instant motion and implicitly concedes City Defendants' other arguments. *See* Opp., p. 2, ¶ 1 (leaving City Defendants' "contentions" concerning HPD as a party, concerning Fifth Amendment claims and concerning Plaintiff's claim for injunctive relief to the "Court's discretion"). Therefore, with no further discussion of these matters, City Defendants ask that the Court find in their favor and, pursuant to their arguments set forth in Sections B, C and E of the instant

motion: (1) dismiss counts VII, VIII, IX, X and XIII of Plaintiff's Complaint; and (2) dismiss HPD from this action altogether.

### B.  Plaintiff's Misunderstands His Burden Under Rule 8

Plaintiff takes issue with City Defendants' arguments and imputes nefarious motives to them for bringing the instant motion.  *See* Opp., p. 4, ¶ 2  ("the Motion appears to Mr. Baker to be a thinly-veiled ruse designed to unduly burden Mr. Baker with ligation costs").  He does this despite conceding the validity of three of City's Defendants' arguments.  Opp. 2, ¶ 2.  However, Plaintiff fails to fully grasp the pleading requirements that presently attend the filing of a civil complaint in federal court.

*(1) Plaintiff's Complaint Does Not Contain "Short and Plain Statement[s]" of His Claims*

In striking or dismissing prolix complaints, courts cite Rule 8(a)(2) as justification.  This rule requires a pleading to contain:

> a short and plain statement of the claim showing that the pleader is entitled to relief

FED.R.CIV.P. 8(a)(2).  Plaintiff does not address this standard, which his pleading clearly violates, but attempts to otherwise undermine City Defendants' prolixity arguments.  He does so by drawing distinctions between the cases cited and the instant one, noting that the pleadings in the prolix cases included "irrelevant [and] tangential information", and that the plaintiffs there repeatedly filed their

complaints in violation of court order.  Opp. pp. 7-9.  Plaintiff asserts that no such circumstances exist here and that, instead, his pleading is more analogous to that involved in Hearns v. San Bernardino Police Department, 530 F.3d 1124 (9th Cir. 2008), where the Ninth Circuit rejected defendants' prolixity arguments, leveled against a 68-paged Complaint, because they were based merely on the contention that it, "provide[d] too much factual detail".  Hearns at 1130.

Plaintiff's comparisons to Hearns are misplaced and his complaint is more akin to the type of pleading repeatedly disfavored.  Here, City Defendants are not complaining that Plaintiff is "providing too much factual detail", or that his complaint is simply too long. See Opp., p. 10, ¶ 3.  Rather, as stated in their Motion, City Defendants assert that the complaint here is "*needlessly* long"; contains "vague, conclusory and repetitive statements"; is "difficult … to discern"; and is "argumentative".  Motion, pp. 5-6 [emphasis added].  Moreover, unlike Hearns, Plaintiff here has not alleged "17 different federal and state claims, clearly identifying each claim and each [d]efendant named." Hearns at 1130.  Instead, Plaintiff appears to be stating two or three distinct § 1983 claims, alleged multiple times, in various ways with repeat recitations of the same vague, conclusory language.  These allegations lump all defendants together and allege that they, "maintain[ ] and enforce[e] a set of customs, practices and policies prohibiting

4

[Plaintiff] from keeping and bearing firearms in non-sensitive places". *See* Complaint, ¶¶ 83, 89, 97, 103, 111, 117, 127, 133, 142, 148, 155, 161.

Hearns also involved a situation where the defendants had not identified any allegations as unnecessary, contended that the plaintiff put forth incoherent legal theories, failed to attribute claims to specific defendants, or failed to set forth cognizable causes of action. Hearns at 1130. By contrast, City Defendants assert that Plaintiff has done all of those things here.

As noted in Section A, *supra*, City Defendants contend, and Plaintiff apparently concedes, that the Complaint contains claims that fail to set forth cognizable causes of action. Likewise, Plaintiff's complaint is vague as to which party(ies) his claims pertain to because most of his pleading attributes the "maintaining and enforcing customs, practices and policies…" allegations to "Defendants"[1] (apparently meaning **all** defendants), while other parts attribute the same to only **three** of the **five** named defendants. *Compare* Complaint, ¶¶ 83, 89, 97, 103, 111, 117, 127, 133, 142, 148, 155 and 161 *with* ¶¶ 10-14. Similarly, Plaintiff's Complaint is replete with unnecessary, repeated paragraphs that could be stated but once in his prayer for relief. *See* Complaint, ¶¶ 80, 81, 82, 86, 87, 88, 94, 95, 96, 100, 101, 102, 108, 109, 110, 114, 115, 116, 124, 125, 126, 130, 131, 132, 139, 140, 141, 145, 146, 147, 152, 153, 154, 158, 159, 160, 163, and

---

[1] The term "Defendants" is undefined.

164; s*ee* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed.2010) (Rule 8(a) has been held violated where a complaint was "highly repetitious"). In fact, it is Plaintiff's opposing memorandum which clearly establishes the extent to which Plaintiff has filled his pleading with redundancy and superfluous language. In only seven (7) of the one-hundred and sixty-five (165)[2] paragraphs pled, Plaintiff purports to succinctly state his claims. *See* Opp., pp. 5-7 (quoting Complaint, ¶¶ 41, 47, 63, 64, 70, 75 and 83).

Furthermore, Plaintiff's allegations are incoherent when read as pled. Some allegations infer that Chief Kealoha abused his discretion, causing Plaintiff injury, while others allege that it was the unconstitutional statutes that caused the harm. Of course, Plaintiff has not pled these different theories in the alternative. Rather, Plaintiff has lumped them altogether in his statements of facts. *See* Complaint, pp. 7-22. Thereafter, with respect to the individual claims, Plaintiffs alleges that it was the "Defendants[']" conduct in "maintaining", "enforcing" and "propagating" "customs, practices and policies", that caused his damages. Such language is confusing, conclusory and incoherent in light of Plaintiff's other allegations. Consequently, Plaintiff's Complaint is insufficient under Rule 8 and should be dismissed.

//

---

[2] Not including Plaintiff's prayer for relief, which contains an additional twenty (20) paragraphs.

      C.  City Defendants Stand on Their Previous Arguments with Regards to Official Capacity Claims Against Chief Kealoha

As with the Rule 8 portion of City Defendants' motion, Plaintiff attempts to differentiate the authorities which support dismissing the official claims against Chief Kealoha on factual grounds.  However, City Defendants' maintain that a public official sued in his official capacity is "legally indistinct from the municipality for which he serves." Motion at p. 8 (*quoting* Satterfield v. Borough of Schuylkill Haven, 12 F.Supp.2d 423 (E.D. Pa.1998).  This proposition has been repeatedly recognized by courts, including the U.S. Supreme Court.  *See* Brandon v. Holt, 469 U.S. 464, 472, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (suit against department head in his official capacity is a suit against the local government entity).  Consequently, such claims are duplicative and unnecessary where, as here, the municipality is separately named.  Such claims should be dismissed.

//

//

//

//

## II. CONCLUSION

Based on the foregoing authorities, City Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint filed September 21, 2011.

DATED: Honolulu, Hawai'i, March 7, 2012.

>ROBERT CARSON GODBEY
>Corporation Counsel
>
>By: /s/ Curtis E. Sherwood
>    CURTIS E. SHERWOOD
>    Deputy Corporation Counsel
>    Attorney for Defendants
>    LOUIS KEALOHA, CITY AND COUNTY OF
>    HONOLULU and the HONOLULU POLICE
>    DEPARTMENT