RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (619) 971-0414
Email: ngord2000@yahoo.com

KEVIN O'GRADY (HI Bar No. 8817)
The Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite #808
Honolulu, HI 96813
Telephone: (808) 521-3367
Facsimile: (808) 521-3369
Email: kevin@criminalandmilitarydefensehawaii.com

Attorneys for Plaintiff Christopher Baker

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER BAKER,<br><br>        Plaintiff,<br><br>    vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; CITY AND COUNTY OF HONOLULU;<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. CV11-00528<br><br><br>PLAINTIFF CHRISTOPHER BAKER'S MOTION TO STAY PROCEEDINGS, EXHIBITS 1,2,3, and 4, and CERTIFICATE OF SERVICE |

1

## PLAINTIFF CHRISTOPHER BAKER'S
## MOTION TO STAY PRCEEDINGS

COMES NOW THE PLAINTIFF, Christopher Baker, by and through the undersigned counsel, and Pursuant to Rule 62 of the Federal Rules of Civil Procedure and respectfully requests that this Court issue an Order staying these proceedings until such time as relevant pending matters are resolved in the United States Court of Appeals for the Ninth Circuit.  In support of this Motion, Mr. Baker would rely on the following incorporated Memorandum.

## I.  ARGUMENT

When determining whether to stay proceedings, courts generally should examine the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Golden Gate Restaurant Assoc'n v. San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  However, alternatively, the Ninth Circuit has stated that actions should be stayed when "serious legal questions are raised and that the balance of hardships tips sharply in favor [of staying the proceedings]." *Id.* at 1115-16 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)).  As such and particularly where an appeal of an

interlocutory order is pending, the movant "need not persuade the [District Court] that it is likely to be reversed on appeal," but instead, it must show that "the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Costco Wholesale Corp. v. Hoen*, No. C04-360P, 2006 U.S. Dist. LEXIS 65774 at *2-3 (W.D. Wash. Sept. 14, 2006).

### A. Plaintiff's Appeal Raises Serious and Difficult Questions.

It is difficult to imagine an appeal that raises more serious and difficult questions than the instant lawsuit.  The most important and fundamental question presented by Mr. Baker's suit is, of course, whether the right to self defense, recognized in *Heller*, *infra*., extends beyond the threshold of a citizen's front door.

Until 2008, the issue of whether states could prohibit the bearing of firearms was presumed to be well-settled.  However, as this Court well knows, Pandora's box was opened by the United States Supreme Court when it issued its landmark opinion styled *District of Columbia v. Heller*, 554 U.S. 570, 584-92 (2008).   That case plainly suggests that the right to defend oneself (as well as the other activities protected by the Second Amendment) do not extinguish at the threshold of a citizen's front door.  As stated by Judge Niemeyer of the Court of Appeals for the Fourth Circuit:

> The Court stated that its holding applies to the home, where the need 'for defense of self, family, and property *is most acute*,' suggesting that some form of the right applies where that need is not 'most acute.'   Further when the Court acknowledged that the Second

Amendment was not unlimited, it listed as examples of regulations that were presumptively lawful, those 'laws forbidding the carrying of firearms in sensitive places such as *schools and government buildings*.'  If the Second Amendment right were confined to self defense *in the home*, the Court would not have needed to express a reservation for 'sensitive places' outside of the home.

*United States v. Masciandaro*, 638 F.3d 458, 468 (4th Cir. 2011).  Thus, each of the District Courts that have confronted the question in the Fourth Circuit have held that the right to bear arms applies outside the home.  *Raymond Woollard, et. al. v. Terrence Sheridan, et. al.*, CIV. L-10-2068, 2012 wl 695674 (D. Md. March 2, 2012) (recognizing that the specific activities protected by the Second Amendment cannot be performed within the confines of the home) (unpublished) (attached); *United States v. Richard Timothy Weaver*, 2:09-CR-00222, 2012 wl 727488 (March 6, 2012) (unpublished) (attached); *Michael Bateman, et. al. v. Beverly Perdue, et. al.*, No. 5:10-CV-265-H, Order Granting Summary Judgment (March 31, 2011) ("In Heller, the Supreme Court found that the Second Amendment includes 'the right to 'protect [ ] [oneself] against public and private violence,' thus extending the right in some form to wherever a person could become exposed to public or private violence'") (citing *Masciandaro*, *supra.* (quoting *Heller*, 128 S. Ct. at 2799)) (unpublished) (attached).

