IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| CHRISTOPHER BAKER,<br><br>    Plaintiff,<br><br>  vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; CITY AND COUNTY OF HONOLULU,<br><br>    Defendants. | Civ. No. 11-00528 ACK-KSC |

### ORDER GRANTING PLAINTIFF CHRISTOPHER BAKER'S MOTION TO STAY PROCEEDINGS

For the following reasons, the Court GRANTS Plaintiff Christopher Baker's Motion to Stay Proceedings.

### I.  BACKGROUND

This case concerns Plaintiff's contention that the State of Hawaii unlawfully prohibits and unduly restricts Plaintiff's Second Amendment right to bear arms.  A detailed account of the procedural and factual history of this case is presented in the Court's April 30, 2012 Order Granting Defendants State Of Hawaii And Governor Abercrombie's Motion For Judgment On

-1-

The Pleadings, Granting In Part And Denying In Part Defendants City And County of Honolulu, Honolulu Police Department And Louis Kealoha's Motion To Dismiss, And Denying Plaintiff's Motion For A Preliminary Injunction.  (Doc. No. 51, the "April 30, 2012 Order.")

In the April 30, 2012 Order, the Court, among other things, denied Plaintiff's Motion for a Preliminary Injunction, concluding that Plaintiff failed to establish any of the four elements enumerated in Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008), namely: (1) a likelihood of success on the merits; (2) irreparable harm; (3) that granting the preliminary injunction would be in the public interest; and (4) that the balance of the equities favors a grant of the preliminary injunction.  Id. at 63.  Moreover, the Court noted that Plaintiff also failed to satisfy the alternative test for a grant of a preliminary injunction set forth in Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011), because he demonstrated neither serious questions going to the merits nor a balance of hardships that tips sharply toward his favor.

On May 29, 2012, Plaintiff filed a Notice of Appeal, stating that he was appealing the Court's order denying Plaintiff's request for a preliminary injunction to the United States Court of Appeals for the Ninth Circuit.  (Doc. No. 55.)  On the same day, Plaintiff filed a Motion to Stay Proceedings, as

well a supporting memorandum and accompanying exhibits. (Doc. No. 52.) In the Motion to Stay, Plaintiff requests that the Court issue an Order staying the proceedings in this case pursuant to Rule 62 of the Federal Rules of Civil Procedure until such time as the relevant pending matters are resolved by the Ninth Circuit Court of Appeals. Id. at 2.

On June 14, 2012, remaining Defendants Louis Kealoha and the City and County of Honolulu ("Defendants")[1/] filed a Statement of No Opposition To Plaintiff Christopher Baker's Motion To Stay Proceedings. (Doc. No. 61.) In their statement, Defendants state that they have no opposition to Plaintiff's motion for a temporary stay of proceedings while the appeal of the Court's April 30, 2012 Order (specifically, the denial of the Motion for Preliminary Injunction) is considered by the Ninth Circuit Court of Appeals. Id. at 2.

## II. STANDARD

**Motion to Stay the Proceedings**

Pursuant to Federal Rule of Appellate Procedure 8, the Court retains jurisdiction to stay its own proceedings pending appeal. See, e.g., Gray v. Golden Gate Nat'l Recreation Area,

---

[1/] Pursuant to its April 30, 2012 Order, the Court dismissed Defendant HPD, and granted Defendants State of Hawaii and Governor Abercrombie's Motion for Judgment on the Pleadings. (See Doc. No. 51 at 64.)

No. C 08-00722 EDL, 2011 WL 6934433, at *1 (N.D. Cal. 2ec. 29, 2011); see also Fed. R. App. P. 8.

The standard for determining whether to grant a stay pending appeal is similar to the standard for issuing a preliminary injunction. Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988). A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tips in his favor (as some courts have stated, whether issuance of the stay will substantially injure the other parties interested in the proceeding), and that a stay is in the public interest. Niken v. Holder, 556 U.S. 418, 434, 129 S.Ct. 1749, 1761 (2009)(noting overlap with Winter v. Natural Resources Defense Council, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). Niken v. Holder, 556 U.S. 418, 434, 129 S.Ct. 1749, 1761 (2009)); see also Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

The Court of Appeals for the Ninth Circuit applies the stay factors by requiring the party seeking a stay to show either (1) "a strong likelihood of success on the merits [of its appeal] and the possibility of irreparable harm," or (2) "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." Golden Gate Rest. Ass'n v. City & County of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008) (quotations

omitted). Particularly when an interlocutory order is pending, the movant "need not persuade the [District Court] that it is likely to be reversed on appeal," but rather must show that "the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." Costco Wholesale Corp. v. Hoen, Civ. No. C04-360P, 2006 U.S. Dist. LEXIS 65774 at *2-3 (W.D. Wash. Sept. 14, 2006). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) (citations omitted) (citing In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir.1985)).

### III. DISCUSSION

The Court concludes that Plaintiff's unopposed motion to stay the proceedings pending appeal to the Ninth Circuit Court of Appeals should be granted. As Plaintiff asserts, this appeal raises serious and difficult questions regarding the extent to which the Second Amendment right to bear arms for self-defense extends beyond the threshold of the home. In the wake of District of Columbia v. Heller, 554 U.S. 570 (2008), the scope of this right has not been clearly delineated, nor has the proper level of scrutiny been defined by the Ninth Circuit Court of Appeals. The Court agrees with Plaintiff that this appeal raises

serious Constitutional questions.

Furthermore, the Court concludes that granting a stay will benefit both of the parties to this action by sparing them the expense of contemporaneous litigation and the accompanying fees and expenditure of time.  Additionally, resolution of the difficult Constitutional issues presented on appeal will serve to clarify the issues for the parties in the instant litigation as they proceed to summary judgment or trial.  Accordingly, the balance of hardships tips in favor of a stay.  The Court also concludes that the public interest is served by granting Plaintiff's motion to stay the proceedings because the grant will conserve judicial resources and ensure proper and expeditious resolution of the important legal issues raised in this action.

Finally, the Court observes that a grant of this motion, which is unopposed by Defendants, is not likely to harm Defendants.  To the contrary, staying proceedings before this Court until the Ninth Circuit Court of Appeals rules on Plaintiff's appeal will serve to clarify the legal issues in the instant action and conserve time and resources for Defendants and Plaintiff alike.

## IV.  CONCLUSION

For these reasons, the Court concludes that on balance the Plaintiff's motion for a stay of the proceedings pending his appeal to the Ninth Circuit Court of Appeals should issue.

Plaintiff has established that this appeal raises serious legal questions, that the balance of hardships tips sharply in favor of granting the stay, and that granting the stay will serve the public interest.  See Golden Gate, 512 F.3d at 1127.  Accordingly, the Court GRANTS Plaintiff's unopposed Motion to Stay the Proceedings Pending Appeal.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawai'i, June 19, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Baker v. Kealoha, et al., Civ. No. 11-00528 ACK-KSC:  Order Granting Plaintiff Christopher Baker's Motion to Stay the Proceedings.