FILED
MAR 20 2014
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER BAKER, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; et al., <br><br> Defendants - Appellees. | No. 12-16258 <br><br> D.C. No. 1:11-cv-00528-ACK-KSC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

Argued and Submitted December 6, 2012
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Christopher Baker appeals the district court's denial of his motion for a preliminary injunction against several state and local governmental entities and officials. Baker sought an order enjoining the enforcement of a number of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hawaii's firearms statutes or, alternatively, directing the defendants to issue a license to Baker allowing him to carry (either concealed or openly) operable firearms.  The district court denied the motion, concluding in part that Baker was not likely to establish that Hawaii's restrictions on carrying firearms in public were unconstitutional under the Second Amendment, and therefore, Baker was not likely to succeed on the merits.  We have jurisdiction pursuant to 28 U.S.C. § 1292, and we vacate and remand.

"We review the district court's decision to grant or deny a preliminary injunction for abuse of discretion."  *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1286 (9th Cir. 2013) (citation omitted).  Although our review is generally "limited and deferential," we review the underlying legal principles de novo "and a district court abuses its discretion when it makes an error of law."  *Id.*  In *Peruta v. County of San Diego*,— F.3d —, No. 10-56971, 2014 WL 555862, at *18 (9th Cir. Feb. 13, 2014), we concluded that the Second Amendment provides a responsible, law-abiding citizen with a right to carry an operable handgun outside the home for the purpose of self-defense.  In light of our holding in *Peruta*, the district court made an error of law when it concluded that the Hawaii statutes did not implicate protected Second Amendment activity.  Accordingly, we vacate the

district court's decision denying Baker's motion for a preliminary injunction and remand for further proceedings consistent with *Peruta*.[1]

As for Baker's claim that certain Hawaii statutes forbid the use of handguns at firing ranges, Baker's counsel conceded at oral argument that "Mr. Baker has used those ranges and uses them regularly and does fire handguns" and that "there is no imminent threat of prosecution" of Baker for his use of handguns at firing ranges. We may not ignore these concessions. *See Hilao v. Estate of Marcos*, 393 F.3d 987, 993 (9th Cir. 2004) ("A party . . . is bound by concessions made in its brief or at oral argument."). Defendants contend that the use of handguns at these ranges is common and that there is no reason for Baker to fear prosecution in this regard. Assuming—without deciding—that Hawaii's statutes forbid the use of handguns at firing ranges, Baker has not alleged any injury that would provide him with standing to challenge such prohibition. *See Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be certainly impending to

---

[1] The district court also granted a motion for judgment on the pleadings as to all claims against the State of Hawaii and Governor Neil Abercrombie. Baker does not contest that decision on appeal. On remand, the state attorney general should be formally notified of, and given an opportunity to intervene in, further proceedings implicating the constitutionality of the state statutes. *See* 28 U.S.C. § 2403(b).

3

constitute injury in fact." (internal quotation marks omitted)); *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298–99 (1979). On remand, the district court must dismiss Baker's motion for a preliminary injunction with respect to his allegation that Hawaii's statutes forbid the use of handguns at firing ranges.

**VACATED and REMANDED.**

**Each side shall bear its own costs.**

4