FILED

MAR 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Baker v. Kealoha*, No. 12-16258

THOMAS, Circuit Judge, dissenting:

I respectfully dissent. I agree that, if unaltered by an *en banc* panel or by the Supreme Court, *Peruta v. County of San Diego*, No. 10-56971, — F.3d—, 2014 WL 555862 (9th Cir. Feb. 13, 2014), affects the district court's analysis of the likelihood of success as to the merits of Baker's claims that are founded on the Second Amendment. However, that does not end the inquiry.

This appeal comes to us in a different posture than *Peruta*'s. It is an interlocutory appeal from the district court's denial of a motion for a preliminary injunction. *Peruta* was an appeal from a grant of summary judgment that terminated the case.

In order to prevail on a motion for a preliminary injunction, the moving party must establish that: (1) he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Our review of a preliminary injunction decision is not *de novo*, as it would be if we were reviewing a grant of summary judgment as we did in *Peruta*. Rather, we engage in limited review of preliminary injunction decisions under the deferential

abuse of discretion standard. *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752–53 (9th Cir. 1982). Our review of preliminary injunction decisions is "limited and deferential." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003).

      Here, in a sixty-four page, extremely thorough, detailed, and well-reasoned order, the district court concluded that the plaintiff was not entitled to a preliminary injunction. The complaint was, in the words of the district court, "prolix and repetitive" and "at times unclear." The district court not only rejected the motion for a preliminary injunction on the basis that Baker was unlikely to prevail, but also concluded that he had utterly failed to establish irreparable harm. Baker's claimed irreparable harm was that he needed a weapon to defend himself in his job as a process server. However, as the district court pointed out, he had already voluntarily abandoned that position and was no longer in that business. His other claimed fear was the possibility of future confrontations. The district court concluded that Baker had "not shown that any of the alleged harm is likely to be anything more than mere speculation, which is inadequate to establish irreparable harm." That showing, of course, is precisely what the Supreme Court required in *Winter*. 555 U.S. at 21-22. The record more than amply supports the district court's conclusion that Baker had not shown irreparable harm.

-2-

The district court also concluded that Baker had failed to establish that the balance of equities tipped in his favor and that an injunction was in the public interest. Thus, even assuming that the district court's preliminary analysis of the likelihood of success must be re-evaluated in light of *Peruta*, the district court's conclusions as to the three remaining preliminary injunction requirements are clearly supported by the record.

Further, the preliminary injunction sought by the plaintiff was sweeping in scope, seeking a prohibition on the enforcement of multiple sections of the Hawaii Revised Statutes. Even assuming application of *Peruta*, there is simply no justification for a broadside interference with state law enforcement. As the Supreme Court has reminded us: "Where, as here, the exercise of authority by state officials is attacked, federal courts must be constantly mindful of the 'special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" *Rizzo v. Goode*, 423 U.S. 362, 375 (1976) (quoting *Stefanelli v. Minard*, 342 U.S. 117, 120 (1951)).

Thus, I would hold, even with the new guidance of *Peruta*, that the district court did not abuse its discretion in denying the preliminary injunction. It considered and weighed the appropriate factors. Even if *Peruta* required a reassessment of one of the factors, the bottom line would be unaffected.

I also note that *Peruta* and this case were argued and submitted on the same date. Absent *Peruta*, I would also hold that the district court also did not abuse its discretion in concluding that Baker was not likely to succeed on the merits of his claim that Hawaii's state statutes, and the city of Honolulu's enforcement of them, violate a Second Amendment right to carry a firearm outside the home and his due process rights.

In sum, the district court was entirely correct in its denial of the preliminary injunction motion. I agree completely with Judge Kay's thorough and insightful order. I would affirm the district court, and allow it to proceed to the merits of the case, now perhaps newly armed with the guidance of *Peruta*, if it survives further review.

For these reasons, I respectfully dissent.