# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | Civ. No. 11-00528 ACK-KSC |
| CASE NAME: | <u>Baker v. Kealoha et al.</u> |
| ATTYS FOR PLA: | Alan Beck, Kevin O'Grady, and Richard Holcomb |
| ATTYS FOR DEFT: | Curtis Sherwood, Kendall Moser, Joshua Diesenhaus, and Mark Murakami |

| | | | |
|---|---|---|---|
| JUDGE: | Alan C. Kay | REPORTER: | |
| DATE: | March 25, 2014 | TIME: | |

COURT ACTION:

In furtherance of the Court's minute order filed March 24, 2014 (D. Haw. ECF No. 75), providing notice to the State of Hawaii through its Attorney General of the ruling by the Ninth Circuit that "[i]n light of our holding in <u>Peruta</u>, the district court made an error of law when it concluded that the Hawaii statutes did not implicate protected Second Amendment activity," <u>Baker v. Kealoha et al.</u>, No. 12-16258, at 2 (9th Cir. Mar. 20, 2014); the Court notes that in <u>Peruta v. County of San Diego</u>, No. 10-56971, the State of California on February 27, 2014 filed a Motion to Intervene and a Motion to Extend Time to File a Petition for Rehearing or Rehearing En Banc and Stay Issuance of the Mandate (being on the last day of the fourteen-day deadline for filing a petition for panel rehearing). (9th Cir. ECF No. 122.)

The <u>Peruta</u> panel on February 28, 2014, issue an order granting the State of California's Motion to Extend Time to File a Petition for Rehearing En Banc and Stay Issuance of the Mandate. (9th Cir. ECF No. 126.) The court ruled that "[a]ny proposed petitions for rehearing filed with this Court by February 27, 2014 will be considered timely if this Court grants the petitioners' [including additional petitioner] concurrently filed motions to intervene. This order does not extend the time for filing petitions for rehearing for any petitioner who did not move to intervene by February 27, 2014." (<u>Id.</u>) The court also held that "[i]ssuance of the mandate is stayed pending further order of the Court." (<u>Id.</u>)

In <u>Baker</u>, the Ninth Circuit panel stated that "[i]n <u>Peruta</u>. . . we concluded that the Second Amendment provides a responsible, law-abiding citizen with a right to carry an operable handgun outside the home for the purpose of self-defense. In light of our holding in <u>Peruta</u>, the district court made an error of law when it concluded that the Hawaii statutes did not implicate protected Second Amendment activity. Accordingly, we vacate the

district court's decision denying Baker's motion for a preliminary injunction and remand for further proceedings consistent with <u>Peruta</u>." <u>Baker</u>, at 2-3.

In <u>Baker</u>, the Ninth Circuit's memorandum order was filed on March 20, 2014. Accordingly, in the event the State of Hawaii decides to seek a rehearing en banc by the Ninth Circuit it appears a motion to intervene and to seek petition for rehearing would have to be filed fourteen (14) days from March 20, 2014. <u>See</u> Fed. R. App. P. 40(a)(1).

(JUDGE ALAN C. KAY)

Submitted by Leslie L. Sai, Courtroom Manager