This Court appears to recognize the gravity of the questions presented by this lawsuit and the uncertainty (at least in the Ninth Circuit) surrounding the applicability of citizens' right to defend themselves outside the home.  This Court

4

aptly noted in the Order denying Mr. Baker's request for a preliminary injunction that the "state of Second Amendment case law in this Circuit, and the applicable level of scrutiny, is in flux".   Order at 47.   And, in questioning counsel for all parties at the oral argument pertaining to Mr. Baker's request for a preliminary injunction, this Court eluded to the (seemingly incessantly) pending case styled *Nordyke, et. al. v. King, et. al.*, No. 07-15763.  As counsel informed the Court, that case is not expected to provide meaningful insight that would assist this Court in further determination of this lawsuit.  Indeed, since the oral arguments were heard in this case, the Ninth Circuit has referred those parties to mediation.  Thus, the Ninth Circuit has had no occasion to provide guidance on this serious and difficult question.

Nevertheless, two cases are now pending before the Ninth Circuit that squarely raise the issue of whether the right to self defense extends outside the home (*Richards, et. al. v. Prieto, et. al.*, No. 11-16255; and *Peruta, et. al. v. County of San Diego, et. al.*, No. 10-56971).  And, Mr. Baker is appealing this Court's decision denying his request for Preliminary Injunction.  This appeal will undoubtedly cause the Ninth Circuit to directly confront this serious and difficult question.  And, absent the acceptance of a petition for certiorari on this issue, the Ninth Circuit's resolution of this serious and difficult question will undoubtedly dictate this Court's decision in resolving the Motion for Summary Judgment or

other dispositive motions and/or proceedings in the instant suit. If the right to bear arms extends to outside the home then the rest of Plaintiff's argument regarding the firearm statutes fall into place and he is likely to prove that he warranted a preliminary injunction. The level of procedural due process protection is integrally tied to the level of protection the right to bear arms has. Therefore this issue is intertwined with the issue above and as such also raises a serious and difficult question.

**B.  The Balance of Hardships Tips in Favor of a Stay of Proceedings.**

Plaintiffs and Defendants both stand to *benefit* from the issuance of a stay of proceedings pending the Ninth Circuit's ruling. Both parties will be forced to litigate contemporaneously in district court and in appellate court if a stay is not granted.

As this Court knows, appeals of Orders pertaining to preliminary injunctions are expedited. From the time of filing the notice of appeal Plaintiff has 28 days to submit an Appellant's Brief.  Fourteen days later, Defendants must file their response. The appeal will then quickly be heard by the Ninth Circuit.

Despite its expedition, the Mr. Baker's appeal will undoubtedly overlap the current deadline for filing of a motion for summary judgment.  All dispositive motions are due by June 27, 2012. *See* Scheduling Order.  This is *before* Defendants' brief is even due in the Ninth Circuit.

6

Even though counsel for Defendants have represented to Plaintiff's counsel that Defendants will oppose a stay, it is contrary to judicial economy to cause the parties to litigate both a motion for summary judgment or a full trial contemporaneously with an appeal. Further, unnecessary attorneys' fees would undoubtedly accumulate on both sides of the podium – which, if Plaintiff prevails, will be shouldered by Hawaii taxpayers. From Plaintiff's perspective, it clearly serves both parties interest to stay the proceedings until after Plaintiff's appeal has been heard and these questions resolved by the Ninth Circuit.

## C.  A Stay Is In the Public Interest.

Finally, a stay conserves judicial resources and avoids expenditures of time and resources in the interests of achieving the proper legal result. See In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, 6 (D.D.C. 2002) ("the public interest really is rooted in the proper resolution of the important issues raised in this case, and a two month stay to conserve the resources of all parties and the Court, resulting in no real prejudice to anyone, in order to ensure the proper legal result in this case is best aligned with that interest."). Here, many legal issues will be resolved on appeal which will provide guidance in disposing of this suit on the merits. A stay will avoid unnecessary appeals and duplicitous litigation of currently unsettled issues. Further, as noted above, this prudent approach may

prevent taxpayers from bearing the burden of unnecessarily accumulated attorneys' fees.

## D.  Less Than Lethal Weapons

This same analysis applies to Hawaii's ban on less than lethal weapons. This is the first time a federal court has ruled on whether less than lethal weapon notably batons and stun guns ("Tasers") are protected by the Second Amendment. Current jurisprudence explicitly protects the right to bear firearms. *See* District of Columbia v. Heller, 554 U.S. 570 (2008).  However, the Second Amendment and *Heller* refer to arms rather than strictly "firearms."[1]  Whether Tasers and batons are

---

[1]  In conjunction with the right to self-defense, the Second Amendment also protects those "weapons of offence… or anything that a man wears for his defence, or takes into his hands, or useth in wrath to cast at or strike another." *Heller*, supra @ 2791.  Just as the First Amendment has evolved to protect speech on the internet and within video games, so has the Second Amendment evolved to protect arms developed and created with today's technology. See Reno v. American Civil Liberties Union, 521 U.S. 844; *Heller* at 2791 (rejecting the argument that "only those arms in existence in the 18th century are protected by the Second Amendment").  The *Heller* Court determined that the "Second Amendment extends prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of founding."  Id.  It is very difficult to conceive how less-than-lethal weapons are not "part of the ordinary military equipment… that could contribute to the common defense," when they are regularly used by the military and militia themselves. *See* Miller v. United States 307 U.S. 174, 178 (citing, Aymette v. State, 2 Humphreys (Tenn.) 154, 158.).  Indeed, the *Heller* Court included knives alongside rifles as examples of "arms" for Second Amendment purposes. *Heller* at 554 US at 590 (emphasis added) (citation omitted).  Recently, many state courts have likewise concluded that the right to keep and bear arms extends beyond guns. *See* State v Griffin, 2011 WL 2083893, *7 n62, 2011 Del Super LEXIS 193, *26 n62 (Del Super Ct, May 16, 2011) (holding that the "right to keep and bear arms" under the Delaware Constitution

protected arms is a novel issue.   Accordingly, this presents another serious and difficult issue.   And, the balance of hardships and public interest also weigh in favor of staying the proceedings on this issue.

## II.  CONCLUSION

For any and all of the foregoing reasons, Mr. Baker respectfully requests that the Court issue an Order staying further proceedings in this matter until such time as Mr. Baker's appeal is decided by the United States Court of Appeals for the Ninth Circuit.

Respectfully submitted this 29th day of May, 2012

s/ Richard L. Holcomb_____
Richard Holcomb (HI Bar No. 9177)

s/ Alan Beck_____
Alan Beck (HI Bar No. 9145)

s/ Kevin O'Grady_____
Kevin O'Grady (HI Bar. No. 8817)

---

extends to knives, and concluding that the Second Amendment right does the same); City of Akron v Rasdan, 105 Ohio App 3d 164, 171-172; 663 NE2d 947 (Ct App, 1995) (concluding that the "right to keep and bear arms" under the Ohio Constitution extends to knives); State v Delgado, 298 Or 395, 397-404; 692 P2d 610 (1984) (holding that the "right to keep and bear arms" under the Oregon Constitution extends to knives). State v Blocker, 291 Or 255, 257-258; 630 P2d 824 (1981) (same as to billy clubs), citing State v Kessler, 289 Or 359; 614 P2d 94 (1980); also Barnett v State, 72 Or App 585, 586; 695 P2d 991 (Ct App, 1985) (same as to blackjacks).